UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

Court File No.

---

Chad Lee Monson,
and 71 Aggregate, Inc.

Plaintiffs,

COMPLAINT

vs.

Jury Trial: Yes

J. Richard Stermer &
Stermer & Sellner Chtd.,

Defendants.

---

Plaintiff Chad Lee Monson, by and through his attorney of record, John E. Mack, respectfully submits this complaint against Defendants J. Richard Stermer and Stermer & Sellner, Chtd. alleging violations of his clearly established rights under 28 U.S.C. § 1331 and relevant state torts actionable here under 28 U.S.C. 1367.

PRELIMINARY STATEMENT AND LITIGATION INJURY

1. This is a civil action brought by plaintiffs Chad Monson and 71 Aggregate, Inc, against Defendant J. Richard Stermer and his law firm, seeking financial damages, punitive damages, and the return and disgorgement of all plaintiffs legal and administrative fees.

2. This action arises from a severe conflict of interest, a breach of professional duty and fraud on the court committed by

Defendant Stermer while acting as a federally appointed Chapter 7 bankruptcy trustee.

3. While required by law and a federal oath to remain neutral and protect the assets of the bankruptcy estate of unsecured creditors, defendant Stermer concurrently represented the plaintiffs' chief adversarial creditor, Dennis Larson, and his corporate alter ego, MAAC. Inc.

4. As a direct result of this improper dual representation, the plaintiffs' corporate infrastructure was dismantled. Plaintiff Monson's home was stripped away, and plaintiffs' entire estate was subjected to a multi-million dollar swindle.

PARTIES

1. Plaintiff Chad Lee Monson is an individual residing in Kandiyohi County Minnesota, and is a single man. He is the sole owner and operator of 71 Aggregate, Inc.

2. Plaintiff 71 Aggregate, Inc. is a Minnesota corporation with its principal place of business in New London, Minnesota.

3. Defendant J. Richard Stermer is an attorney licensed to practice law in the State of Minnesota, operating from his law firm, Stermer & Sellner, Chtd, which is located at 102 Parkway Drive, Montevideo, Minnesota.

4. Defendant Stermer & Sellner, Chtd, is a Minnesota professional corporation liable for the acts of its officers under the principle of vicarious liability.

5. At all times relevant, defendant Stermer acted under color of federal authority as an appointed Chapter 7 bankruptcy trustee under the supervision of the United States Trustee program.

BASIS FOR JURISDICTION

6. This court has federal question jurisdiction pursuant to 28 U.S.C. § 1331, since this case involves structural misconduct, breach of federal fiduciary duty, and fraud committed by a federal court officer operating under the United States Bankruptcy Code. The case also involve statutory attorney deceit in violation of 28 U.S.C. 1367.

7. Venue is proper in the United States District Court for the District of Minnesota pursuant to 28 U.S.C. 1392(b) as all material events giving rise to these claims occurred within this district.

STATEMENT OF FACTS

1. In 2014, plaintiff Chad Monson initiated a voluntary Chapter 7 bankruptcy proceeding.

2. The United States Trustee appointed J. Richard Stermer to serve as the trustee for the Monson bankruptcy estate.

3. Defendant Stermer was under a continuous, non-relegable duty to remain disinterested, avoid all acctual or potential conflicts of interest, and to immediately advise the U.S. Trustee if any conflict of interest arose.

4. Defendant Stermer was paid standard administrative fees direct from the proceeds of Plaintiff's estate assets, and collected a sum of $24,574.755 for his services.

5. During the pendency of the bankruptcy administration, an adverse creditor relationship existed between plaintiffs and Dennis Larson, together with Larson's corporate entity, MAAC, Inc.

6. Defendant Stermer oversaw the liquidations and transfers of plaintiffs' corporate property and primary real estate.

7. Due to the manipulations of Larson, the entirety of plaintiffs's assets and his homestead were stripped away, a judgment of default against plaintiff Monson was entered, an the business structure of plaintiffs was destroyed. This was later exposed as a multi-million dollar asset swindle as exposed in Minnesota Case No. 12-CV-22-91.

8. On February 1, 2023, Defendant Stermer was placed under oath and deposed regarding his handling of the Monson bankruptcy estate. The transcript was suppressed and withheld until August 2026.

9. Defendant admitted that while he was bound as a bankruptcy trustee, he and his firm were representing Larson.

10. Defendant Stermer testified "Our firm and me, personally. Yes...I do represent him [Larson] in those matters."

11. Defendant Stermer further acknowledged utilizing his law

firm's office and computer systems to facilitate and assist adverse parties during the contested state court proceedings and plaintiff Monson.

12. Defendant Stermer failed to disclose this disqualifying relationship to the United States Trustee or the bankruptcy court during the time Plaintiff Monson's assets were being actively liquidated, effectively concealing his conflict of interest from the record

COUNT I: BREACH OF FIDUCIARY DUTY

1. Plaintiffs re-allege the claims previously made and incorporate the same by reference into this count.

2. As the acting Chapter 7 trustee, Defendant Stermer owed Plaintiff Monson an absolute fiduciary duty of loyalty, transparency, good faith and disinterestedness.

3. Defendant Stermer breached this fiduciary duty by engaging in a conflict of interest by representing the interests of a primary adversarial creditor while simultaneously acting as the trustee of Plaintiff Monson's bankruptcy estate.

4. As a direct result of this breach of fiduciary duty, plaintiff Monson suffered a total loss of his property, the property of his corporation, and his homestead.

COUNT II: LEGAL MALPRACTICE

1. Plaintiffs re-allege the claims previously made and incorporate the same by reference into this count.

2. An attorney-client and fiduciary relationship existed between defendants and the bankruptcy estate, which required defendant Stermer to exercise the standard of care, skill, and diligence expected of a reasonably prudent licensed attorney.

3. Defendant Stermer committed professional malpractice by representing conflicting adverse interests, by failing to perform conflict checks, and by actively participated in a dual representation of adverse interests.

4. As a result of this malpractice, plaintiffs' corporate and individual property was lost.

COUNT III: ATTORNEY DECEIT AND COLLUSION

1. Plaintiffs re-allege the claims previously made and incorporate the same by reference into this count.

2. Any attorney who is guilty of any deceit or collusion, or who consents to any deceit or collusion with intent to deceive the court or a party is liable to treble damages pursuant to Minn. Stat. § 481 & 481.071.

3. Defendant Stermer was guilty of deceit and collusion and consented to deceit and collusion by others.

4. Defendant Stermer engaged in structural deceit by accepting federal court authority, signing official reports under oath and extracting administrative fees while concealing his concurrent representation of Dennis Larson.

5. Pursuant to statute, defendant Stermer is strictly

liable to plaintiffs for three times the total value of assets lost as a result of this collusive administration.

COUNT IV: FRAUD ON THE COURT

1. Plaintiffs re-allege the claims previously made and incorporate the same by reference into this count.

2. Defendant Stermer, acting as an officer of the bankruptcy court, intentionally defiled the integrity of the juridical system by presenting himself as a neutral, disinterested trustee while privately operating on behalf of an adverse creditor.

3. Defendant Stermer's intentional concealment constituted a fraud on the bankruptcy court which prejudiced the impartiality of the administration, rendering asset liquidations void as a matter of law.

COUNT V: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

1. Plaintiffs re-allege the claims previously made and incorporate the same by reference into this count.

2. Defendants' conduct in privately working with an adverse creditor to plaintiffs' detriment through an improper legal process was extreme, outrageous and intolerable.

3. As a direct result, plaintiff Monson suffered intense mental suffering, severe emotional distress, extreme humiliation and prolonged psychological suffering.

## PRAYER FOR DAMAGES

WHEREFORE, plaintiffs pray the court and jury as follows:

1. Compensatory damages in the amount of $1,000,000.00
2. Treble Damages in the amount of $6,600,000.
3. Punitive damages in the amount of $1,000,000.00
4. Disgorgement of $24,574.75 in trustee fees.
5. Reasonable attorneys fees.
6. Such further relief as the court may deem just.

Dated: August 10th, 2026

NEW LONDON LAW, P.A.

John E. Mack, #65973
P.O. Box 302
New London MN 56273
(320) 354-2045
ATTORNEY FOR PLAINTIFFS