# EXHIBIT 1

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Minnesota

Stermer & Firm Served 8-26-26

Chad Lee Monson, et al.,

*Plaintiff,*

v.

Case No. 0:26–cv–03632–NEB–EMB

J. Richard Stermer, et al.,

*Defendant.*

## SUMMONS IN A CIVIL ACTION

To: J. Richard Stermer

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) - or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) - you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

John E Mack
28 Main St.
P.O. Box 302
New London, MN
56273–0302

If you fail to respond, judgment by default may be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

By: U.S. DISTRICT COURT DISTRICT OF MINNESOTA M. Fogarty

Kate M. Fogarty, Clerk of Court

Date of Issuance: August 14, 2026

UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

Court File No. 26-CV-3632

Chad Lee Monson,
and 71 Aggregate, Inc.

Plaintiffs,

COMPLAINT

vs.

Jury Trial: Yes

J. Richard Stermer &
Stermer & Sellner Chtd.,

Defendants.

Plaintiff Chad Lee Monson, by and through his attorney of record, John E. Mack, respectfully submits this complaint against Defendants J. Richard Stermer and Stermer & Sellner, Chtd. alleging violations of his clearly established rights under 28 U.S.C. § 1331 and relevant state torts actionable here under 28 U.S.C. 1367.

PRELIMINARY STATEMENT AND LITIGATION INJURY

1. This is a civil action brought by plaintiffs Chad Monson and 71 Aggregate, Inc, against Defendant J. Richard Stermer and his law firm, seeking financial damages, punitive damages, and the return and disgorgement of all plaintiffs legal and administrative fees.

2. This action arises from a severe conflict of interest, a breach of professional duty and fraud on the court committed by

Defendant Stermer while acting as a federally appointed Chapter 7 bankruptcy trustee.

3. While required by law and a federal oath to remain neutral and protect the assets of the bankruptcy estate of unsecured creditors, defendant Stermer concurrently represented the plaintiffs' chief adversarial creditor, Dennis Larson, and his corporate alter ego, MAAC. Inc.

4. As a direct result of this improper dual representation, the plaintiffs' corporate infrastructure was dismantled. Plaintiff Monson's home was stripped away, and plaintiffs' entire estate was subjected to a multi-million dollar swindle.

PARTIES

1. Plaintiff Chad Lee Monson is an individual residing in Kandiyohi County Minnesota, and is a single man. He is the sole owner and operator of 71 Aggregate, Inc.

2. Plaintiff 71 Aggregate, Inc. is a Minnesota corporation with its principal place of business in New London, Minnesota.

3. Defendant J. Richard Stermer is an attorney licensed to practice law in the State of Minnesota, operating from his law firm, Stermer & Sellner, Chtd, which is located at 102 Parkway Drive, Montevideo, Minnesota.

4. Defendant Stermer & Sellner, Chtd, is a Minnesota professional corporation liable for the acts of its officers under the principle of vicarious liability.

5. At all times relevant, defendant Stermer acted under color of federal authority as an appointed Chapter 7 bankruptcy trustee under the supervision of the United States Trustee program.

BASIS FOR JURISDICTION

6. This court has federal question jurisdiction pursuant to 28 U.S.C. § 1331, since this case involves structural misconduct, breach of federal fiduciary duty, and fraud committed by a federal court officer operating under the United States Bankruptcy Code. The case also involve statutory attorney deceit in violation of 28 U.S.C. 1367.

7. Venue is proper in the United States District Court for the District of Minnesota pursuant to 28 U.S.C. 1392(b) as all material events giving rise to these claims occurred within this district.

STATEMENT OF FACTS

1. In 2014, plaintiff Chad Monson initiated a voluntary Chapter 7 bankruptcy proceeding.

2. The United States Trustee appointed J. Richard Stermer to serve as the trustee for the Monson bankruptcy estate.

3. Defendant Stermer was under a continuous, non-relegable duty to remain disinterested, avoid all acctual or potential conflicts of interest, and to immediately advise the U.S. Trustee if any conflict of interest arose.

4. Defendant Stermer was paid standard administrative fees direct from the proceeds of Plaintiff's estate assets, and collected a sum of $24,574.755 for his services.

5. During the pendency of the bankruptcy administration, an adverse creditor relationship existed between plaintiffs and Dennis Larson, together with Larson's corporate entity, MAAC, Inc.

6. Defendant Stermer oversaw the liquidations and transfers of plaintiffs' corporate property and primary real estate.

7. Due to the manipulations of Larson, the entirety of plaintiffs's assets and his homestead were stripped away, a judgment of default against plaintiff Monson was entered, an the business structure of plaintiffs was destroyed. This was later exposed as a multi-million dollar asset swindle as exposed in Minnesota Case No. 12-CV-22-91.

8. On February 1, 2023, Defendant Stermer was placed under oath and deposed regarding his handling of the Monson bankruptcy estate. The transcript was suppressed and withheld until August 2026.

9. Defendant admitted that while he was bound as a bankruptcy trustee, he and his firm were representing Larson.

10. Defendant Stermer testified "Our firm and me, personally. Yes...I do represent him [Larson] in those matters."

11. Defendant Stermer further acknowledged utilizing his law

firm's office and computer systems to facilitate and assist adverse parties during the contested state court proceedings and plaintiff Monson.

12. Defendant Stermer failed to disclose this disqualifying relationship to the United States Trustee or the bankruptcy court during the time Plaintiff Monson's assets were being actively liquidated, effectively concealing his conflict of interest from the record

COUNT I: BREACH OF FIDUCIARY DUTY

1. Plaintiffs re-allege the claims previously made and incorporate the same by reference into this count.

2. As the acting Chapter 7 trustee, Defendant Stermer owed Plaintiff Monson an absolute fiduciary duty of loyalty, transparency, good faith and disinterestedness.

3. Defendant Stermer breached this fiduciary duty by engaging in a conflict of interest by representing the interests of a primary adversarial creditor while simultaneously acting as the trustee of Plaintiff Monson's bankruptcy estate.

4. As a direct result of this breach of fiduciary duty, plaintiff Monson suffered a total loss of his property, the property of his corporation, and his homestead.

COUNT II: LEGAL MALPRACTICE

1. Plaintiffs re-allege the claims previously made and incorporate the same by reference into this count.

2. An attorney-client and fiduciary relationship existed between defendants and the bankruptcy estate, which required defendant Stermer to exercise the standard of care, skill, and diligence expected of a reasonably prudent licensed attorney.

3. Defendant Stermer committed professional malpractice by representing conflicting adverse interests, by failing to perform conflict checks, and by actively participated in a dual representation of adverse interests.

4. As a result of this malpractice, plaintiffs' corporate and individual property was lost.

COUNT III: ATTORNEY DECEIT AND COLLUSION

1. Plaintiffs re-allege the claims previously made and incorporate the same by reference into this count.

2. Any attorney who is guilty of any deceit or collusion, or who consents to any deceit or collusion with intent to deceive the court or a party is liable to treble damages pursuant to Minn. Stat. § 481 & 481.071.

3. Defendant Stermer was guilty of deceit and collusion and consented to deceit and collusion by others.

4. Defendant Stermer engaged in structural deceit by accepting federal court authority, signing official reports under oath and extracting administrative fees while concealing his concurrent representation of Dennis Larson.

5. Pursuant to statute, defendant Stermer is strictly

liable to plaintiffs for three times the total value of assets lost as a result of this collusive administration.

COUNT IV: FRAUD ON THE COURT

1. Plaintiffs re-allege the claims previously made and incorporate the same by reference into this count.

2. Defendant Stermer, acting as an officer of the bankruptcy court, intentionally defiled the integrity of the juridical system by presenting himself as a neutral, disinterested trustee while privately operating on behalf of an adverse creditor.

3. Defendant Stermer's intentional concealment constituted a fraud on the bankruptcy court which prejudiced the impartiality of the administration, rendering asset liquidations void as a matter of law.

COUNT V: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

1. Plaintiffs re-allege the claims previously made and incorporate the same by reference into this count.

2. Defendants' conduct in privately working with an adverse creditor to plaintiffs' detriment through an improper legal process was extreme, outrageous and intolerable.

3. As a direct result, plaintiff Monson suffered intense mental suffering, severe emotional distress, extreme humiliation and prolonged psychological suffering.

PRAYER FOR DAMAGES

WHEREFORE, plaintiffs pray the court and jury as follows:

1. Compensatory damages in the amount of $1,000,000.00
2. Treble Damages in the amount of $6,600,000.
3. Punitive damages in the amount of $1,000,000.00
4. Disgorgement of $24,574.75 in trustee fees.
5. Reasonable attorneys fees.
6. Such further relief as the court may deem just.

Dated: August 10th, 2026

NEW LONDON LAW, P.A.

John E. Mack, #65973
P.O. Box 302
New London MN 56273
(320) 354-2045
ATTORNEY FOR PLAINTIFFS

# EXHIBIT 2

1

STATE OF MINNESOTA IN DISTRICT COURT
COUNTY OF CHIPPEWA EIGHTH JUDICIAL DISTRICT
CASE TYPE: OTHER - CIVIL
COURT FILE NO.: 12-CV-22-91

---

Chad Monson and 71 Aggregate, Inc.,

Plaintiffs,

-vs-

Thomas J. Egge, Matthew M. Ryan,
Luke J. Holien, Dennis L. Larson and HAAC, Inc.,

Defendants.

---

VIDEORECORDED
DEPOSITION OF
J. RICHARD STERMER
February 1, 2023
9:53 a.m.

ADVANTAGE COURT REPORTING, LLC
Erica M. Eggen
PO Box 7562, St. Cloud, MN 56302
PO Box 1598, Maple Grove, MN 55311
PO Box 582, Alexandria, MN 56308
800.255.1685
www.advantagecourtreporting.com

2

The deposition of J. Richard Stermer is taken on February 1, 2023, at the law office of Stermer & Sellner, Chtd., 102 Parkway Drive, Montevideo, Minnesota, commencing at 9:53 a.m. pursuant to Notice.

APPEARANCES

MARTIN & SQUIRES, P.A.
Attorneys at Law
332 Minnesota Street
Suite W2750
St. Paul, Minnesota 55101
651.767.3746
tcatmore@martinsquires.com
By Thomas C. Atmore
appearing on behalf of the Plaintiffs.

RAJKOWSKI HANSMEIER, LTD.
Attorneys at Law
4140 Thielman Lane, Suite 110
P.O. Box 7456
St. Cloud, Minnesota 56302
320.251.1055
ghansmeier@rajhan.com
By Gordon H. Hansmeier
appearing on behalf of the Defendants.

ALSO IN APPEARANCE:

Adam Wallin, video technician
Krystal Lynne

3

I N D E X


| | PAGE |
|---|---|
| J. RICHARD STERMER, DULY SWORN | 4 |
| DIRECT EXAMINATION BY MR. HANSMEIER | 5 |
| CROSS-EXAMINATION BY MR. ATMORE | 34 |
| REDIRECT EXAMINATION BY MR. HANSMEIER | 55 |
| RECROSS-EXAMINATION BY MR. ATMORE | 57 |
| CORRECTION PAGE | 60 |
| REPORTER'S CERTIFICATE | 61 |


E X H I B I T S


| | MARKED | OFFERED |
|---|---|---|
| Exhibit No. 207 Bankruptcy Petition | 4 | |
| Exhibit No. 70 Handbook for Chapter 7 Trustees dated 10/1/12 | 35 | 48 |
| Exhibit No. 71 Bankruptcy Creditor List | 48 | 49 |


4

(Exhibit 207 was marked for identification.)

THE VIDEO TECHNICIAN: We are on the record. This is the videorecorded deposition of Attorney J. Richard Stermer. Today's date is February 1st, 2023; the time is 9:53 a.m. This deposition is being taken in Montevideo, Minnesota. My name is Adam Wallin. I'm the videographer representing Wallin Video.

Will Counsel please identify themselves for the record?

MR. HANSMEIER: Gordon Hansmeier on behalf of the defendants.

MR. ATMORE: Thomas Atmore on behalf of the plaintiffs.

THE VIDEO TECHNICIAN: Will the court reporter please swear in the witness?

- - - - -

J. RICHARD STERMER,
having been duly sworn, was examined
and testified as follows:

- - - - -

MR. ATMORE: All right. I'll make my objections on the record before we start.

First of all, I'm objecting on the grounds of relevance, lack of adequate disclosure. To the extent

any testimony is going to invoke Rule 703 type evidence, I'm objecting on lack of disclosure on those grounds. I'm not waiving motion in limines that are pending -- motions in limine that are pending or other objections by participating in the deposition.

DIRECT EXAMINATION

BY MR. HANSMEIER:

Q Good morning, Mr. Stermer.
A **Good morning.**
Q My name's Gordon Hansmeier. We just met in person a few minutes ago. Correct?
A **Correct.**
Q And could you state your full name and business address, please?
A **Yes. Joseph Richard Stermer. I go by Rick, my middle name. I also sometimes go by J. Richard Stermer. My business address is Stermer and Sellner, Chartered, 102 Parkway Drive, Montevideo, Minnesota 56265.**
Q What is your profession?
A **I'm an attorney.**
Q Could you briefly give me a background of your education and when you got licensed?
A **Sure. I went to Hamline University in St. Paul, got my undergraduate degree, BA. I went to Hamline Law School, graduated from there in 1991 with a -- a JD**



**degree. From there, I went to Marshall, Minnesota, where I started my -- where I started practicing law; and that was in 1991. Been practicing law ever since in this area, western Minnesota.**
Q Can you give me a brief background of the law firms within the Montevideo area that you've practiced?
A **Well, when I started my law practice, I was with Legal Aid out of Marshall. Western Minnesota Legal Services was the name of that firm. And after they merged with the Willmar office -- can't remember the -- the timeframe there, but it was sometime in '95, somewhere in there -- I went to Willmar and worked in that office, became the managing attorney.**
**And then, from there, went to Montevideo and became -- when Dwayne Knutsen became the county attorney, he needed an assistant. So I came here and did assistant county attorney work as -- as well as a -- a private practice and been in Montevideo ever since. I think it was '99, I moved here. Yeah. 1999.**
Q One of the things you do as a practicing attorney is you act as a bankruptcy trustee?
A **Yes. I was appointed as a federal Chapter 7 bankruptcy trustee, and I believe that was in 2007 --**
Q Okay.
A **-- when I took on that position.**



Q We'll talk about what the role of a trustee is in a few minutes, but we're here in your office today in Montevideo, Minnesota. Correct?
A **Correct.**
Q On February 1, 2023?
A **Correct.**
Q And the reason we're here is that we have a trial scheduled in roughly ten days --
A **Okay.**
Q -- in Montevideo, but you've indicated to me after I served the subpoena on you that you would be unavailable. Correct?
A **That's correct. I have a surgery scheduled for February 15th.**
Q All right. And -- and because of that circumstance, you don't know about your availability that week, or --
A **That's correct.**
Q -- or how things will go, et cetera --
A **Right.**
Q -- correct?
A **Right.**
Q So we're doing this instead of you personally appearing that day.
A **And I appreciate that.**
Q You're welcome.



Back to bankruptcy trustee. Now, is that, like, an aspect of your practice? Do you practice in other areas as well?
A **Yes. I -- I do have a private practice as well as the Chapter 7 practice. Correct.**
Q Can you give the jury a -- kind of a brief overview of what a Chapter 7 trustee does?
A **Yep. A Chapter 7 trustee is appointed to a panel of trustees in Minnesota, and then we get assigned cases based on geographical location. And so, if you're assigned a case, then you take the case and you review it. You review the bankruptcy schedules that have been filed with the court, and then you have a meeting of creditors where you interview, under oath, the debtor about their assets, liabilities, financial affairs.**
**After that meeting of creditors, if it looks like there might be assets in a case available for the unsecured creditors -- in bankruptcy Chapter 7, the trustee looks out for the unsecured creditors. The secured creditors kind of are on their own with their mortgages and whatever they have as security.**
**So you investigate the financial affairs. You're looking for assets that you can liquidate and pay the creditors with. So there's a lot that goes into it. You review the claims the creditors file. You object,**

if necessary. There's a whole list of things that you have to go through.

And it gets kind of complicated, because bankruptcy includes, you know, the whole -- every -- all the financial affairs of the debtor, all of their assets, all of their liabilities. If you look back -- you can look back sometimes six years on transactions. So it can get sort of extensive and complicated, but that's generally what you do in a case.

MR. ATMORE: Let me -- let me interpose an objection that this is undisclosed expert testimony. I'll move to strike.

BY MR. HANSMEIER, CONTINUING:

Q Mr. Stermer, can -- one of the things you talked about was you are a Chapter 7 trustee. What is Chapter 7?

A Chapter 7 is a liquidation bankruptcy where, basically, you're not looking to reorganize yourself or your business, but you're looking to discharge your un- -- your debt as much as you can, your unsecured debt, the dischargeable debt. So it's mostly referred to as a liquidation bankruptcy. If there's anything that is unsecured, nonexempt, then the trustee can liquidate it and pay creditors with that money.

Q You also --

MR. ATMORE: Same objection.



BY MR. HANSMEIER, CONTINUING:

Q You also talked about secured creditors and unsecured creditors. Can you --

A Yep.

Q -- define the two of those terms?

A So, typically, in a -- in a consumer Chapter 7 bankruptcy, a person might have a house and a mortgage against the house that they still owe. And if they want to keep the house, they have to continue to pay the mortgage. They don't get a free ride in bankruptcy.

That's true of, like, a secured auto loan, for example. If they file bankruptcy, most of the time, they have to continue to pay that loan if they want to keep the vehicle. So the secured creditors, we don't look out for, because they have their security documents. We look out for the unsecured creditors to try to get them paid as much as possible.

MR. ATMORE: Same objection.

BY MR. HANSMEIER, CONTINUING:

Q In terms of your role as a bankruptcy trustee, is one of the bankruptcies that you were assigned to be trustee involving a person named Chad Monson?

A Yes.

Q And do you know, roughly, in terms of what month and



what year, did you get involved?

A I don't recall the month, but it was 2014 that that bankruptcy was filed.

Q How do you receive such an assignment?

A It comes by email from the court.

Q And who from the court sends it?

A I believe it's the clerk's office.

Q All right. And at that time in 2014, what law firm were you with?

A In 2014, I had my own law firm called Stermer Law Firm, PLLP, I believe it was -- or C. I'm sorry. PLLC. And that was in Montevideo here.

Q All right.

A So I'd come -- just to briefly explain that, I had come to Montevideo in '99, worked here, and then left in 2010 to start my own firm.

Q In 2014, had you ever represented any of my clients? And I'll -- I'll detail them for you. Dennis Larson, MAAC, Matt Ryan, Luke Holien, Tom Egge.

A To -- to my knowledge, in 2014, I don't believe I would have represented any of those individuals or entities, except that the pri- -- you know, the firm that I left to start my own had worked with Mr. Larson and maybe -- I don't know for sure -- but maybe MAAC, Inc., an entity that he owned at one time. So the -- the firm



that I had left might have represented them; I don't believe I did.

Q And so what -- you get an assignment from the clerk's office to be appointed trustee.

A Yep.

Q Did you also retain a lawyer?

A As I recall, I initially hired my own firm to represent me in the -- in the Chad Monson bankruptcy. And then, subsequently, I hired Matt Burton to represent me as the trustee. And I don't remember the timeline of that, but I know that we hire- -- I hired my own firm first and then Matt, but I don't know how long apart that was.

Q So I assume you obtained a copy of the petition filed by Mr. Monson. Correct?

A Right.

Q And he was represented by counsel at that time?

A I don't remember who, but he was represented, I th- -- yeah. He was represented by an attorney in the Twin Cities, but I don't recall the name right now.

Q All right. And so would it be correct that what starts the bankruptcy is the filing of the bankruptcy petition by the debtor?

A Not always, but, in this case, it was a voluntary Chapter 7 filing; so, yes, the debtor initiated the

bankruptcy filing. Sometimes it can be an involuntary, where a creditor will initiate it. But, in this case, it was the debtor.
Q All right.
MR. ATMORE: Same objection.
BY MR. HANSMEIER, CONTINUING:
Q And I -- and I've given -- or put in front of you an Exhibit 207, which has been marked by the reporter. Do you see that?
A Yes.
Q And do you recognize that as the initial bankruptcy petition filed by Mr. Monson?
A That's what it appears to be. Yes.
Q Okay. And in terms of -- is this a -- what I would call a fairly typical filing?
A Yes.
Q And so would the goal be, of the debtor, to basically turn over all of his or her assets to the ownership of the trustee?
MR. ATMORE: Objection; lack of foundation, and the same objection as prior testimony.
A The -- could you rephra- -- rephrase that?
BY MR. HANSMEIER, CONTINUING:
Q Sure. What's the -- what's the goal of the -- of a Chapter 7 debtor?



A Okay. Of the debtor. That -- so you're not asking from my perspective what the goal is. For this debtor, I -- I assume his goal was to get a discharge in the bankruptcy so he would no longer be personally liable for these debts.
MR. ATMORE: Same objections.
BY MR. HANSMEIER, CONTINUING:
Q And then so is -- to the best of your knowledge, is this a correct copy of the bankruptcy petition?
A It -- to -- to the best of my knowledge, I assume. It looks like an -- it looks like it's a complete copy.
Q All right. And what happened in the bottom three lines of the front of Exhibit 207 is the estimated number of creditors were between 100 and 199?
A Correct.
Q That the estimated assets of the debtor was a million to 10 million?
A Correct.
Q And the estimated liabilities was 10 million to 50 million?
A That's right.
Q In terms of the -- if you'd go to the second page of that exhibit, please.
A Okay.
Q There are -- there's a reference to creditors holding



secured claims. Do you see that?
A Yes.
Q Did you go -- in your role as trustee, did you go into any kind of analysis of the validity of those security --
A Yep.
Q -- interests?
A We always check and make sure that the mortgages are valid and recorded and any security agreements are signed with the UCC to make sure that it's perfected; so, as a general matter, we always check those things in Chapter 7 bankruptcies. So I assume; I don't remember. I assume we checked it in this case as well.
Q Did -- was -- is that something you would do personally, or is that something Mr. Burton would do?
A It depends on the case. It can be a combination of the attorney and the trustee, but I definitely would review whatever the attorney had done. So if the attorney had done the analysis and reviewed it and recommended to me that it looks like everything's good, it's secured, we can't avoid it, then, you know, I would -- I would review his work product, and --
Q Sure.
A -- that would be about it.
Q On the second page of Exhibit 207, there's a line,



"Creditors Holding Unsecured Nonpriority Claims." Do you see that?
A Unsecured Non- -- yes.
Q And what was the amount that Mr. Monson filled in on his petition?
A $8,154,866.
Q If you'd go to -- then to the third page, please, there's a description of personal property which Mr. Monson claimed he was the owner at the time of the filing.
A Yes.
Q And do you see under the category "household goods and furnishings"?
A Yes.
Q And what dollar amount did he put in his petition?
A He put no item worth more than 575, one computer, a thousand dollars.
Q Was the computer worth a thousand dollars or all the household goods and furnishings including the computer, a thousand dollars?
A The way I read this is that everything that he owned in terms of household goods and furnishings was worth no more than a thousand.
Q Okay. By the way, is this petition signed and filed under oath by the debtor?

A **Yes, it is.**
Q If you'd turn, then, to the third [sic] page of that exhibit, please?
A **Okay.**
Q There's a -- a line at the top. It says "Stock and interests in incorporated and unincorporated businesses." Do you --
A **Right.**
Q -- see that?
A **Yes.**
Q There's a reference to Monson Corporation. Do you see that?
A **Yes.**
Q MRK Property, LLC?
A **Right.**
Q And Monson Holdings?
A **LLC --**
Q LLC.
A **-- yes.**
Q And as to the Monson Corporation and Monson Holdings, LLC, they both show that those entities are in receivership?
A **Right.**
Q And do you have any detail on what that receivership consisted of?



A **I checked into that, and it was a court ordered receivership. And what I remember is something called Lighthouse Management might have been involved in that. And so I do recall talking to some people at Lighthouse, just to kind of see what was going on and what I could make of it; and I believe Mr. Burton, the attorney that I hired for the estate, would have also looked into this. But, yeah.**
**Those were -- those were court ordered receiverships, I believe, pending in Kandiyohi County. And -- and I reviewed the -- the court docket and some of the -- the records there to see what was going on. I do recall that.**
Q Okay. And then, in terms of the -- Mr. Monson's value of his interest in these corporations, Monson Corporation, Monson Holdings, he put zero next to those -- the valuation for his interest. Correct?
A **Correct.**
Q Did his schedule show any other -- I know there's a few miscellaneous assets of clothing and then 401(k), and it looks like books and pictures; but, basically, it was a thousand dollars in personal property, no interest in any business corporations. Correct?
A **I wouldn't say no interest. I would say he -- he scheduled an interest in three entities but gave them a**



**zero value; and two of them were in receivership, so he'd kind of lost control of two of them.**
Q Okay.
A **But he did schedule them.**
Q And then, if you would turn -- it might be helpful if you looked at the Bates stamp numbers down at the bottom. We have a Bates stamp on Exhibit 207 of 231.
A **231? Okay. Yep. I'm there.**
Q And then that set out what he claimed to be his gross income during the respective years of 2012, 2013, 2014. Correct?
A **Correct.**
Q And what was his income in the year that he filed bankruptcy according --
A **He --**
Q -- to his schedule?
A **According to the fina- -- Statement of Financial Affairs, the debtor listed 16,000 as his gross income for 2014, which is the year he filed bankruptcy, but didn't say what the source was of that income.**
Q Okay. In terms of his creditors, do you recall who his largest creditor was in terms of dollars?
A **If I remember right, I thought it was -- well, that would -- if you mean between secured and unsecured, all of them, I think Heritage Bank might have been the**



**biggest creditor --**
Q Okay.
A **-- if I remember right.**
Q And in terms of unsecured debtors [sic], do you recall that it was his wife, or ex-wife?
A **Well, what I remember about the ex-wife is she had obtained a judgment against the debtor in -- in the divorce case of about a million five. And so I don't know -- we avoided -- if I remember right, I think we avoided that judgment in the bankruptcy and then reached a settlement with her so sh- -- when we sold assets that that judgment might have attached to, we gave her a certain percentage of the proceed- -- it was a settlement reached and approved by the bankruptcy court between the bankruptcy estate and the ex-wife.**
Q There was a -- if you look at DEFENDANTS 236 Bates stamp on Exhibit 207 --
A **Mm-hmm.**
Q -- there's a reference to transfers that he claimed, or stated?
A **Yeah. I -- I see that. In Paragraph 10, "Other Transfers"?**
Q Yes.
A **Okay.**
Q And -- and it looks like he had -- he was claiming that

there was a transfer to someone named John Jacobson of two -- one looks like -- I'm guessing a motorcycle, and one is a car?
A **Yep. That's what it looks like.**
Q Then it talks about private sale of guns and mis- -- miscellaneous assets including Harley parts of $20,000?
A **I see that.**
Q And M&D Equipment, talks about guns, ammunition, accessories of 77 that he transferred in March of 2013?
A **Yes. I see that.**
Q Okay. And is that something that, as trustee, you look into, when a -- person filing bankruptcy, what they've transferred within a certain time period before the filing?
A **Yes, we do. And I -- if I'm remembering right, we would have sued if we would have determined that there -- there was a preference payment or an avoidable transfer. And -- and in this case, I think there were a number of those that we pursued and recovered.**
MR. ATMORE: Objection to the undisclosed expert testimony and, also, nonresponsive. Move to strike.
BY MR. HANSMEIER, CONTINUING:
Q If you'd turn to Bates stamp 245, please.
A **Okay.**



Q There's a reference -- if you look at Reference Number 12, in the middle of that page, it talks about his homestead. Do you see that?
A **Yes.**
Q And is there -- can you -- what's the significance or what's the impact of a homestead in a petition such as this?
A **So if a debtor has a homestead where they live, real property where they live, they can claim it as exempt as their homestead either under federal law or Minnesota law; so I'm assuming that the debtor lived at this property when he filed and claimed it as his homestead.**
MR. ATMORE: I'm going to move to strike the testimony and the question on the grounds that the document is not part of the petition. It's Form 1 with a filing date several years after the petition date.
BY MR. HANSMEIER, CONTINUING:
Q Let's talk about that, Mr. Stermer. Do you see there's a date, a "Period Ending: 04/04/17"?
A **Yes.**
Q So do you know what the significance of this is in terms of the original petition?
A **So this document, which is Form 1, "Individual Estate Property Record and Report Asset Cases," is a report**



**that I generated after the bankruptcy case as a part of the requirements of the United States trustees protocol. So this is a document that was not produced by the debtor, was not a part of his petition, but is something that the trustee generated as required by the -- the bankruptcy rules.**
Q And it looks like this was intended to be effective for a date of April 4, 2017?
A **Yes.**
Q And so --
A **I -- I'm sorry. Strike that.**
**The -- what that date at the top is is when it was entered by the court. So you see there's a docket number, 141, which means it's a part of the court docket for the Chad Monson bankruptcy; and then it gives the date it was entered and filed with the court. So I didn't generate those dates; that's the court, when it was entered.**
Q All right. So Form 1, it -- so do I understand you had involvement in this bankruptcy at least starting sometime in 2014 when you got the assignment from the court?
A **Correct.**
Q And then it -- it continued for a period of time, at least through sometime in 2017?



A **That's correct.**
Q To your knowledge, was anything ever changed by Mr. Monson in terms of his contention how much personal property he had at the time of the filing?
A **So I've reviewed the docket in preparation for the deposition, and the debtor, Chad Monson, did file an amended Schedule A, which is real property, and an amended Schedule C, which is the property he's claiming as exempt. In his amended schedules, the only thing I see that he changed is he added legal descriptions for the real property to both Schedule A and B. He didn't amend anything to do with the personal property, or it still was at a thousand dollars for his household goods and furnishings.**
Q Or any --
MR. ATMORE: Object -- I'm going to interpose an objection that -- best evidence, under the best evidence rule, documents not in evidence.
BY MR. HANSMEIER, CONTINUING:
Q Or any -- and he didn't change anything in terms of what he would have held for business stockholding or business interest?
A **No. The only change I saw was the adding of the legal descriptions.**
MR. ATMORE: Same objection.

BY MR. HANSMEIER, CONTINUING:
Q And then if we go to Page 246, once again, this is Form 1. These are certain recoveries, it looks like, that you would have made claiming fraudulent transfers?
A **Or preference.**
Q Okay.
A **It could be a preference or a fraudulent transfer.**
Q One -- one of the fraudulent transfers you'll see on Reference 20 is the estate took a -- or started a lawsuit against Gary Monson, Gary Monson Excavating, LLC?
A **Right. I see that.**
Q And is that something that -- that your lawyer would have been involved in, Mr. Burton?
A **Yes.**
Q And -- and so what the -- what the role of the attorney representing the trustee is to try to gather all assets that are available to protect the interest of creditors in the bankruptcy?
A **Part -- that's part of his role, yeah. But that's more of a trustee, I would say, role; but the attorney can help with that, but that's primarily the trustee that does the discovery and the review. The attorney in this case was hired specifically to sue out these fraudulent transfer and preference claims, to pursue**



**those; so that -- that's what he was specifically up to.**
MR. ATMORE: And then I'll object on the grounds of undisclosed expert testimony.
BY MR. HANSMEIER, CONTINUING:
Q And in this case, it looks like there was a recovery of $40,000?
A **Against Gary Monson or Gary Monson Excavating, yes. There wa- -- there was a settlement. Yes.**
Q And do you know if that money was paid?
A **Yes. It -- if you look over to -- to Box 5, "Sale/Funds Received by the Estate," that will tell you how much we actually received from the settlement.**
Q Okay. Now, in -- in terms of the payment of fees in a bankruptcy such as this, the trustee gets paid. Correct?
A **Yeah, a certain percentage of what we collect.**
Q Okay. And --
MR. ATMORE: Same objection.
MR. HANSMEIER: What's your objection?
MR. ATMORE: The same. It's undisclosed expert testimony.
BY MR. HANSMEIER, CONTINUING:
Q If you look at Page 257, Bates stamp, it looks -- it appears that trustee fees -- and I believe this is the



summary of what was paid out, and correct me if I'm wrong. It's --
A **Okay. And I'm sorry. Where are you at?**
Q Bates stamp 257.
A **257. Okay.**
Q It's "Trustee, Fees, 24,574.75." Correct?
A **Four -- I'm just trying to find it here. Yes. That's correct.**
Q And then there are some expenses, and then there has -- there is some reference to "Attorney for Trustee, Fees." Correct?
A **Correct.**
Q And then there's the "Attorney for the Trustee." Is that referencing Mr. Burton?
A **Yes.**
Q And so how much was -- according to this schedule, he would have received $145,880 in your representation?
A **Correct.**
Q Okay. Now, is -- is Chad Monson considered an adverse party to the trustee?
A **Adverse party? I -- I don't know. I -- I don't think of it that way; but I suppose, in a way, we're adverse.**
Q Yeah.
A **Yeah.**
Q And that would make the -- your lawyer adverse to him.



Correct?
A **Right. Yes.**
Q So, in terms of your work, do you know when your initial work in terms of this filing ended, what month and what year?
A **I don't know what you mean by "initial work."**
Q Well, I -- I know you've had some involvement more recently in --
A **Oh.**
Q -- in 2022. Correct?
A **Yes. That's right. So in 2022 or 2021 -- I can't remember, exactly -- I got wind that the debtor, Chad Monson, had brought a lawsuit against, I believe, some of his former employees or former officers; and then, later -- so I got that, and that might have been '21 or '22. I can't remember what. And then I got a call from an attorney who said he represented an insurance company who was being sued by Mr. Monson. So, yes, that was more recently that I was contacted about this case.**
Q So --
MR. ATMORE: And let me -- let me interpose an objection to hearsay as well.
BY MR. HANSMEIER, CONTINUING:
Q All right. So -- so that -- did this phone call pique

your interest?
A Oh, yeah. I -- I wondered, because he told me what -- what he was -- Mr. Monson, the debtor, was doing was suing the insurance company for property, a lot of property, it sounded like to me, hundreds of thousands of dollars of property, personal property -- not real property, but personal property that he, the debtor, claimed was stolen from him.
And so I wondered, is -- you know, how -- how does this relate to the bankruptcy case? And so, after looking into it, I had enough information to say I should refer this; because, at that point, I'm no -- I'm not the trustee. The case had been closed, and I had been discharged as the trustee.
So when this new information came to me, like it does in a lot of cases -- sometimes it's the ex-spouse. Sometimes it's the disgruntled creditor who will call me up and tell me, hey, did you know this? And what I do with that information is I check it out a little bit; and then, if it looks like it's warranted, I'll refer it to the U.S. Trustee's office who then makes a decision about what to do next.
MR. ATMORE: All right. Object -- I'm going to object on hearsay and also undisclosed expert testimony.



BY MR. HANSMEIER, CONTINUING:
Q So you get -- you understand that, in the bankruptcy petitions we went through, it showed one thousand dollars of household goods.
A Correct.
Q And you understood he was now making a claim just a few years later for in excess of $400,000 in claims?
A Yes.
Q And he also was making claims that he lost business assets that he was entitled to or shareholder interest against my clients. Correct?
A Correct.
Q And that didn't quite match with what was set forth in the schedules just three years earlier?
A I don't know about three years earlier, because now -- this was in 2014 that he filed, and then this is now in 2022; but from -- I also knew from reading the newspaper that Mr. Monson went to prison after bankruptcy.
So given that he was in prison and he didn't have anything before he -- or when he filed bankruptcy, according to his schedules, I wondered how he lost hundreds of thousands of dollars on property. I wondered where he got that property and whether -- my main question was whether it was disclosed in the



bankruptcy or not.
And that's where -- where I felt it needed -- the case needed to be reopened to look into that to see whether that property had been not disclosed and hidden by the debtor from the bankruptcy estate. That was my concern.
MR. ATMORE: Objection; hearsay.
BY MR. HANSMEIER, CONTINUING:
Q Who -- who, then, has the power, if you want to call it, or discretion to reopen a bankruptcy?
A So it would be the U.S. Trustee's office, and then they make -- they don't have -- they can't reopen it, but they can recommend or make an application to the court to reopen it. So it's -- it's the U.S. Trustee in the first instance; then the court decides whether.
MR. ATMORE: Objection; undisclosed expert testimony.
BY MR. HANSMEIER, CONTINUING:
Q So can you tell me what the outcome of this was?
A So the U.S. Trustee did file an application with the court, and the -- and the court reopened the case, the -- reopened the bankruptcy. So the Chad Monson Chapter 7 bankruptcy has been reopened at the court. And then the U.S. Trustee reappointed me as the case trustee, as the Chapter 7 case trustee for -- for the



reopened Monson bankruptcy.
Q And --
MR. ATMORE: Objection; best evidence rule.
BY MR. HANSMEIER, CONTINUING:
Q And if I recall the -- the date of the reopening, it was late December of '22?
A That sounds right. Yes.
Q And are you currently the trustee involved in this?
A No. So after I had a conversation with Mr. Atmore and Mr. Burton, my former attorney, it became apparent to me that I was not disinterested in the case. And the reason for that is that years after the bankruptcy was closed, I took on a representation of Dennis Larson and MAAC, Inc., a company that he owned, in totally unrelated litigation. It was some collection matters, if I remember right. Totally unrelated to this, but one of the defendants in the lawsuit is Dennis Larson and MAAC.
And so that set up, oh. You're not completely disinterested. As I understood it, Mr. Larson didn't find a conflict and would waive it, so I was -- I was a little bit uncertain about it. But, once talking to Mr. Atmore, it became apparent to me that, yes, I am disinterested. So at that point, I rejected the appointment of the reassignment, and I haven't seen

**whether a new trustee has been appointed. But that -- my involvement ended when I rejected the appointment.**
Q I've read through the -- the schedules and the attachments. I don't see Mr. Larson's name in the bankruptcy petition at all.
A **The -- well, right now, the -- the reason I was disinterested is because, if I would have remained as the trustee in the reopened Monson case, I would be basically trying to step into the shoes of the debtor, and the debtor is suing Mr. Larson. And so, because of that, he's not really a creditor in the case, so it's no- -- I don't see it as a conflict.**
**And that's why I -- I was too narrowly focused on whether it was a conflict of interest or a potential conflict when I should have stepped back one more step and said, "Are you totally disinterested?" Because I think that's the only fair way a case can proceed, is if the trustee or, in a different case, the judge is totally disinterested; therefore, doesn't favor one side or the other. So, because of that and Mr. Larson being involved in the litigation, I just thought it best if I removed myself from the case.**
Q Be- -- you wanted to avoid even the appearance of an impropriety?
A **Correct. That's right.**



Q And -- and so the people who protested or said you have a conflict is Mr. Atmore, who represents Mr. Monson here today. Correct?
A **Correct.**
Q And Mr. Burton, whose law firm represents Mr. Monson in the North Star Insurance case. Correct?
A **Correct. That's right.**
MR. HANSMEIER: That's all the questions I have. Thank you.
THE WITNESS: Thank you.
MR. ATMORE: Mr. Stermer, I have a couple of questions for you.

<u>CROSS-EXAMINATION</u>

<u>BY MR. ATMORE:</u>
Q First of all, you said -- let's start at the -- where you ended. So you got wind, you said, in twenty twenty ten -- two of the lawsuit we're talking about today, right, that you're testifying in today. Right?
A **I got a call from an attorney telling me about the lawsuit, that he was representing the defendant in the lawsuit.**
Q Okay.
A **Yes.**
Q All right. And then you said you looked into things and referred the matter to the U.S. Trustee's office?



A **Correct.**
Q To see --
A **Yes.**
Q -- if they wanted to reopen the bankruptcy. Right?
A **Right.**
Q And during this period of time, when -- when you're getting wind and you're referring --
A **Mm-hmm.**
Q -- your firm represented Dennis Larson. Correct?
A **I -- yes. Our firm and me, personally. Yes.**
Q Yes.
A **Yes.**
Q And MAAC, Inc. Right?
A **Yeah, in totally different -- separate litigation.**
Q But you did represent him? You were --
A **I do.**
Q -- his lawyer?
A **I do represent him. Yes.**
Q And you're his lawyer today?
A **Yes, in those matters.**
MR. ATMORE: Right. Okay.
I'm going to show you -- and we're going to mark this Exhibit 70, because I think our exhibits end at 69. So we'll -- we'll label this Exhibit 70.
(Exhibit 70 was marked for identification.)



MR. ATMORE: And by the way, let me interpose an objection to Exhibit 207. Among other things, it's got a Minnesota Judicial Branch watermark throughout it, and -- and it's got a filing stamp for the district court, State of Minnesota, none of which were part of this document originally.
<u>BY MR. ATMORE, CONTINUING:</u>
Q All right. So let's -- let's talk about Exhibit 70. Do you recognize that document?
MR. HANSMEIER: I'll object --
A **Yes.**
MR. HANSMEIER: -- to this as an undisclosed exhibit, untimely, and --
MR. ATMORE: Go ahead.
MR. HANSMEIER: -- all the questions that follow.
MR. ATMORE: Go ahead.
A **Yeah.**
<u>BY MR. ATMORE, CONTINUING:</u>
Q Do you recognize that?
A **I -- I do recognize it. Yes.**
Q And that's called the Handbook for Chapter 7 Trustees.
A **Yes.**
Q And it's got an effective October 1, 2012, date on it.
A **Correct.**

Q But you understand it to be current as of today, even though it has that date. Right?
A **I don't know.**
Q Okay.
A **I don't -- I don't know if there's -- thi- -- this gets changed quite a bit, so there might have been some changes that you haven't put in. I don't know without reviewing the whole document.**
Q Okay.
A **But it does get updated periodically.**
Q Mm-hmm.
A **So since 2012, I would think it would have been updated.**
Q You don't know for sure?
A **No. I don't know for sure --**
Q Okay.
A **-- but I believe it would have been updated.**
Q And if I told you that I downloaded this from the Justice Department website last night --
A **Mm-hmm.**
Q -- would you -- would you have any way to dispute me about it?
MR. HANSMEIER: Objection; speculation.
MR. ATMORE: I'm sorry. We didn't get your answer.



A **Yes. I said no -- no, I would not --**
MR. ATMORE: Okay.
A **-- have any reason.**
MR. ATMORE: All right. So if you'll go to Page -- it's marked 2-7. And, actually, let me -- let me trade copies with you.
THE WITNESS: Mm-hmm.
MR. ATMORE: Well, at least let me see where I highlighted for you. Okay.
Do you have my highlighting there, Gordon? Nope. Okay.
BY MR. ATMORE, CONTINUING:
Q This is the section that talks about trustee professionalism and ethics. Right?
A **Correct.**
Q And then Section 1 is Conflicts of Interest. Do you see that at the top?
A **Yes.**
Q And if you'll go to the third paragraph down, it states, "The trustee must advise the United States Trustee upon the discovery of any potential conflict or lack of" disinteres- -- "disinterestedness so that a determination can be made as to whether the appointment of a successor trustee is necessary."
A **Correct.**



Q Right?
A **Yes.**
Q Okay. And so what that means is that a Chapter 7 trustee who discovers a potential conflict or -- or lack of disinterestedness has to tell that to the U.S. Trustee's office. Right?
A **Correct.**
Q Okay. And then it lists in the middle certain situations of con- -- potential or actual conflict of interest or disinterestedness. Right?
A **Correct.**
Q A through F?
A **Yes.**
Q In A, it states, "The trustee represents or has represented the debtor, a creditor, an equity security holder, or an insider in other matters." Right?
A **Correct.**
Q Okay. So let's go back, then, to the 2014 bankruptcy filing. And take a look at Exhibit 207 for a second.
A **Okay.**
Q First of all, you testified that this was the petition filed in the case. Right?
A **It appears to be.**
Q Okay. But it is, in fact, more than that. Right?
A **You mean the additional pages at the end?**



Q Right.
A **Yeah. It looks like it.**
Q And -- and really what this is is these are multiple pages, multiple documents. So if you look at what is DEFENDANTS 243 --
A **Mm-hmm.**
Q -- that's, in fact, a copy of your final report in the case about three years after the filing. Right?
A **That's what it looks like. Yes.**
Q Okay. So this was not part of the petition?
A **No. No.**
(Ms. Lynne exited the room.)
BY MR. ATMORE, CONTINUING:
Q And does your final report go from what is marked as DEFENDANTS 243 all the way to the end of this document?
(Ms. Lynne returned and exited the room.)
A **I believe that's correct.**
BY MR. ATMORE, CONTINUING:
Q All right.
A **That's what it looks like. Yep.**
Q Okay. So nothing in the trustee's final report, all to the end, was any statement by Mr. Monson in a petition for bankruptcy. Right?
A **Correct.**
Q All right. Do you know whether or not Dennis Larson

was a creditor in this 2014 bankruptcy?
A **Yes. I believe he was a secured creditor.**
Q Okay. And you testified that, at the time of the filing, you didn't believe that you represented any of the defendants in the current lawsuit, including Mr. Larson?
A **That's to the best of my recollection.**
Q Okay.
A **When -- when I got the case, yes.**
Q Yeah.
A **Yep.**
Q Do you know for sure?
A **No, I don't know for sure.**
Q Okay.
A **I don't believe so, though.**
Q When did you start representing Mr. Larson?
A **Maybe '21. 2021.**
Q Okay.
A **But it could have been '19. I'm not sure. '20, '21, somewhere in there, I believe it was, well after the bankruptcy was over.**
Q Okay. But you -- but I'm curious how you know that when you don't know for sure whether you represented him in 2014.
A **I -- I did check my records, and I don't find anything.**



Q Okay.
A **Yeah.**
Q You did work -- you -- you're not sure about whether you represented him prior to that. Is that right?
MR. HANSMEIER: Objection; vague. Prior to what?
BY MR. ATMORE, CONTINUING:
Q Prior to 2014?
A **Oh. Dennis Larson?**
Q Yes. Or did -- you said --
A **The firm did for sure.**
Q Okay.
A **The firm did when I was with this firm in -- from 1999 until 2010. I believe this firm would have represented Mr. Larson and possibly MAAC, Inc.; but me personally involved in those representations, I can't remember that or recall that.**
Q Okay. So let's go back to Exhibit 70 and Page 2.7.
A **Okay. Yep. I'm there.**
Q And let's go to the very bottom. I've highlighted it for you.
A **"Courts have addressed the issue of whether an actual or potential conflict"... yes. I -- I see that.**
Q So that statement, "Several courts have addressed the issue of whether an actual or potential conflict of



interest or lack of" disinteres- -- "disinterestedness" -- boy, I have a hard time with that -- "of a trustee's partner or associate may be imputed to the trustee." Right?
A **Right.**
Q And so that means that if you have a partner or another lawyer in your firm that represents somebody who comes within some of these categories, debtor, creditor, so forth, you need to disclose that as well.
A **Right.**
Q Correct?
A **Correct.**
Q Okay.
A **And -- and this whole -- this page, 2.7, is the reason I, after looking at this and disclosing it to the U.S. Trustee like it says I'm supposed to do -- which I did immediately once I realized I was --**
Q Right.
A **-- disinterested. Then I rejected the case.**
Q Right.
A **So that was the whole reason for that.**
Q So you reached the conclusion yourself that you needed to reject it?
A **With your help.**
Q Right.



A **Yes.**
Q Well, I pointed out the --
A **Disinterest --**
Q -- the conflict --
A **Yes.**
Q -- problem.
A **Well, I don't -- again -- and I'm not sure it's a conflict, but I do see the disinterestedness.**
Q Okay.
A **Yes.**
Q All right. And you voluntarily, then, rejected the appointment?
A **Yes.**
Q Okay. In 2014 or throughout that bankruptcy, which I -- and -- well, let me ask you this. So your trustee's final report, which is part of Exhibit 207 --
A **Yep.**
Q -- does that end the bankruptcy for you? Does that mean you're done with the bankruptcy?
A **Pretty much, but the court -- we still have to do a final distribution report, and then the court closes the case and discharges the trustee.**
Q Okay.
A **So until I'm discharged, I'm technically still involved.**

45

Q Do you know when -- when you were discharged?
A **I would have to look at the docket to see. I'm -- I'm assuming, if this was in 2017, we would have -- the case would have been closed out and I would have been discharged probably in 2017 sometime --**
Q Okay.
A **-- but...**
Q And then you had nothing to do with Mr. Monson or any of his companies or anything from that period to today?
A **Well, except what we've talked about with the -- making the referral to the U.S. Trustee --**
Q Okay.
A **-- to reopen it after learning of these lawsuits.**
Q And that --
A **Other than that, I've had no --**
Q All right.
A **-- involvement.**
Q And that -- what you just referenced was a few months ago. Right?
A **Well, no, not -- the insurance case was a few months ago, but your case seemed like it was earlier, that I -- I -- I don't remember if you had tried to serve me or something and I said, no, I can't get involved, but I'll accept service and then give -- give them --**
Q Okay.

46

A **-- to a new attorney, but that was earlier. That was maybe '21? I can't remember.**
Q Okay. So that's right. You accepted -- you -- you were handling the service of process in my lawsuit that we are here about today. Right?
A **With the explicit statement that I was not representing Mr. Larson or MAAC. I was only helping him with service so you didn't have to get him personally served --**
Q No.
A **-- and all that.**
Q All right.
A **And then I got him to a new lawyer.**
Q Right. And you had done something -- something similar with regard to Mr. Egge and Mr. Ryan, in that there was a prior court proceeding with Mr. Monson --
A **Mm-hmm.**
Q -- and they were at your office using your computer to appear at a hearing with the judge. Right?
A **Yeah, with the -- again, with the explicit understanding I'm not providing you any representation, nor is the firm; but if you want to use our facility, we'll allow it. And I think there was two hearings. I believe they were conciliation court hearings, if I remember right. But they -- they did come to our**

47

**office, and they used our computer to go onto the Zoom hearing for those.**
Q Okay.
A **But I did not represent them.**
Q Did you get paid for that work?
A **No.**
Q Okay. Did you get paid for the service of process work?
A **No.**
Q All right. How about the other representations of -- of Mr. Larson that you're handling for him? Do you get paid for those?
A **Yes.**
Q Okay. So he does pay you for your work?
A **Yes.**
Q All right. And speaking of payment for work, there was testimony about the amount paid to Mr. Burton for his work during the bankruptcy case. Do you recall that?
A **Yes.**
Q You didn't object to those fees, did you?
A **No.**
Q Okay. There was -- you -- you testified about Jo Ann Monson, Mr. Monson's ex-wife, and a judgment.
A **Okay. Yep.**
Q And you talked about paying money to her in a

48

settlement.
A **Yes.**
Q Okay. Do you recall that, in fact, she had filed bankruptcy and that Erik Ahlgren was the trustee of her case at the time?
A **Yes. Now that you say that, I do remember that.**
Q Okay.
A **This was an extremely complicated case, but I do remember she did file bankruptcy. Yes.**
Q Okay. And the settlement you actually made involved an agreement to pay her trustee in her bankruptcy?
A **Yeah. And to me -- see, when you say that, I don't really see a distinction because the money would have gone to pay her creditors, but I get what you're saying.**
Q Right.
A **But, yeah, it was for her benefit to pay her creditors, but it was through her trustee because she had filed. Right.**
Q Okay.
A **Yep.**
MR. ATMORE: And I'm just going to show you what we'll mark as Exhibit -- by the way, I offer Exhibit 70 -- Exhibit 71.
(Exhibit 71 was marked for identification.)

MR. ATMORE: And a copy to Counsel.

BY MR. ATMORE, CONTINUING:

Q Do you recognize Exhibit 71 as -- as the creditor list from the Chad Monson bankruptcy?

A **Ye- -- the reason I don't recognize it is because I -- when I look at the creditor list, it's in a much different form --**

Q Mm-hmm.

A **-- so this format is not familiar to me. But, yes, it looks like it was from the bankruptcy court, printed off 1/31/23 at 4:33 p.m. So it looks like it's from the docket of the Chad L. Monson Chapter 7 bankruptcy. Yes.**

Q Okay. And if you go to what is the fourth page of the document.

A **Okay.**

Q And you'll see that Dennis Larson and Lori Larson are listed as creditors.

A **Yep. I see that.**

Q They're the fifth one down. Right?

A **Right.**

MR. ATMORE: Okay. I offer Exhibit 71.

BY MR. ATMORE, CONTINUING:

Q Now, as part of the bankruptcy, the Chad Monson bankruptcy, you talked about a number of lawsuits?



A **Yep.**

Q And you settled with Mr. Monson as part of those lawsuits. I believe part -- one of them. Right?

A **Yes.**

Q Okay.

A **I believe that's -- that's true.**

Q And as part of that settlement, money was paid to the estate --

A **Yep.**

Q -- by Mr. Monson. Correct?

A **Correct.**

Q Okay. And you agreed as part of that settlement to allow him to be discharged in bankruptcy. Right?

A **Yeah.**

Q You had been challenging whether he could be discharged.

A **Right.**

Q Correct?

A **Correct.**

Q Okay. And you settled and agreed that he could be discharged?

A **Right.**

Q All right. Do you know when he was discharged?

A **I believe it was in 2016.**

Q Okay.



A **I think his discharge was held up a little bit, and then he got discharged in 2016, I believe.**

Q Okay. What does it mean to be discharged?

A **Basically, you're no longer personally liable for the debts that are dischargeable in the bankruptcy.**

Q Okay. And you had been challenging his right to a discharge on the grounds that he hadn't told you the accurate -- hadn't made accurate statements in his petition. That was part of the reason you were challenging the discharge. Right?

A **The -- yeah. The challenge of the discharge was based on information that Chad Monson was hiding assets, not disclosing his property and, basically, was kind of like a shell game is the way I saw it. He had these entities, and he would move things around, and oh, no. No. I don't own that and this.**

**And -- but it was curious to me that we reached a -- you know, if he had no assets, how did we end up with $400,000 in -- in money to distribute? So my concern was -- and part of what Matt Burton was doing was investigating. Do we have -- has he disclosed everything?**

**And only recently did Mr. Burton disclose to me in an email that I've provided to the U.S. Trustee's office that he went to Mr. Monson's property and he**



**noticed there was all kinds of trailers. But he didn't look in those trailers, but he didn't say why.**

**But he didn't tell me that at the time we settled. And so I'm really disappointed about that because if the debtor really was hiding assets, why did we give him a discharge, and why did he reach a settlement with him? He recommended that settlement to me without fully disclosing what he knew, and I'm disappointed about that.**

MR. ATMORE: All right. I'll move to strike as nonresponsive.

BY MR. ATMORE, CONTINUING:

Q Here's my question. You settled with Mr. Mon- -- you had challenged Mr. Monson's discharge. Correct?

A **Correct.**

Q One of the bases on which you challenged the discharge was that what he had in his petitions may not have been accurate. Correct?

A **Correct.**

Q And you then settled with Mr. Monson and allowed his discharge to go forward.

A **I --**

Q Correct?

A **No. I think you're -- you're combining two things together.**

Q Mm-hmm.
A **There was a financial settlement with him, and that was separate and apart from the discharge litigation. But I think as a part of that settlement, Mr. Burton recommended we not pursue the dis- -- the denial of his discharge. Mr. Burton recommended that because he was cooperating and he was going to pay us this money, and Matt didn't -- Mr. Burton didn't find any other assets.**
**But later, just recently in an email, he disclosed to me that he had noticed all these trailers. Why didn't he mention those to me? Why didn't he tell me that there was trailers out there that he didn't get to look into? And so to me, if there was fraud, nondisclosure, hiding of assets, I think that agreement is void. But that's not for me to say; I'm not involved anymore.**
MR. ATMORE: All right. I'm going to move to strike as nonresponsive, and I'll ask it one more time.
BY MR. ATMORE, CONTINUING:
Q You settled with Mr. Monson?
A **I've answered that already. I answered that question.**
Q Yes -- yes or no?
THE WITNESS: He's repeating the same question. I just answered it.
A **I'll answer it again --**



MR. ATMORE: Thank you.
A **-- that you're confusing -- you're -- you're combining two things together and trying to get me to say yes to both of them when they're separate. And that -- that's my answer. Do you see what I mean? You're trying to get me to say yes to two different things. And so, yes, we did settle with him financially; and as a part of that, Mr. Burton said drop the dischargeability. That was my answer last time; it's my answer again.**
BY MR. ATMORE, CONTINUING:
Q Is it your testimony that the allowance of the discharge was not a subject of the settlement?
A **No. No. I -- I think there --**
Q Okay.
A **I don't know if it's the same settlement.**
Q All right.
A **You keep talking about a settlement. There could have been two. I don't remember.**
Q All right.
A **But there were two separate issues, tot- -- you know, totally --**
Q Well, I understand --
A **-- separate. Yeah.**
Q Yeah.
A **Okay.**



Q I understand they're separate issues. The question is, was part of the settlement --
A **Yeah. And -- and I said --**
Q Just a minute.
A **-- yes.**
Q Let me finish. Was part --
A **You're asking --**
Q Was part --
A **-- the same question.**
Q -- of the settlement that you allowed the discharge to go --
A **Yes.**
Q -- forward? All right. Thank you.
MR. ATMORE: Let me see if I have any other questions for you. All right. I think that's it.
MR. HANSMEIER: Two follow-up areas.
REDIRECT EXAMINATION
BY MR. HANSMEIER:
Q Number one, in terms of the discharge of Mr. Monson back in 2016, was that based, at least in part, on recommendations by Mr. Burton to you?
A **Yes.**
Q Did Mr. Burton at that time disclose to you that he had seen trailer beds -- trailer vans that had doors closed that he did not inspect?



A **That's what he recently told me in an email.**
Q And was that troubling to you?
A **Yeah, because it was never -- to the best of my recollection, that was never disclosed to me. Like I say, as a part of the settlement, the financial settlement with the debtor, we had separate pending litigation against Mr. Monson, the debtor, to try to dischar- -- try to deny his discharge in the bankruptcy. That's a high standard. You have to prove that there was fraud, you know, all this stuff.**
**So as a part of the settlement, Mr. Burton said, "I recommend we drop the dischargeability" to -- you know, challenging his discharge. That was based on the debtor's cooperating, and he's now disclosing everything. So I didn't know about those trailers until just recently, and that was not -- well, it -- it just -- it was -- it was disturbing, because why didn't he disclose that before?**
Q And --
MR. ATMORE: Objection; hearsay.
BY MR. HANSMEIER, CONTINUING:
Q The other aspect I want to talk about is in 2014 when you received the assignment to be trustee.
A **Mm-hmm.**
Q You were not with this firm. Correct?

57

A **Correct.**
Q You were Richard Stermer --
A **Stermer Law Firm.**
Q Right. And so --
A **Yep.**
Q -- representation of Mr. Larson by the firm wasn't a factor at that time because he -- he was with a different firm at that point?
A **Correct.**
Q To the best of your knowledge, have you and I met personally before this morning a few minutes before the deposition?
A **No, not in person. I've talked to you on the phone --**
MR. HANSMEIER: All right.
A **-- but, yeah.**
MR. HANSMEIER: Thank you.
THE WITNESS: Oh. Okay.
MR. HANSMEIER: That's all the questions I have.

RECROSS-EXAMINATION

BY MR. ATMORE:

Q When did you talk to Mr. Hansmeier on the phone? What times? dates?
A **Oh. I -- I couldn't tell you the dates. It's been within the last month, maybe.**

58

Q Okay.
A **And I've talk -- talked to him a couple times on the phone. I think I was -- I don't remember if I contacted him or -- I believe I might have even contacted him after the insurance company as a part of my review to see if I was going to refer it to the U.S. Trustee. So I believe I called Mr. Hansmeier to find out, well, what's going on in your case?**
Q Okay.
A **Yeah.**
Q And, again, you were represent- -- your firm is representing Mr. Larson at the time you're making that call to Mr. Hansmeier. Right?
A **In -- in a different -- yeah. In different -- unrelated liti- -- totally unrelated litigation.**
Q All right.
A **Correct. Correct.**
MR. ATMORE: Thank you.
THE WITNESS: Thank you.
MR. ATMORE: That's all I have.
MR. HANSMEIER: That's all the questions I have.
Are you familiar with your rights to --
THE WITNESS: Yep.
MR. HANSMEIER: -- to read and sign?

59

THE WITNESS: Yes.
MR. HANSMEIER: What would you like to do?
THE WITNESS: I would like to read and sign, please.
MR. HANSMEIER: Thank you.
THE WITNESS: Yep.
THE VIDEO TECHNICIAN: We are going off the record at 10:57 a.m.

- - - - -

(The deposition of J. Richard Stermer was concluded at 10:57 a.m.)

- - - - -

(The original deposition transcript of J. Richard Stermer was forwarded in a sealed envelope to Attorney Gordon H. Hansmeier, who is to retain the same until such time it can be filed.)

- - - - -

60

I, the undersigned, J. Richard Stermer, do hereby certify that I have read the foregoing deposition and that, to the best of my knowledge, said deposition is true and accurate with the exception of the following corrections listed below:

| PAGE | LINE | CORRECTION | REASON |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

____________________________
J. RICHARD STERMER

____________________________
DATED

Subscribed and sworn to before me on this _____ day of ___________, 2023.

____________________________
Notary Public

STATE OF MINNESOTA

COUNTY OF ANOKA CERTIFICATE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -

I hereby certify that I reported the deposition of J. Richard Stermer and that the witness was by me first duly sworn to tell the whole truth;

That I was then and there a Notary Public in and for the County of Anoka, State of Minnesota, authorized to perform remote notarial acts;

That the testimony was transcribed by me and is a true record of the testimony of the witness;

That the cost of the original has been charged to the party who noticed the deposition and that all parties who ordered copies have been charged at the same rate for such copies;

That I am not a relative or employee or counsel of any of the parties or a relative or employee of such attorney or counsel;

That I am not financially interested in the action and have no contract with the parties, attorneys, or persons with an interest in the action that would affect my impartiality;

That the right to read and sign the deposition by the witness was not waived.

WITNESS MY HAND AND SEAL this 8th day of February, 2023.

/s/ Erica M. Eggen
Erica M. Eggen
My commission expires January 31, 2027.

**$**

**$145,880** [1] - 27:17
**$20,000** [1] - 21:6
**$40,000** [1] - 26:7
**$400,000** [2] - 30:7, 51:19
**$8,154,866** [1] - 16:6

**'**

**'19** [1] - 41:19
**'20** [1] - 41:19
**'21** [4] - 28:15, 41:17, 41:19, 46:2
**'22** [2] - 28:16, 32:6
**'95** [1] - 6:11
**'99** [2] - 6:19, 11:15

**/**

**/s** [1] - 61:20

**0**

**04/04/17** [1] - 22:20

**1**

**1** [9] - 1:14, 2:2, 7:5, 22:16, 22:24, 23:19, 25:3, 36:24, 38:16
**1/31/23** [1] - 49:11
**10** [3] - 14:17, 14:19, 20:21
**10/1/12** [1] - 3:14
**100** [1] - 14:14
**102** [2] - 2:3, 5:17
**10:57** [2] - 59:8, 59:11
**110** [1] - 2:13
**12** [1] - 22:2
**12-CV-22-91** [1] - 1:3
**141** [1] - 23:14
**1598** [1] - 1:23
**15th** [1] - 7:14
**16,000** [1] - 19:18
**199** [1] - 14:14
**1991** [2] - 5:25, 6:3
**1999** [2] - 6:19, 42:13
**1st** [1] - 4:4

**2**

**2-7** [1] - 38:5
**2.7** [2] - 42:18, 43:14
**20** [1] - 25:9
**2007** [1] - 6:23
**2010** [2] - 11:16, 42:14
**2012** [3] - 19:10, 36:24, 37:12
**2013** [2] - 19:10, 21:9
**2014** [15] - 11:2, 11:8, 11:10, 11:17, 11:20, 19:10, 19:19, 23:21, 30:16, 39:18, 41:1, 41:24, 42:8, 44:14, 56:22
**2016** [3] - 50:24, 51:2, 55:20
**2017** [4] - 23:8, 23:25, 45:3, 45:5
**2021** [2] - 28:11, 41:17
**2022** [3] - 28:10, 28:11, 30:17
**2023** [6] - 1:14, 2:2, 4:5, 7:5, 60:23, 61:18
**2027** [1] - 61:21
**207** [9] - 4:1, 13:8, 14:13, 15:25, 19:7, 20:17, 36:2, 39:19, 44:16
**207.............................** [1] - 3:11
**231** [2] - 19:7, 19:8
**236** [1] - 20:16
**24,574.75** [1] - 27:6
**243** [2] - 40:5, 40:15
**245** [1] - 21:24
**246** [1] - 25:2
**257** [3] - 26:24, 27:4, 27:5

**3**

**31** [1] - 61:21
**320.251.1055** [1] - 2:15
**332** [1] - 2:8
**34** [1] - 3:4
**35** [1] - 3:13

**4**

**4** [3] - 3:2, 3:11, 23:8
**401(k** [1] - 18:20
**4140** [1] - 2:13
**48** [2] - 3:13, 3:15
**49** [1] - 3:15
**4:33** [1] - 49:11

**5**

**5** [2] - 3:3, 26:11
**50** [1] - 14:19
**55** [1] - 3:5
**55101** [1] - 2:9
**55311** [1] - 1:23
**56265** [1] - 5:18
**56302** [2] - 1:23, 2:14
**56308** [1] - 1:24
**57** [1] - 3:6
**575** [1] - 16:16
**582** [1] - 1:24

**6**

**60** [1] - 3:7
**61** [1] - 3:8
**651.767.3746** [1] - 2:10
**69** [1] - 35:24

**7**

**7** [18] - 3:13, 6:22, 8:5, 8:7, 8:8, 8:18, 9:15, 9:16, 10:6, 12:25, 13:25, 15:12, 31:23, 31:25, 36:22, 39:3, 49:12
**70** [6] - 35:23, 35:24, 35:25, 36:8, 42:18, 48:24
**70.............................** [1] - 3:13
**703** [1] - 5:1
**71** [5] - 1:5, 48:24, 48:25, 49:3, 49:22
**71.............................** [1] - 3:15
**7456** [1] - 2:14
**7562** [1] - 1:23
**77** [1] - 21:9

**8**

**800.255.1685** [1] - 1:24
**8th** [1] - 61:18

**9**

**9:53** [3] - 1:15, 2:4, 4:5

**A**

**a.m** [5] - 1:15, 2:4, 4:5, 59:8, 59:11
**accept** [1] - 45:24
**accepted** [1] - 46:3
**accessories** [1] - 21:9
**according** [4] - 19:14, 19:17, 27:16, 30:22
**accurate** [4] - 51:8, 52:18, 60:4
**act** [1] - 6:21
**action** [2] - 61:14, 61:15
**acts** [1] - 61:7
**actual** [3] - 39:9, 42:22, 42:25
**Adam** [2] - 2:19, 4:6
**added** [1] - 24:10
**adding** [1] - 24:23
**additional** [1] - 39:25
**address** [2] - 5:14, 5:17
**addressed** [2] - 42:22, 42:24
**adequate** [1] - 4:25
**ADVANTAGE** [1] - 1:22
**adverse** [4] - 27:19, 27:21, 27:22, 27:25
**advise** [1] - 38:20
**Affairs** [1] - 19:18
**affairs** [3] - 8:15, 8:22, 9:5
**affect** [1] - 61:15
**Aggregate** [1] - 1:5
**ago** [3] - 5:11, 45:19, 45:21
**agreed** [2] - 50:12, 50:20
**agreement** [2] - 48:11, 53:14
**agreements** [1] - 15:9
**ahead** [2] - 36:14, 36:17
**Ahlgren** [1] - 48:4
**Aid** [1] - 6:8
**Alexandria** [1] - 1:24
**allow** [2] - 46:23, 50:13
**allowance** [1] - 54:11
**allowed** [2] - 52:20, 55:10
**ALSO** [1] - 2:18
**amend** [1] - 24:12
**amended** [3] - 24:7, 24:8, 24:9
**ammunition** [1] - 21:8
**amount** [3] - 16:4, 16:15, 47:17
**analysis** [2] - 15:4, 15:19
**AND** [1] - 61:18
**Ann** [1] - 47:22
**ANOKA** [1] - 61:2
**Anoka** [1] - 61:6
**answer** [5] - 37:25, 53:25, 54:5, 54:9
**answered** [3] - 53:21, 53:24
**apart** [2] - 12:12, 53:3
**apparent** [2] - 32:10, 32:23
**appear** [1] - 46:19
**APPEARANCE** [1] - 2:18
**appearance** [1] - 33:23
**APPEARANCES** [1] - 2:6
**appearing** [3] - 2:11, 2:16, 7:22
**application** [2] - 31:13, 31:20
**appointed** [4] - 6:22, 8:8, 12:4, 33:1
**appointment** [4] - 32:25, 33:2, 38:23, 44:12
**appreciate** [1] - 7:24
**approved** [1] - 20:14
**April** [1] - 23:8
**area** [2] - 6:4, 6:6
**areas** [2] - 8:3, 55:16
**aspect** [2] - 8:2, 56:22
**Asset** [1] - 22:25
**assets** [16] - 8:15, 8:17, 8:23, 9:6, 13:18, 14:16, 18:20, 20:12, 21:6, 25:17, 30:10, 51:12, 51:18, 52:5, 53:8, 53:14
**assigned** [3] - 8:9, 8:11, 10:22
**assignment** [4] - 11:4, 12:3, 23:21, 56:23
**assistant** [2] - 6:16, 6:17
**associate** [1] - 43:3
**assume** [5] - 12:14, 14:3, 14:10, 15:12, 15:13
**assuming** [2] - 22:11, 45:3
**Atmore** [4] - 2:11, 4:13, 32:23, 34:2
**ATMORE** [52] - 4:13, 4:22, 9:10, 9:25, 10:19, 13:5, 13:20, 14:6, 21:20, 22:14, 24:16, 24:25, 26:3, 26:19, 26:21, 28:22, 29:23, 31:7, 31:16, 32:3, 34:11, 34:14, 35:21, 36:1, 36:7, 36:14, 36:17, 36:19, 37:24, 38:2, 38:4, 38:8, 38:12, 40:13, 40:18, 42:7, 48:22, 49:1, 49:2, 49:22, 49:23, 52:10, 52:12, 53:17, 53:19, 54:1, 54:10, 55:14, 56:20, 57:21, 58:18, 58:20

atmore [1] - 32:9
ATMORE..................
[1] - 3:6
ATMORE..................
.. [1] - 3:4
attached [1] - 20:12
attachments [1] - 33:4
Attorney [4] - 4:3, 27:10, 27:13, 59:14
attorney [18] - 5:20, 6:13, 6:16, 6:17, 6:20, 12:19, 15:17, 15:18, 18:7, 25:16, 25:21, 25:23, 28:17, 32:10, 34:19, 46:1, 61:12
Attorneys [2] - 2:8, 2:13
attorneys [1] - 61:14
authorized [1] - 61:6
auto [1] - 10:12
availability [1] - 7:16
available [2] - 8:17, 25:18
avoid [2] - 15:21, 33:23
avoidable [1] - 21:17
avoided [2] - 20:9, 20:10

B

BA [1] - 5:24
background [2] - 5:21, 6:5
Bank [1] - 19:25
bankruptcies [2] - 10:22, 15:12
Bankruptcy [2] - 3:12, 3:15
bankruptcy [64] - 6:21, 6:22, 8:1, 8:12, 8:18, 9:4, 9:16, 9:21, 10:7, 10:11, 10:13, 10:21, 11:3, 12:8, 12:22, 13:1, 13:11, 14:4, 14:9, 19:14, 19:19, 20:10, 20:14, 20:15, 21:12, 23:1, 23:6, 23:15, 23:20, 25:19, 26:15, 29:10, 30:2, 30:19, 30:21, 31:1, 31:5, 31:10, 31:22, 31:23, 32:1, 32:12, 33:5, 35:4, 39:18, 40:23, 41:1, 41:21, 44:14, 44:18, 44:19, 47:18, 48:4, 48:9, 48:11, 49:4, 49:10, 49:12, 49:24, 49:25, 50:13, 51:5, 56:9
based [4] - 8:10, 51:11, 55:20, 56:13
bases [1] - 52:16
Bates [6] - 19:6, 19:7, 20:16, 21:24, 26:24, 27:4
became [5] - 6:13, 6:15, 32:10, 32:23
beds [1] - 55:24
behalf [4] - 2:11, 2:16, 4:11, 4:13
below [1] - 60:5
benefit [1] - 48:17
best [10] - 14:8, 14:10, 24:17, 32:3, 33:22, 41:7, 56:3, 57:10, 60:3
between [3] - 14:14, 19:24, 20:15
biggest [1] - 20:1
bit [4] - 29:20, 32:22, 37:6, 51:1
books [1] - 18:21
bottom [3] - 14:12, 19:7, 42:20
Box [5] - 1:23, 1:23, 1:24, 2:14, 26:11
boy [1] - 43:2
Branch [1] - 36:3
brief [2] - 6:5, 8:6
briefly [2] - 5:21, 11:14
brought [1] - 28:13
burton [1] - 15:15
Burton [16] - 12:9, 18:6, 25:14, 27:14, 32:10, 34:5, 47:17, 51:20, 51:23, 53:4, 53:6, 53:8, 54:8, 55:21, 55:23, 56:11
business [7] - 5:13, 5:17, 9:18, 18:23, 24:21, 24:22, 30:9
businesses [1] - 17:7
but.. [1] - 45:7
BY [37] - 3:3, 3:4, 3:5, 3:6, 5:7, 9:13, 10:1, 10:20, 13:6, 13:23, 14:7, 21:23, 22:18, 24:19, 25:1, 26:5, 26:23, 28:24, 30:1, 31:8, 31:18, 32:4, 34:14, 36:7, 36:19, 38:12, 40:13, 40:18, 42:7, 49:2, 49:23, 52:12, 53:19, 54:10, 55:18, 56:21, 57:21

C

car [1] - 21:3
case [39] - 8:11, 8:17, 9:9, 12:24, 13:2, 15:13, 15:16, 20:8, 21:18, 23:1, 25:24, 26:6, 28:20, 29:10, 29:13, 31:3, 31:21, 31:24, 31:25, 32:11, 33:8, 33:11, 33:17, 33:18, 33:22, 34:6, 39:22, 40:8, 41:9, 43:19, 44:22, 45:4, 45:20, 45:21, 47:18, 48:5, 48:8, 58:8
CASE [1] - 1:3
Cases [1] - 22:25
cases [2] - 8:9, 29:16
categories [1] - 43:8
category [1] - 16:12
certain [5] - 20:13, 21:13, 25:3, 26:17, 39:8
CERTIFICATE [1] - 61:2
CERTIFICATE..........
.................. [1] - 3:8
certify [2] - 60:2, 61:4
cetera [1] - 7:18
Chad [12] - 1:5, 10:23, 12:8, 23:15, 24:6, 27:19, 28:12, 31:22, 49:4, 49:12, 49:24, 51:12
challenge [1] - 51:11
challenged [2] - 52:14, 52:16
challenging [4] - 50:15, 51:6, 51:10, 56:13
change [2] - 24:20, 24:23
changed [3] - 24:2, 24:10, 37:6
changes [1] - 37:7
Chapter [18] - 3:13, 6:22, 8:5, 8:7, 8:8, 8:18, 9:15, 9:16, 10:6, 12:25, 13:25, 15:12, 31:23, 31:25, 36:22, 39:3, 49:12
charged [2] - 61:9, 61:10
Chartered [1] - 5:17
check [4] - 15:8, 15:11, 29:19, 41:25
checked [2] - 15:13, 18:1
CHIPPEWA [1] - 1:2
Chtd [1] - 2:3
circumstance [1] - 7:15
Cities [1] - 12:20
CIVIL [1] - 1:3
claim [2] - 22:9, 30:6
claimed [5] - 16:9, 19:9, 20:19, 22:12, 29:8
claiming [3] - 20:25, 24:8, 25:4
Claims [1] - 16:1
claims [5] - 8:25, 15:1, 25:25, 30:7, 30:9
clerk's [2] - 11:7, 12:3
clients [2] - 11:17, 30:11
closed [4] - 29:13, 32:13, 45:4, 55:24
closes [1] - 44:21
clothing [1] - 18:20
Cloud [2] - 1:23, 2:14
collect [1] - 26:17
collection [1] - 32:15
combination [1] - 15:16
combining [2] - 52:24, 54:2
commencing [1] - 2:3
commission [1] - 61:21
companies [1] - 45:9
company [4] - 28:18, 29:4, 32:14, 58:5
complete [1] - 14:11
completely [1] - 32:19
complicated [3] - 9:3, 9:8, 48:8
computer [5] - 16:16, 16:18, 16:19, 46:18, 47:1
con [1] - 39:9
concern [2] - 31:6, 51:20
conciliation [1] - 46:24
concluded [1] - 59:10
conclusion [1] - 43:22
conflict [11] - 32:21, 33:12, 33:14, 33:15, 34:2, 38:21, 39:4, 39:9, 42:25, 44:4, 44:8
conflict".. [1] - 42:23
Conflicts [1] - 38:16
confusing [1] - 54:2
considered [1] - 27:19
consisted [1] - 17:25
consumer [1] - 10:6
contacted [3] - 28:19, 58:4, 58:5
contention [1] - 24:3
continue [2] - 10:9, 10:14
continued [1] - 23:24
CONTINUING [29] - 9:13, 10:1, 10:20, 13:6, 13:23, 14:7, 21:23, 22:18, 24:19, 25:1, 26:5, 26:23, 28:24, 30:1, 31:8, 31:18, 32:4, 36:7, 36:19, 38:12, 40:13, 40:18, 42:7, 49:2, 49:23, 52:12, 53:19, 54:10, 56:21
contract [1] - 61:14
control [1] - 19:2
conversation [1] - 32:9
cooperating [2] - 53:7, 56:14
copies [3] - 38:6, 61:10, 61:11
copy [5] - 12:14, 14:9, 14:11, 40:7, 49:1
Corporation [3] - 17:11, 17:20, 18:16
corporations [2] - 18:15, 18:23
correct [65] - 5:11, 5:12, 7:3, 7:4, 7:6, 7:12, 7:13, 7:17, 7:20, 8:5, 12:15, 12:21, 14:9, 14:15, 14:18, 18:17, 18:18, 18:23, 19:11, 19:12, 23:23, 24:1, 26:16, 27:1, 27:6, 27:8, 27:11, 27:12, 27:18, 28:1, 28:10, 30:5, 30:11, 30:12, 33:25, 34:3, 34:4, 34:6, 34:7, 35:1, 35:9, 36:25, 38:15, 38:25, 39:7, 39:11, 39:17, 40:17, 40:24, 43:11, 43:12, 50:10, 50:11, 50:18, 50:19, 52:14, 52:15, 52:18, 52:19, 52:23, 56:25, 57:1, 57:9, 58:17
CORRECTION [2] - 3:7, 60:7
corrections [1] - 60:4
cost [1] - 61:9
counsel [3] - 12:17, 61:12, 61:13
Counsel [2] - 4:9, 49:1
COUNTY [2] - 1:2,

61:2
**county** [2] - 6:15, 6:17
**County** [2] - 18:10, 61:6
**couple** [2] - 34:11, 58:2
**COURT** [3] - 1:1, 1:3, 1:22
**court** [24] - 4:15, 8:13, 11:5, 11:6, 18:1, 18:9, 18:11, 20:15, 23:13, 23:14, 23:16, 23:17, 23:22, 31:13, 31:15, 31:21, 31:23, 36:5, 44:20, 44:21, 46:16, 46:24, 49:10
**courts** [2] - 42:22, 42:24
**creditor** [11] - 13:2, 19:22, 20:1, 29:17, 33:11, 39:15, 41:1, 41:2, 43:8, 49:3, 49:6
**Creditor** [1] - 3:15
**Creditors** [1] - 16:1
**creditors** [19] - 8:14, 8:16, 8:18, 8:19, 8:20, 8:24, 8:25, 9:23, 10:2, 10:3, 10:15, 10:17, 14:14, 14:25, 19:21, 25:18, 48:14, 48:17, 49:18
**CROSS** [2] - 3:4, 34:13
**CROSS-EXAMINATION** [2] - 3:4, 34:13
**curious** [2] - 41:22, 51:17
**current** [2] - 37:1, 41:5

## D

**date** [10] - 4:4, 22:17, 22:20, 23:8, 23:12, 23:16, 32:5, 36:24, 37:2
**dated** [2] - 3:13, 60:21
**dates** [3] - 23:17, 57:23, 57:24
**days** [1] - 7:8
**debt** [3] - 9:19, 9:20
**debtor** [28] - 8:14, 9:5, 12:23, 12:25, 13:3, 13:17, 13:25, 14:1, 14:2, 14:16, 16:25, 19:18, 20:7, 22:8, 22:11, 23:4, 24:6, 28:12, 29:3, 29:7, 31:5, 33:9, 33:10, 39:15, 43:8, 52:5, 56:6, 56:7
**debtor's** [1] - 56:14
**debtors** [1] - 20:4
**debts** [2] - 14:5, 51:5
**December** [1] - 32:6
**decides** [1] - 31:15
**decision** [1] - 29:22
**defendant** [1] - 34:20
**Defendants** [2] - 1:9, 2:16
**defendants** [3] - 4:12, 32:17, 41:5
**DEFENDANTS** [3] - 20:16, 40:5, 40:15
**define** [1] - 10:5
**definitely** [1] - 15:17
**degree** [2] - 5:24, 6:1
**denial** [1] - 53:5
**Dennis** [8] - 1:8, 11:18, 32:13, 32:17, 35:9, 40:25, 42:9, 49:17
**deny** [1] - 56:8
**Department** [1] - 37:19
**DEPOSITION** [1] - 1:12
**deposition** [13] - 2:1, 4:3, 4:5, 5:5, 24:6, 57:12, 59:10, 59:13, 60:2, 60:3, 61:4, 61:10, 61:16
**description** [1] - 16:8
**descriptions** [2] - 24:10, 24:24
**detail** [2] - 11:18, 17:24
**determination** [1] - 38:23
**determined** [1] - 21:16
**different** [7] - 33:18, 35:14, 49:7, 54:6, 57:8, 58:14
**DIRECT** [2] - 3:3, 5:6
**dis** [1] - 53:5
**disappointed** [2] - 52:4, 52:8
**dischar** [1] - 56:8
**discharge** [17] - 9:18, 14:3, 51:1, 51:7, 51:10, 51:11, 52:6, 52:14, 52:16, 52:21, 53:3, 53:6, 54:12, 55:10, 55:19, 56:8, 56:13
**dischargeability** [2] - 54:8, 56:12
**dischargeable** [2] - 9:20, 51:5
**discharged** [10] - 29:14, 44:24, 45:1, 45:5, 50:13, 50:16, 50:21, 50:23, 51:2, 51:3
**discharges** [1] - 44:22
**disclose** [4] - 43:9, 51:23, 55:23, 56:18
**disclosed** [5] - 30:25, 31:4, 51:21, 53:9, 56:4
**disclosing** [4] - 43:15, 51:13, 52:8, 56:14
**disclosure** [2] - 4:25, 5:2
**discovers** [1] - 39:4
**discovery** [2] - 25:23, 38:21
**discretion** [1] - 31:10
**disgruntled** [1] - 29:17
**disinteres** [2] - 38:22, 43:1
**disinterest** [1] - 44:3
**disinterested** [7] - 32:11, 32:20, 32:24, 33:7, 33:16, 33:19, 43:19
**disinterestedness** [5] - 38:22, 39:5, 39:10, 43:1, 44:8
**dispute** [1] - 37:21
**distinction** [1] - 48:13
**distribute** [1] - 51:19
**distribution** [1] - 44:21
**district** [1] - 36:4
**DISTRICT** [2] - 1:1, 1:2
**disturbing** [1] - 56:17
**divorce** [1] - 20:8
**docket** [6] - 18:11, 23:13, 23:15, 24:5, 45:2, 49:12
**document** [8] - 22:16, 22:24, 23:3, 36:6, 36:9, 37:8, 40:15, 49:15
**documents** [3] - 10:17, 24:18, 40:4
**dollar** [1] - 16:15
**dollars** [9] - 16:17, 16:18, 16:20, 18:22, 19:22, 24:13, 29:6, 30:4, 30:23
**done** [4] - 15:18, 15:19, 44:19, 46:14
**doors** [1] - 55:24
**down** [3] - 19:6, 38:19, 49:20
**downloaded** [1] - 37:18
**Drive** [2] - 2:3, 5:18
**drop** [2] - 54:8, 56:12
**duly** [2] - 4:19, 61:4
**DULY** [1] - 3:2
**during** [3] - 19:10, 35:6, 47:18
**Dwayne** [1] - 6:15

## E

**education** [1] - 5:22
**effective** [2] - 23:7, 36:24
**Egge** [3] - 1:7, 11:19, 46:15
**Eggen** [3] - 1:22, 61:20, 61:21
**EIGHTH** [1] - 1:2
**either** [1] - 22:10
**email** [4] - 11:5, 51:24, 53:9, 56:1
**employee** [2] - 61:12, 61:12
**employees** [1] - 28:14
**end** [6] - 35:23, 39:25, 40:15, 40:22, 44:18, 51:18
**ended** [3] - 28:4, 33:2, 34:16
**Ending** [1] - 22:20
**entered** [3] - 23:13, 23:16, 23:18
**entities** [4] - 11:21, 17:21, 18:25, 51:15
**entitled** [1] - 30:10
**entity** [1] - 11:25
**envelope** [1] - 59:14
**Equipment** [1] - 21:8
**equity** [1] - 39:15
**Erica** [3] - 1:22, 61:20, 61:21
**Erik** [1] - 48:4
**estate** [5] - 18:7, 20:15, 25:9, 31:5, 50:8
**Estate** [2] - 22:24, 26:12
**estimated** [3] - 14:13, 14:16, 14:19
**et** [1] - 7:18
**ethics** [1] - 38:14
**evidence** [5] - 5:2, 24:17, 24:18, 32:3
**ex** [5] - 20:5, 20:6, 20:15, 29:16, 47:23
**ex-spouse** [1] - 29:16
**ex-wife** [4] - 20:5, 20:6, 20:15, 47:23
**exactly** [1] - 28:12
**EXAMINATION** [8] - 3:3, 3:4, 3:5, 3:6, 5:6, 34:13, 55:17, 57:20
**examined** [1] - 4:19
**example** [1] - 10:13
**Excavating** [2] - 25:10, 26:8
**except** [2] - 11:22, 45:10
**exception** [1] - 60:4
**excess** [1] - 30:7
**exempt** [2] - 22:9, 24:9
**exhibit** [3] - 14:23, 17:3, 36:13
**Exhibit** [23] - 3:11, 3:13, 3:15, 4:1, 13:8, 14:13, 15:25, 19:7, 20:17, 35:23, 35:24, 35:25, 36:2, 36:8, 39:19, 42:18, 44:16, 48:23, 48:24, 48:25, 49:3, 49:22
**exhibits** [1] - 35:23
**exited** [2] - 40:12, 40:16
**expenses** [1] - 27:9
**expert** [6] - 9:11, 21:21, 26:4, 26:22, 29:24, 31:16
**expires** [1] - 61:21
**explain** [1] - 11:14
**explicit** [2] - 46:6, 46:20
**extensive** [1] - 9:8
**extent** [1] - 4:25
**extremely** [1] - 48:8

## F

**facility** [1] - 46:22
**fact** [3] - 39:24, 40:7, 48:3
**factor** [1] - 57:7
**fair** [1] - 33:17
**fairly** [1] - 13:15
**familiar** [2] - 49:9, 58:23
**favor** [1] - 33:19
**February** [6] - 1:14, 2:2, 4:4, 7:5, 7:14, 61:18
**federal** [2] - 6:22, 22:10
**fees** [3] - 26:14, 26:25, 47:20
**Fees** [2] - 27:6, 27:11
**felt** [1] - 31:2
**few** [7] - 5:11, 7:1,

18:19, 30:6, 45:18, 45:20, 57:11
**fifth** [1] - 49:20
**FILE** [1] - 1:3
**file** [5] - 8:25, 10:13, 24:6, 31:20, 48:9
**filed** [15] - 8:13, 11:3, 12:14, 13:12, 16:24, 19:13, 19:19, 22:12, 23:16, 30:16, 30:21, 39:22, 48:3, 48:18, 59:16
**filing** [14] - 12:22, 12:25, 13:1, 13:15, 16:10, 21:12, 21:14, 22:17, 24:4, 28:4, 36:4, 39:19, 40:8, 41:4
**filled** [1] - 16:4
**fina** [1] - 19:17
**final** [5] - 40:7, 40:14, 40:21, 44:16, 44:21
**financial** [5] - 8:15, 8:22, 9:5, 53:2, 56:5
**Financial** [1] - 19:17
**financially** [2] - 54:7, 61:14
**finish** [1] - 55:6
**firm** [21] - 6:9, 11:8, 11:10, 11:16, 11:22, 11:25, 12:7, 12:11, 34:5, 35:9, 35:10, 42:11, 42:13, 42:14, 43:7, 46:22, 56:25, 57:6, 57:8, 58:11
**Firm** [2] - 11:10, 57:3
**firms** [1] - 6:5
**first** [6] - 4:24, 12:12, 31:15, 34:15, 39:21, 61:4
**five** [1] - 20:8
**focused** [1] - 33:13
**follow** [2] - 36:16, 55:16
**follow-up** [1] - 55:16
**following** [1] - 60:4
**follows** [1] - 4:20
**foregoing** [1] - 60:2
**Form** [4] - 22:16, 22:24, 23:19, 25:3
**form** [1] - 49:7
**format** [1] - 49:9
**former** [3] - 28:14, 32:10
**forth** [2] - 30:13, 43:9
**forward** [2] - 52:21, 55:13
**forwarded** [1] - 59:14
**foundation** [1] - 13:20
**four** [1] - 27:7
**fourth** [1] - 49:14
**fraud** [2] - 53:13, 56:10
**fraudulent** [4] - 25:4, 25:7, 25:8, 25:25
**free** [1] - 10:10
**front** [2] - 13:7, 14:13
**full** [1] - 5:13
**fully** [1] - 52:8
**furnishings** [4] - 16:13, 16:19, 16:22, 24:14

**G**

**game** [1] - 51:14
**Gary** [4] - 25:10, 26:8
**gather** [1] - 25:17
**general** [1] - 15:11
**generally** [1] - 9:9
**generate** [1] - 23:17
**generated** [2] - 23:1, 23:5
**geographical** [1] - 8:10
**ghansmeier@rajhan.com** [1] - 2:15
**given** [2] - 13:7, 30:20
**goal** [4] - 13:17, 13:24, 14:2, 14:3
**goods** [5] - 16:12, 16:19, 16:22, 24:13, 30:4
**Gordon** [5] - 2:16, 4:11, 5:10, 38:10, 59:15
**graduated** [1] - 5:25
**gross** [2] - 19:9, 19:18
**grounds** [5] - 4:24, 5:3, 22:15, 26:4, 51:7
**Grove** [1] - 1:23
**guessing** [1] - 21:2
**guns** [2] - 21:5, 21:8

**H**

**Hamline** [2] - 5:23, 5:24
**HAND** [1] - 61:18
**Handbook** [2] - 3:13, 36:22
**handling** [2] - 46:4, 47:11
**HANSMEIER** [37] - 2:12, 4:11, 5:7, 9:13, 10:1, 10:20, 13:6, 13:23, 14:7, 21:23, 22:18, 24:19, 25:1, 26:5, 26:20, 26:23, 28:24, 30:1, 31:8, 31:18, 32:4, 34:8, 36:10, 36:12, 36:15, 37:23, 42:5, 55:16, 55:18, 56:21, 57:14, 57:16, 57:18, 58:21, 58:25, 59:2, 59:5
**Hansmeier** [7] - 2:16, 4:11, 5:10, 57:22, 58:7, 58:13, 59:15
**HANSMEIER............** [1] - 3:5
**HANSMEIER............** [1] - 3:3
**hard** [1] - 43:2
**Harley** [1] - 21:6
**hearing** [2] - 46:19, 47:2
**hearings** [2] - 46:23, 46:24
**hearsay** [4] - 28:23, 29:24, 31:7, 56:20
**held** [2] - 24:21, 51:1
**help** [2] - 25:22, 43:24
**helpful** [1] - 19:5
**helping** [1] - 46:7
**hereby** [2] - 60:1, 61:4
**Heritage** [1] - 19:25
**hidden** [1] - 31:4
**hiding** [3] - 51:12, 52:5, 53:14
**high** [1] - 56:9
**highlighted** [2] - 38:9, 42:20
**highlighting** [1] - 38:10
**hire** [1] - 12:11
**hired** [5] - 12:7, 12:9, 12:11, 18:7, 25:24
**hmm** [10] - 20:18, 35:8, 37:11, 37:20, 38:7, 40:6, 46:17, 49:8, 53:1, 56:24
**holder** [1] - 39:16
**holding** [1] - 14:25
**Holding** [1] - 16:1
**Holdings** [3] - 17:16, 17:20, 18:16
**Holien** [2] - 1:8, 11:19
**homestead** [5] - 22:3, 22:6, 22:8, 22:10, 22:13
**house** [3] - 10:7, 10:8, 10:9
**household** [5] - 16:12, 16:19, 16:22, 24:13, 30:4
**hundreds** [2] - 29:5, 30:23

**I**

**identification** [3] - 4:1, 35:25, 48:25
**identify** [1] - 4:9
**immediately** [1] - 43:17
**impact** [1] - 22:6
**impartiality** [1] - 61:15
**impropriety** [1] - 33:24
**imputed** [1] - 43:3
**IN** [2] - 1:1, 2:18
**Inc** [6] - 1:5, 1:8, 11:24, 32:14, 35:13, 42:15
**includes** [1] - 9:4
**including** [3] - 16:19, 21:6, 41:5
**income** [4] - 19:10, 19:13, 19:18, 19:20
**incorporated** [1] - 17:6
**indicated** [1] - 7:10
**Individual** [1] - 22:24
**individuals** [1] - 11:21
**information** [4] - 29:11, 29:15, 29:19, 51:12
**initial** [3] - 13:11, 28:4, 28:6
**initiate** [1] - 13:2
**initiated** [1] - 12:25
**insider** [1] - 39:16
**inspect** [1] - 55:25
**instance** [1] - 31:15
**instead** [1] - 7:22
**Insurance** [1] - 34:6
**insurance** [4] - 28:17, 29:4, 45:20, 58:5
**intended** [1] - 23:7
**interest** [13] - 18:15, 18:17, 18:23, 18:24, 18:25, 24:22, 25:18, 29:1, 30:10, 33:14, 39:10, 43:1, 61:15
**Interest** [1] - 38:16
**interested** [1] - 61:14
**interests** [2] - 15:7, 17:6
**interpose** [4] - 9:10, 24:16, 28:22, 36:1
**interview** [1] - 8:14
**investigate** [1] - 8:22
**investigating** [1] - 51:21
**invoke** [1] - 5:1
**involuntary** [1] - 13:1
**involved** [10] - 11:1, 18:3, 25:14, 32:8, 33:21, 42:16, 44:25, 45:23, 48:10, 53:16
**involvement** [4] - 23:20, 28:7, 33:2, 45:17
**involving** [1] - 10:23
**issue** [2] - 42:22, 42:25
**issues** [2] - 54:20, 55:1
**item** [1] - 16:16

**J**

**Jacobson** [1] - 21:1
**January** [1] - 61:21
**JD** [1] - 5:25
**Jo** [1] - 47:22
**John** [1] - 21:1
**Joseph** [1] - 5:15
**judge** [2] - 33:18, 46:19
**judgment** [4] - 20:7, 20:10, 20:12, 47:23
**Judicial** [1] - 36:3
**JUDICIAL** [1] - 1:2
**jury** [1] - 8:6
**Justice** [1] - 37:19

**K**

**Kandiyohi** [1] - 18:10
**keep** [3] - 10:9, 10:15, 54:17
**kind** [7] - 8:6, 8:20, 9:3, 15:4, 18:5, 19:2, 51:13
**kinds** [1] - 52:1
**knowledge** [6] - 11:20, 14:8, 14:10, 24:2, 57:10, 60:3
**Knutsen** [1] - 6:15
**Krystal** [1] - 2:19

**L**

**label** [1] - 35:24
**lack** [6] - 4:25, 5:2, 13:20, 38:22, 39:5, 43:1
**Lane** [1] - 2:13
**largest** [1] - 19:22
**Larson** [20] - 1:8, 11:18, 11:23, 32:13, 32:17, 32:20, 33:10, 33:20, 35:9, 40:25, 41:6, 41:16, 42:9, 42:15, 46:7, 47:11, 49:17, 57:6, 58:12

Larson's [1] - 33:4
last [3] - 37:19, 54:9, 57:25
late [1] - 32:6
law [10] - 2:2, 6:2, 6:3, 6:5, 6:7, 11:8, 11:10, 22:10, 22:11, 34:5
Law [5] - 2:8, 2:13, 5:24, 11:10, 57:3
lawsuit [8] - 25:10, 28:13, 32:17, 34:17, 34:20, 34:21, 41:5, 46:4
lawsuits [3] - 45:13, 49:25, 50:3
lawyer [7] - 12:6, 25:13, 27:25, 35:17, 35:19, 43:7, 46:13
learning [1] - 45:13
least [4] - 23:20, 23:25, 38:8, 55:20
left [3] - 11:15, 11:22, 12:1
Legal [2] - 6:7, 6:8
legal [2] - 24:10, 24:23
liabilities [3] - 8:15, 9:6, 14:19
liable [2] - 14:4, 51:4
licensed [1] - 5:22
Lighthouse [2] - 18:3, 18:5
limine [1] - 5:4
limines [1] - 5:3
LINE [1] - 60:7
line [2] - 15:25, 17:5
lines [1] - 14:12
liquidate [2] - 8:23, 9:22
liquidation [2] - 9:16, 9:21
List [1] - 3:15
list [3] - 9:1, 49:3, 49:6
listed [3] - 19:18, 49:18, 60:5
lists [1] - 39:8
liti [1] - 58:15
litigation [6] - 32:15, 33:21, 35:14, 53:3, 56:7, 58:15
live [2] - 22:8, 22:9
lived [1] - 22:11
LLC [6] - 1:22, 17:14, 17:17, 17:18, 17:21, 25:11
loan [2] - 10:12, 10:14
location [1] - 8:10
look [16] - 9:6, 9:7, 10:16, 10:17, 20:16, 21:11, 22:1, 26:11, 26:24, 31:3, 39:19, 40:4, 45:2, 49:6, 52:2, 53:13
looked [3] - 18:8, 19:6, 34:24
looking [5] - 8:23, 9:17, 9:18, 29:11, 43:15
looks [19] - 8:16, 8:19, 14:11, 15:20, 18:21, 20:25, 21:2, 21:4, 23:7, 25:3, 26:6, 26:24, 29:20, 40:2, 40:9, 40:20, 49:10, 49:11
Lori [1] - 49:17
lost [3] - 19:2, 30:9, 30:22
LTD [1] - 2:12
Luke [2] - 1:8, 11:19
Lynne [3] - 2:19, 40:12, 40:16

M

M&D [1] - 21:8
MAAC [8] - 1:8, 11:19, 11:24, 32:14, 32:18, 35:13, 42:15, 46:7
main [1] - 30:25
Management [1] - 18:3
managing [1] - 6:13
Maple [1] - 1:23
March [1] - 21:9
mark [2] - 35:23, 48:23
MARKED [1] - 3:10
marked [6] - 4:1, 13:8, 35:25, 38:5, 40:14, 48:25
Marshall [2] - 6:1, 6:8
MARTIN [1] - 2:7
match [1] - 30:13
Matt [5] - 11:19, 12:9, 12:12, 51:20, 53:8
matter [2] - 15:11, 34:25
matters [3] - 32:15, 35:20, 39:16
Matthew [1] - 1:7
mean [6] - 19:24, 28:6, 39:25, 44:19, 51:3, 54:5
means [3] - 23:14, 39:3, 43:6
meeting [2] - 8:13, 8:16
mention [1] - 53:11
merged [1] - 6:9
met [2] - 5:10, 57:10
middle [3] - 5:15, 22:2, 39:8
might [10] - 8:17, 10:7, 12:1, 18:3, 19:5, 19:25, 20:12, 28:15, 37:6, 58:4
million [5] - 14:16, 14:17, 14:19, 14:20, 20:8
MINNESOTA [2] - 1:1, 61:1
Minnesota [15] - 2:3, 2:8, 2:9, 2:14, 4:6, 5:18, 6:1, 6:4, 6:8, 7:3, 8:9, 22:11, 36:3, 36:5, 61:6
minute [1] - 55:4
minutes [3] - 5:11, 7:2, 57:11
mis [1] - 21:5
miscellaneous [2] - 18:20, 21:6
MN [3] - 1:23, 1:23, 1:24
Mon [1] - 52:13
money [7] - 9:23, 26:10, 47:25, 48:13, 50:7, 51:19, 53:7
Monson [44] - 1:5, 10:23, 12:8, 12:15, 13:12, 16:4, 16:9, 17:11, 17:16, 17:20, 18:15, 18:16, 23:15, 24:3, 24:6, 25:10, 26:8, 27:19, 28:13, 28:18, 29:3, 30:18, 31:22, 32:1, 33:8, 34:2, 34:5, 40:22, 45:8, 46:16, 47:23, 49:4, 49:12, 49:24, 50:2, 50:10, 51:12, 52:20, 53:20, 55:19, 56:7
Monson's [4] - 18:14, 47:23, 51:25, 52:14
Montevideo [10] - 2:3, 4:6, 5:18, 6:6, 6:14, 6:18, 7:3, 7:10, 11:12, 11:15
month [4] - 10:25, 11:2, 28:4, 57:25
months [2] - 45:18, 45:20
morning [3] - 5:8, 5:9, 57:11
mortgage [2] - 10:7, 10:10
mortgages [2] - 8:21, 15:8
most [1] - 10:13
mostly [1] - 9:20
motion [1] - 5:3
motions [1] - 5:4
motorcycle [1] - 21:2
move [6] - 9:12, 21:21, 22:14, 51:15, 52:10, 53:17
moved [1] - 6:19
MRK [1] - 17:14
multiple [2] - 40:3, 40:4
must [1] - 38:20
MY [1] - 61:18

N

name [6] - 4:6, 5:13, 5:16, 6:9, 12:20, 33:4
name's [1] - 5:10
named [2] - 10:23, 21:1
narrowly [1] - 33:13
necessary [2] - 9:1, 38:24
need [1] - 43:9
needed [4] - 6:16, 31:2, 31:3, 43:22
never [2] - 56:3, 56:4
new [4] - 29:15, 33:1, 46:1, 46:13
newspaper [1] - 30:18
next [2] - 18:16, 29:22
night [1] - 37:19
NO [1] - 1:3
Non [1] - 16:3
nondisclosure [1] - 53:14
none [1] - 36:5
nonexempt [1] - 9:22
Nonpriority [1] - 16:1
nonresponsive [3] - 21:21, 52:11, 53:18
North [1] - 34:6
notarial [1] - 61:7
Notary [2] - 60:25, 61:6
nothing [2] - 40:21, 45:8
Notice [1] - 2:4
noticed [3] - 52:1, 53:10, 61:10
number [5] - 14:13, 21:19, 23:14, 49:25, 55:19
Number [1] - 22:2
numbers [1] - 19:6

O

oath [2] - 8:14, 16:25
object [7] - 8:25, 24:16, 26:3, 29:23, 29:24, 36:10, 47:20
objecting [2] - 4:24, 5:2
objection [19] - 9:11, 9:25, 10:19, 13:5, 13:20, 13:21, 21:20, 24:17, 24:25, 26:19, 26:20, 28:23, 31:7, 31:16, 32:3, 36:2, 37:23, 42:5, 56:20
objections [3] - 4:23, 5:5, 14:6
obtained [2] - 12:14, 20:7
October [1] - 36:24
OF [5] - 1:1, 1:2, 1:12, 61:1, 61:2
offer [2] - 48:23, 49:22
OFFERED [1] - 3:10
office [13] - 2:2, 6:10, 6:13, 7:2, 11:7, 12:4, 29:21, 31:11, 34:25, 39:6, 46:18, 47:1, 51:25
officers [1] - 28:14
once [3] - 25:2, 32:22, 43:17
one [18] - 6:20, 9:14, 10:21, 11:25, 16:16, 21:2, 21:3, 25:8, 30:3, 32:17, 33:15, 33:19, 49:20, 50:3, 52:16, 53:18, 55:19
ordered [3] - 18:1, 18:9, 61:10
original [3] - 22:23, 59:13, 61:9
originally [1] - 36:6
OTHER [1] - 1:3
outcome [1] - 31:19
overview [1] - 8:6
owe [1] - 10:8
own [7] - 8:20, 11:10, 11:16, 11:23, 12:7, 12:11, 51:16
owned [3] - 11:25, 16:21, 32:14
owner [1] - 16:9
ownership [1] - 13:18

P

P.A [1] - 2:7
p.m [1] - 49:11
P.O [1] - 2:14
Page [4] - 25:2, 26:24, 38:5, 42:18
page [7] - 14:22,

15:25, 16:7, 17:2, 22:2, 43:14, 49:14
PAGE [2] - 3:1, 60:7
PAGE........................ ............ [1] - 3:7
pages [2] - 39:25, 40:4
paid [9] - 10:18, 26:10, 26:15, 27:1, 47:5, 47:7, 47:12, 47:17, 50:7
panel [1] - 8:8
paragraph [1] - 38:19
Paragraph [1] - 20:21
Parkway [2] - 2:3, 5:18
part [25] - 22:16, 23:1, 23:4, 23:14, 25:20, 36:5, 40:10, 44:16, 49:24, 50:2, 50:3, 50:7, 50:12, 51:9, 51:20, 53:4, 54:7, 55:2, 55:6, 55:8, 55:20, 56:5, 56:11, 58:5
participating [1] - 5:5
parties [3] - 61:10, 61:12, 61:14
partner [2] - 43:3, 43:6
parts [1] - 21:6
party [3] - 27:20, 27:21, 61:10
Paul [2] - 2:9, 5:23
pay [9] - 8:23, 9:23, 10:9, 10:14, 47:14, 48:11, 48:14, 48:17, 53:7
paying [1] - 47:25
payment [3] - 21:17, 26:14, 47:16
pending [4] - 5:4, 18:10, 56:6
people [2] - 18:4, 34:1
percentage [2] - 20:13, 26:17
perfected [1] - 15:10
perform [1] - 61:6
period [4] - 21:13, 23:24, 35:6, 45:9
Period [1] - 22:20
periodically [1] - 37:10
person [5] - 5:10, 10:7, 10:23, 21:12, 57:13
personal [6] - 16:8, 18:22, 24:3, 24:12, 29:6, 29:7
personally [8] - 7:22, 14:4, 15:15, 35:10, 42:15, 46:8, 51:4, 57:11
persons [1] - 61:14
perspective [1] - 14:2
Petition [1] - 3:12
petition [17] - 12:14, 12:22, 13:12, 14:9, 16:5, 16:15, 16:24, 22:6, 22:16, 22:17, 22:23, 23:4, 33:5, 39:21, 40:10, 40:22, 51:9
petitions [2] - 30:3, 52:17
phone [4] - 28:25, 57:13, 57:22, 58:3
pictures [1] - 18:21
pique [1] - 28:25
Plaintiffs [2] - 1:6, 2:11
plaintiffs [1] - 4:14
PLLC [1] - 11:11
PLLP [1] - 11:11
PO [3] - 1:23, 1:23, 1:24
point [3] - 29:12, 32:24, 57:8
pointed [1] - 44:2
position [1] - 6:25
possible [1] - 10:18
possibly [1] - 42:15
potential [6] - 33:14, 38:21, 39:4, 39:9, 42:23, 42:25
power [1] - 31:9
practice [6] - 6:7, 6:18, 8:2, 8:4, 8:5
practiced [1] - 6:6
practicing [3] - 6:2, 6:3, 6:20
preference [4] - 21:17, 25:5, 25:7, 25:25
preparation [1] - 24:5
pretty [1] - 44:20
pri [1] - 11:22
primarily [1] - 25:22
printed [1] - 49:10
prison [2] - 30:18, 30:20
private [3] - 6:18, 8:4, 21:5
problem [1] - 44:6
proceed [2] - 20:13, 33:17
proceeding [1] - 46:16
process [2] - 46:4, 47:7
produced [1] - 23:3
product [1] - 15:22
profession [1] - 5:19
professionalism [1] - 38:14
property [20] - 16:8, 18:22, 22:9, 22:12, 24:4, 24:7, 24:8, 24:11, 24:12, 29:4, 29:5, 29:6, 29:7, 30:23, 30:24, 31:4, 51:13, 51:25
Property [2] - 17:14, 22:25
protect [1] - 25:18
protested [1] - 34:1
protocol [1] - 23:3
prove [1] - 56:9
provided [1] - 51:24
providing [1] - 46:21
Public [2] - 60:25, 61:6
pursuant [1] - 2:4
pursue [2] - 25:25, 53:5
pursued [1] - 21:19
put [5] - 13:7, 16:15, 16:16, 18:16, 37:7

## Q

questions [6] - 34:8, 34:12, 36:15, 55:15, 57:18, 58:21
quite [2] - 30:13, 37:6

## R

RAJKOWSKI [1] - 2:12
rate [1] - 61:10
reach [1] - 52:6
reached [4] - 20:11, 20:14, 43:22, 51:17
read [6] - 16:21, 33:3, 58:25, 59:3, 60:2, 61:16
reading [1] - 30:17
real [4] - 22:8, 24:7, 24:11, 29:6
realized [1] - 43:17
really [5] - 33:11, 40:3, 48:13, 52:4, 52:5
reappointed [1] - 31:24
reason [8] - 7:7, 32:12, 33:6, 38:3, 43:14, 43:21, 49:5, 51:9
REASON [1] - 60:7
reassignment [1] - 32:25
receive [1] - 11:4
Received [1] - 26:12
received [3] - 26:13, 27:17, 56:23
receivership [4] - 17:22, 17:24, 18:2, 19:1
receiverships [1] - 18:10
recently [6] - 28:8, 28:19, 51:23, 53:9, 56:1, 56:16
recognize [6] - 13:11, 36:9, 36:20, 36:21, 49:3, 49:5
recollection [2] - 41:7, 56:4
recommend [2] - 31:13, 56:12
recommendations [1] - 55:21
recommended [4] - 15:19, 52:7, 53:5, 53:6
Record [1] - 22:25
record [5] - 4:2, 4:10, 4:23, 59:8, 61:8
recorded [1] - 15:9
records [2] - 18:12, 41:25
recovered [1] - 21:19
recoveries [1] - 25:3
recovery [1] - 26:6
RECROSS [2] - 3:6, 57:20
RECROSS-EXAMINATION [2] - 3:6, 57:20
REDIRECT [2] - 3:5, 55:17
refer [3] - 29:12, 29:21, 58:6
Reference [2] - 22:1, 25:9
reference [5] - 14:25, 17:11, 20:19, 22:1, 27:10
referenced [1] - 45:18
referencing [1] - 27:14
referral [1] - 45:11
referred [2] - 9:20, 34:25
referring [1] - 35:7
regard [1] - 46:15
reject [1] - 43:23
rejected [4] - 32:24, 33:2, 43:19, 44:11
relate [1] - 29:10
relative [2] - 61:12, 61:12
relevance [1] - 4:25
remained [1] - 33:7
remember [20] - 6:10, 12:10, 12:18, 15:13, 18:2, 19:23, 20:3, 20:6, 20:9, 28:12, 28:16, 32:16, 42:16, 45:22, 46:2, 46:25, 48:6, 48:9, 54:18, 58:3
remembering [1] - 21:15
remote [1] - 61:7
removed [1] - 33:22
reopen [5] - 31:10, 31:12, 31:14, 35:4, 45:13
reopened [6] - 31:3, 31:21, 31:22, 31:23, 32:1, 33:8
reopening [1] - 32:5
reorganize [1] - 9:17
repeating [1] - 53:23
rephra [1] - 13:22
rephrase [1] - 13:22
Report [1] - 22:25
report [6] - 22:25, 40:7, 40:14, 40:21, 44:16, 44:21
reported [1] - 61:4
reporter [2] - 4:16, 13:8
REPORTER'S [1] - 3:8
REPORTING [1] - 1:22
represent [6] - 12:7, 12:9, 35:15, 35:18, 47:4, 58:11
representation [4] - 27:17, 32:13, 46:21, 57:6
representations [2] - 42:16, 47:10
represented [13] - 11:17, 11:21, 12:1, 12:17, 12:18, 12:19, 28:17, 35:9, 39:15, 41:4, 41:23, 42:4, 42:14
representing [6] - 4:7, 25:17, 34:20, 41:16, 46:6, 58:12
represents [4] - 34:2, 34:5, 39:14, 43:7
required [1] - 23:5
requirements [1] - 23:2
respective [1] - 19:10
retain [2] - 12:6, 59:15
returned [1] - 40:16
review [7] - 8:11, 8:12, 8:25, 15:17, 15:22, 25:23, 58:6
reviewed [3] - 15:19,

18:11, 24:5
**reviewing** [1] - 37:8
**RICHARD** [4] - 1:13, 3:2, 4:18, 60:20
**Richard** [9] - 2:1, 4:4, 5:15, 5:16, 57:2, 59:10, 59:13, 60:1, 61:4
**Rick** [1] - 5:15
**ride** [1] - 10:10
**rights** [1] - 58:23
**role** [6] - 7:1, 10:21, 15:3, 25:16, 25:20, 25:21
**room** [2] - 40:12, 40:16
**roughly** [2] - 7:8, 10:25
**rule** [2] - 24:18, 32:3
**Rule** [1] - 5:1
**rules** [1] - 23:6
**Ryan** [3] - 1:7, 11:19, 46:15

## S

**sale** [1] - 21:5
**Sale/Funds** [1] - 26:12
**saw** [2] - 24:23, 51:14
**schedule** [4] - 18:19, 19:4, 19:16, 27:16
**Schedule** [3] - 24:7, 24:8, 24:11
**scheduled** [3] - 7:8, 7:13, 18:25
**schedules** [5] - 8:12, 24:9, 30:14, 30:22, 33:3
**School** [1] - 5:25
**SEAL** [1] - 61:18
**sealed** [1] - 59:14
**second** [3] - 14:22, 15:25, 39:19
**section** [1] - 38:13
**Section** [1] - 38:16
**secured** [8] - 8:20, 10:2, 10:12, 10:15, 15:1, 15:20, 19:24, 41:2
**security** [5] - 8:21, 10:16, 15:4, 15:9, 39:15
**see** [33] - 13:9, 15:1, 16:2, 16:12, 17:9, 17:11, 18:5, 18:12, 20:21, 21:7, 21:10, 22:3, 22:19, 23:13, 24:10, 25:8, 25:12, 31:3, 33:4, 33:12, 35:2, 38:8, 38:17, 42:23, 44:8, 45:2, 48:12, 48:13, 49:17, 49:19, 54:5, 55:14, 58:6
**Sellner** [2] - 2:2, 5:17
**sends** [1] - 11:6
**separate** [7] - 35:14, 53:3, 54:4, 54:20, 54:23, 55:1, 56:6
**serve** [1] - 45:22
**served** [2] - 7:11, 46:9
**service** [4] - 45:24, 46:4, 46:8, 47:7
**Services** [1] - 6:8
**set** [3] - 19:9, 30:13, 32:19
**settle** [1] - 54:7
**settled** [6] - 50:2, 50:20, 52:3, 52:13, 52:20, 53:20
**settlement** [20] - 20:11, 20:14, 26:9, 26:13, 48:1, 48:10, 50:7, 50:12, 52:6, 52:7, 53:2, 53:4, 54:12, 54:15, 54:17, 55:2, 55:10, 56:5, 56:6, 56:11
**several** [1] - 22:17
**Several** [1] - 42:24
**sh** [1] - 20:11
**shareholder** [1] - 30:10
**shell** [1] - 51:14
**shoes** [1] - 33:9
**show** [4] - 17:21, 18:19, 35:22, 48:22
**showed** [1] - 30:3
**sic** [2] - 17:2, 20:4
**side** [1] - 33:20
**sign** [3] - 58:25, 59:3, 61:16
**signed** [2] - 15:10, 16:24
**significance** [2] - 22:5, 22:22
**similar** [1] - 46:14
**situations** [1] - 39:9
**six** [1] - 9:7
**sold** [1] - 20:11
**someone** [1] - 21:1
**sometime** [4] - 6:11, 23:21, 23:25, 45:5
**sometimes** [5] - 5:16, 9:7, 13:1, 29:16, 29:17
**somewhere** [2] - 6:11, 41:20
**sorry** [4] - 11:11, 23:11, 27:3, 37:24
**sort** [1] - 9:8
**sounded** [1] - 29:5
**sounds** [1] - 32:7
**source** [1] - 19:20
**speaking** [1] - 47:16
**specifically** [2] - 25:24, 26:1
**speculation** [1] - 37:23
**spouse** [1] - 29:16
**SQUIRES** [1] - 2:7
**St** [4] - 1:23, 2:9, 2:14, 5:23
**stamp** [7] - 19:6, 19:7, 20:17, 21:24, 26:24, 27:4, 36:4
**standard** [1] - 56:9
**Star** [1] - 34:6
**start** [5] - 4:23, 11:16, 11:23, 34:15, 41:16
**started** [4] - 6:2, 6:7, 25:9
**starting** [1] - 23:20
**starts** [1] - 12:21
**State** [2] - 36:5, 61:6
**state** [1] - 5:13
**STATE** [2] - 1:1, 61:1
**Statement** [1] - 19:17
**statement** [3] - 40:22, 42:24, 46:6
**statements** [1] - 51:8
**States** [2] - 23:2, 38:20
**states** [2] - 38:20, 39:14
**step** [2] - 33:9, 33:15
**stepped** [1] - 33:15
**Stermer** [17] - 2:1, 2:2, 4:4, 5:8, 5:15, 5:16, 5:17, 9:14, 11:10, 22:19, 34:11, 57:2, 57:3, 59:10, 59:14, 60:1, 61:4
**STERMER** [4] - 1:13, 3:2, 4:18, 60:20
**still** [4] - 10:8, 24:13, 44:20, 44:24
**Stock** [1] - 17:5
**stockholding** [1] - 24:21
**stolen** [1] - 29:8
**Street** [1] - 2:8
**strike** [6] - 9:12, 21:22, 22:14, 23:11, 52:10, 53:18
**stuff** [1] - 56:10
**subject** [1] - 54:12
**subpoena** [1] - 7:11
**Subscribed** [1] - 60:22
**subsequently** [1] - 12:9
**successor** [1] - 38:24
**sue** [1] - 25:24
**sued** [2] - 21:16, 28:18
**suing** [2] - 29:4, 33:10
**Suite** [2] - 2:9, 2:13
**summary** [1] - 27:1
**suppose** [1] - 27:22
**supposed** [1] - 43:16
**surgery** [1] - 7:13
**swear** [1] - 4:16
**sworn** [3] - 4:19, 60:22, 61:5
**SWORN**.................... .[1] - 3:2

## T

**talks** [4] - 21:5, 21:8, 22:2, 38:13
**tcatmore@martinsquires.com** [1] - 2:10
**technically** [1] - 44:24
**TECHNICIAN** [3] - 4:2, 4:15, 59:7
**technician** [1] - 2:19
**ten** [2] - 7:8, 34:17
**terms** [17] - 10:5, 10:21, 10:25, 13:14, 14:22, 16:22, 18:14, 19:21, 19:22, 20:4, 22:23, 24:3, 24:20, 26:14, 28:3, 28:4, 55:19
**testified** [4] - 4:20, 39:21, 41:3, 47:22
**testifying** [1] - 34:18
**testimony** [13] - 5:1, 9:11, 13:21, 21:21, 22:15, 26:4, 26:22, 29:25, 31:17, 47:17, 54:11, 61:8, 61:8
**th** [1] - 12:18
**THE** [12] - 4:2, 4:15, 34:10, 38:7, 53:23, 57:17, 58:19, 58:24, 59:1, 59:3, 59:6, 59:7
**themselves** [1] - 4:9
**therefore** [1] - 33:19
**they've** [1] - 21:12
**thi** [1] - 37:5
**Thielman** [1] - 2:13
**third** [3] - 16:7, 17:2, 38:19
**Thomas** [3] - 1:7, 2:11, 4:13
**thousand** [7] - 16:17, 16:18, 16:20, 16:23, 18:22, 24:13, 30:3
**thousands** [2] - 29:5, 30:23
**three** [5] - 14:12, 18:25, 30:14, 30:15, 40:8
**throughout** [2] - 36:3, 44:14
**timeframe** [1] - 6:11
**timeline** [1] - 12:10
**today** [8] - 7:2, 34:3, 34:17, 34:18, 35:19, 37:1, 45:9, 46:5
**today's** [1] - 4:4
**together** [2] - 52:25, 54:3
**Tom** [1] - 11:19
**took** [3] - 6:25, 25:9, 32:13
**top** [3] - 17:5, 23:12, 38:17
**tot** [1] - 54:20
**totally** [7] - 32:14, 32:16, 33:16, 33:19, 35:14, 54:21, 58:15
**trade** [1] - 38:6
**trailer** [2] - 55:24
**trailers** [5] - 52:1, 52:2, 53:10, 53:12, 56:15
**transactions** [1] - 9:7
**transcribed** [1] - 61:8
**transcript** [1] - 59:13
**transfer** [4] - 21:1, 21:18, 25:7, 25:25
**transferred** [2] - 21:9, 21:13
**transfers** [3] - 20:19, 25:4, 25:8
**Transfers** [1] - 20:22
**trial** [1] - 7:7
**tried** [1] - 45:22
**troubling** [1] - 56:2
**true** [4] - 10:12, 50:6, 60:3, 61:8
**Trustee** [10] - 27:6, 27:10, 27:13, 31:14, 31:20, 31:24, 38:21, 43:16, 45:11, 58:7
**trustee** [43] - 6:21, 6:23, 7:1, 8:1, 8:7, 8:8, 8:19, 9:15, 9:22, 10:21, 10:23, 12:4, 12:10, 13:19, 15:3, 15:17, 21:11, 23:5, 25:17, 25:21, 25:22, 26:15, 26:25, 27:20, 29:13, 29:14, 31:25, 32:8, 33:1, 33:8,

# EXHIBIT 3

**B1 (Official Form 1) (04/13)**

# United States Bankruptcy Court
## District of Minnesota

**Voluntary Petition**

| Debtor | Joint Debtor |
|---|---|
| Name of Debtor (if individual, enter Last, First, Middle):<br>Monson, Chad L. | Name of Joint Debtor (Spouse) (Last, First, Middle): |
| All Other Names used by the Debtor in the last 8 years (include married, maiden, and trade names):<br>None | All Other Names used by the Joint Debtor in the last 8 years (include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN (if more than one, state all): 2790 | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN (if more than one, state all): |
| Street Address of Debtor (No. and Street, City, and State)<br>1502 45th Avenue SE<br>Willmar, MN<br>ZIPCODE 56201 | Street Address of Joint Debtor (No. and Street, City, and State<br>ZIPCODE |
| County of Residence or of the Principal Place of Business:<br>Kandiyohi | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>ZIPCODE | Mailing Address of Joint Debtor (if different from street address):<br>ZIPCODE |

Location of Principal Assets of Business Debtor (if different from street address above):

ZIPCODE

**Type of Debtor**
(Form of Organization)
(Check **one** box)

- [x] Individual (includes Joint Debtors)
  *See Exhibit D on page 2 of this form.*
- [ ] Corporation (includes LLC and LLP)
- [ ] Partnership
- [ ] Other (If debtor is not one of the above entities, check this box and state type of entity below.)

**Nature of Business**
(Check **one** box)

- [ ] Health Care Business
- [ ] Single Asset Real Estate as defined in 11 U.S.C. § 101 (51B)
- [ ] Railroad
- [ ] Stockbroker
- [ ] Commodity Broker
- [ ] Clearing Bank
- [x] Other

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box)

- [x] Chapter 7
- [ ] Chapter 9
- [ ] Chapter 11
- [ ] Chapter 12
- [ ] Chapter 13
- [ ] Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- [ ] Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Chapter 15 Debtors**

Country of debtor's center of main interests: ________

Each country in which a foreign proceeding by, regarding, or against debtor is pending: ________

**Tax-Exempt Entity**
(Check box, if applicable)

- [ ] Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code)

**Nature of Debts**
(Check one box)

- [ ] Debts are primarily consumer debts, defined in 11 U.S.C. §101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
- [x] Debts are primarily business debts.

**Filing Fee** (Check one box)

- [x] Full Filing Fee attached
- [ ] Filing Fee to be paid in installments (applicable to individuals only) Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- [ ] Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**

**Check one box:**

- [ ] Debtor is a small business as defined in 11 U.S.C. § 101(51D)
- [ ] Debtor is not a small business as defined in 11 U.S.C. § 101(51D)

**Check if:**

- [ ] Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,490,925 *(amount subject to adjustment on 4/01/16 and every three years thereafter).*

**Check all applicable boxes**

- [ ] A plan is being filed with this petition.
- [ ] Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Statistical/Administrative Information**

- [x] Debtor estimates that funds will be available for distribution to unsecured creditors.
- [ ] Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

**THIS SPACE IS FOR COURT USE ONLY**

Estimated Number of Creditors

| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |
|---|---|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [x] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |

Estimated Assets

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [ ] | [ ] | [x] | [ ] | [ ] | [ ] | [ ] | [ ] |

Estimated Liabilities

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [ ] | [ ] | [ ] | [x] | [ ] | [ ] | [ ] | [ ] |

Bankruptcy2014 ©1991-2014, New Hope Software, Inc., ver. 4.7.7-810 - 31463-302Y-***** - PDF-XChange 3.0

**Voluntary Petition**
*(This page must be completed and filed in every case)*

Name of Debtor(s):
Chad L. Monson

**All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet)

| Location Where Filed: | Case Number: | Date Filed: |
|---|---|---|
| NONE | | |
| N.A. | | |

**Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor** (If more than one, attach additional sheet)

| Name of Debtor: NONE | Case Number: | Date Filed: |
|---|---|---|
| District: | Relationship: | Judge: |

## Exhibit A

(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11)

☐ Exhibit A is attached and made a part of this petition.

## Exhibit B

(To be completed if debtor is an individual whose debts are primarily consumer debts)

I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. § 342(b).

X ______________________________
Signature of Attorney for Debtor(s) Date

## Exhibit C

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

☑ No.

## Exhibit D

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☑ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

## Information Regarding the Debtor - Venue

(Check any applicable box)

☑ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United Sates in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

## Certification by a Debtor Who Resides as a Tenant of Residential Property

(Check all applicable boxes)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

______________________________
(Name of landlord that obtained judgment)

______________________________
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(1)).

Bankruptcy2014 ©1991-2014, New Hope Software, Inc., ver. 4.7.7-810 - 31463-302Y-***** - PDF-XChange 3.0

**Voluntary Petition**
*(This page must be completed and filed in every case)*

Name of Debtor(s):
Chad L. Monson

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

**X** /e/Chad L. Monson
Signature of Debtor

**X** ______________________
Signature of Joint Debtor

______________________
Telephone Number (If not represented by attorney)

May 19, 2014
Date

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only **one** box.)

☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 of title 11 are attached.

☐ Pursuant to 11 U.S.C.§ 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

**X** ______________________
(Signature of Foreign Representative)

______________________
(Printed Name of Foreign Representative)

______________________
(Date)

### Signature of Attorney*

**X** /e/Thomas J. Flynn
Signature of Attorney for Debtor(s)

THOMAS J. FLYNN 30570
Printed Name of Attorney for Debtor(s)

Larkin, Hoffman, Daly & Lindgren
Firm Name

7900 Xerxes Ave S
Address

Suite 1500Minneapolis MN 55431

952-835-3800
Telephone Number

May 19, 2014
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

**X** ______________________
Signature of Authorized Individual

______________________
Printed Name of Authorized Individual

______________________
Title of Authorized Individual

______________________
Date

### Signature of Non-Attorney Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110, (2) I prepared this document for compensation, and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. § 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

______________________
Printed Name and title, if any, of Bankruptcy Petition Preparer

______________________
Social Security Number (If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

______________________
Address

______________________

X______________________

______________________
Date

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social Security number is provided above.

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. §110; 18 U.S.C. §156.*

Bankruptcy2014 ©1991-2014, New Hope Software, Inc., ver. 4.7.7-810 - 31463-302Y-***** - PDF-XChange 3.0

B1 D (Official Form 1, Exhibit D ) (12/09)

# UNITED STATES BANKRUPTCY COURT
**District of Minnesota**

In re Chad L. Monson
Debtor(s)

Case No.______________
(if known)

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

☑ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed***.**

Bankruptcy2014 ©1991-2014, New Hope Software, Inc., ver. 4.7.7-810 - 31463-302Y-***** - PDF-XChange 3.0

❐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Summarize exigent circumstances here.]*

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

❐ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*

❐ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

❐ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.)**;**

❐ Active military duty in a military combat zone.

❐ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district**.**

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor: /e/Chad L. Monson
CHAD L. MONSON

Date: May 19, 2014

Bankruptcy2014 ©1991-2014, New Hope Software, Inc., ver. 4.7.7-810 - 31463-302Y-***** - PDF-XChange 3.0

B6 Summary (Official Form 6 - Summary) (12/13)

# United States Bankruptcy Court

District of Minnesota

In re Chad L. Monson
Debtor

Case No. ____________

Chapter 7

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

**AMOUNTS SCHEDULED**

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A – Real Property | YES | 1 | $ 1,399,200 | | |
| B – Personal Property | YES | 3 | $ 10,960 | | |
| C – Property Claimed as exempt | YES | 1 | | | |
| D – Creditors Holding Secured Claims | YES | 2 | | $ 2,675,000 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | YES | 2 | | $ 0 | |
| F - Creditors Holding Unsecured Nonpriority Claims | YES | 34 | | $ 8,154,866 | |
| G - Executory Contracts and Unexpired Leases | YES | 1 | | | |
| H - Codebtors | YES | 1 | | | |
| I - Current Income of Individual Debtor(s) | YES | 2 | | | $ 0 |
| J - Current Expenditures of Individual Debtors(s) | YES | 3 | | | $ 1,750 |
| **TOTAL** | | 50 | $ 1,410,160 | $ 10,829,866 | |

Bankruptcy2014 ©1991-2014, New Hope Software, Inc., ver. 4.7.7-810 - 31463-302Y-***** - PDF-XChange 3.0

# United States Bankruptcy Court
District of Minnesota

In re Chad L. Monson
Debtor

Case No. ____________

Chapter 7

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C. §101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☑ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | $ N.A. |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | $ N.A. |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | $ N.A. |
| Student Loan Obligations (from Schedule F) | $ N.A. |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | $ N.A. |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | $ N.A. |
| TOTAL | $ N.A. |

**State the Following:**

| | |
|---|---|
| Average Income (from Schedule I, Line 12) | $ N.A. |
| Average Expenses (from Schedule J, Line 22) | $ N.A. |
| Current Monthly Income (from Form 22A Line 12; **OR**, Form 22B Line 11; **OR**, Form 22C Line 20 ) | $ N.A. |

**State the Following:**

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | $ N.A. |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column. | $ N.A. | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | $ N.A. |
| 4. Total from Schedule F | | $ N.A. |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | $ N.A. |

Bankruptcy2014 ©1991-2014, New Hope Software, Inc., ver. 4.7.7-810 - 31463-302Y-***** - PDF-XChange 3.0

In re Chad L. Monson Case No. ______
Debtor (If known)

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a co-tenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C – Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| 1. 1502 45th Ave. S.E., Willmar, MN 56201<br>Legal description: Section 25, TWP 119, Range 35 of Lot 6 of Sec. 25 in plat of Grass Lake in Sections 23, 24, 25 and 26 | Homestead | | 448,200 | 150,000 |
| 2. Plus Contiguous land<br>Legal description: See attachment | Homestead | | | |
| 3. 2783 45th Ave. S.E., Willmar, MN 56201 (33 acres)<br>Legal description: See attachment | | | 201,000 | 75,000 |
| 4. 204 acres, Divide Cty., N.D.<br>Legal description: See attachment<br>3-162-103L 05-06 | | | Unknown | Unknown |
| 5. 7600 Highway 71 South, Willmar, MN 56201<br>Legal description: See attachment | | | 750,000 | 750,000 |
| | | Total ➤ | 1,399,200 | |

(Report also on Summary of Schedules.)

Bankruptcy2014 ©1991-2014, New Hope Software, Inc., ver. 4.7.7-810 - 31463-302Y-*****

ATTACHMENT TO SCHEDULE A AND SCHEDULE C
(Contiguous Land)

2. Section 26, TWP 119, Range 35, all that part of sublot A of Lots 1 to 8 including Sec. 26, TWP 119, Range 35 of plat of Grass Lake in Sections 23, 24, 25 and 26 described as follows: Beg. at the NE corner of 5D sub-lot A, the S'LY 895' to +6 BERM of coditch #23, the NW'LY along SD BERM

3. Section 36, TWP 119, Range 35, that part of the NE1/4 of NE1/4 described as follows: Beg at the NE corner of SD Section 36, the W 806.29', the S 1081.83', the E 813.18', the N 1063.77' to pt of beg & also that part of the NE1/4 of NE1/4 described as follows: comm at the NE corner of SD Section 36, the W 867.27' to pt

5. Real property situated in Kandiyohi County, Minnesota, described as follows: That part of Government Lot 1 of Section 10, Township 118N, Range 35W of the Fifth Principal Meridian, Whitefield Township, Kandiyohi County, Minnesota, described as follows: Beginning at the Northeast corner of said Section 10; thence on an assumed bearing of South 0 degrees 02 minutes 57 seconds East, along the East line of said Section 10, a distance of 815.30 feet; thence on a bearing of South 88 degrees 49 minutes 48 seconds West, 748.13 feet; thence on a bearing of North 0 degrees 02 minutes 57 seconds West, 815.30 feet to the North line of Section 10; thence on a bearing of North 88 degrees 49 minutes 48 seconds East, along last said line, 748.13 feet to the point of beginning. Subject to the rights of the public in County Road No. 85 and U.S.T.H. No. 71. Subject to easements of record. Subject to the following exceptions: Subject to easements and restrictions of record, if any.

B6B (Official Form 6B) (12/07)

**In re** Chad L. Monson
**Debtor**

**Case No.** ______________
**(If known)**

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property." If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See. 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m).

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand. | | Cash | | 20 |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | Heritage Bank - Willmar, MN (checking, HSA)<br>Bremer Bank - Willmar, MN (checking account)<br>Minnwest Bank - Montevideo, MN (checking account) | | 15<br>5<br>1 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | | Household goods and furnishings, usual items, no one item worth more than $575, one computer | | 1,000 |
| 5. Books. Pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | | Included in #4 | | 50 |
| 6. Wearing apparel. | | Wearing Apparel, usual items, no one item worth more than $575 | | 1,000 |
| 7. Furs and jewelry. | X | | | |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | | 401(k) | | 8,869 |

Bankruptcy2014 ©1991-2014, New Hope Software, Inc., ver. 4.7.7-810 - 31463-302Y-***** - PDF-XChange 3.0

In re Chad L. Monson
Debtor

Case No. ______
(If known)

# SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | | Monson Corporation (in receivership)<br>MRK Property, LLC<br>Monson Holdings, LLC (in receivership) | | 0<br>0<br>0 |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlement to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owing debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate or a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights of setoff claims. Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. §101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | X | | | |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |

Bankruptcy2014 ©1991-2014, New Hope Software, Inc., ver. 4.7.7-810 - 31463-302Y-***** - PDF-XChange 3.0

B6B (Official Form 6B) (12/07) -- Cont.

In re Chad L. Monson
Debtor

Case No. ______________
(If known)

# SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

0 continuation sheets attached    Total $ 10,960

(Include amounts from any continuation sheets attached. Report total also on Summary of Schedules.)

Bankruptcy2014 ©1991-2014, New Hope Software, Inc., ver. 4.7.7-810 - 31463-302Y-***** - PDF-XChange 3.0

In re Chad L. Monson
Debtor

Case No. ____________
(If known)

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:
(Check one box)

☐ 11 U.S.C. § 522(b)(2)
☑ 11 U.S.C. § 522(b)(3)

☐ Check if debtor claims a homestead exemption that exceeds $155,675*.

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTION |
|---|---|---|---|
| 1502 45th Ave. S.E., Willmar, MN 56201 Legal description: Section 25, TWP 119, Range 35 of Lot 6 of Sec. 25 in plat of Grass Lake in Sections 23, 24, 25 and 26 (See attached Lagel description) | MS §§ 510.02 | 100% of FMV | 448,200 |
| Household goods and furnishings, usual items, no one item worth more than $575, one computer | MS § 550.37(4)(b) | 100% of FMV | 1,000 |
| Wearing Apparel, usual items, no one item worth more than $575 | MS § 550.37(4)(a) | 100% of FMV | 1,000 |
| 401(k) | 29 USC § 1056 (not property of estate) | 100% of FMV | 8,869 |
| | Total exemptions claimed: | 309,069 | |

*Amount subject to adjustment on 4/01/16 and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

Bankruptcy2014 ©1991-2014, New Hope Software, Inc., ver. 4.7.7-810 - 31463-302Y-*****

**B6D (Official Form 6D) (12/07)**

**In re** Chad L. Monson, **Debtor** **Case No.** ____________ **(If known)**

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled “Amount of Claim Without Deducting Value of Collateral” and “Unsecured Portion, if Any” in the boxes labeled “Total(s)” on the last sheet of the completed schedule. Report the total from the column labeled “Amount of Claim Without Deducting Value of Collateral” also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled “Unsecured Portion, if Any” on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| **CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER** (*See Instructions Above.*) | **CODEBTOR** | **HUSBAND, WIFE, JOINT OR COMMUNITY** | **DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN** | **CONTINGENT** | **UNLIQUIDATED** | **DISPUTED** | **AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL** | **UNSECURED PORTION, IF ANY** |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br>Dennis Larson<br>Lori Larson<br>1006 Adam Avenue<br>Montevideo, MN 56265 | | | Lien on homestead<br>VALUE $ 448,200 | | | | 150,000 | 0 |
| ACCOUNT NO.<br>Gary L. Monson<br>2783 45th Avenue S.E.<br>Willmar, MN 56201 | | | Lien on 2783 45th Avenue S.E., Willmar, MN<br>VALUE $ 201,000 | | | | 75,000 | 0 |
| ACCOUNT NO.<br>Jo Ann Monson<br>6282 147th Street S.E.<br>Lake Lilian, MN 56201 | | | Judgment liens<br>VALUE $ 0 | | X | | 1,700,000 | 1,700,000 |

1 continuation sheets attached

| | | |
|---|---|---|
| Subtotal ➤ (Total of this page) | $ 1,925,000 | $ 1,700,000 |
| Total ➤ (Use only on last page) | $ | $ |
| | (Report also on Summary of Schedules) | (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.) |

Bankruptcy2014 ©1991-2014, New Hope Software, Inc., ver. 4.7.7-810 - 31463-302Y-***** - PDF-XChange 3.0

**B6D (Official Form 6D) (12/07) – Cont.**

**In re** Chad L. Monson, **Case No.** ____________
**Debtor** **(If known)**

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See Instructions Above.*) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br>North American State Bank<br>2800 1st Street South, #101<br>Willmar, MN 56301 | | | Lien on 7600 Highway 71 South, Willmar, MN<br>VALUE $ 750,000 | | X | | 750,000 | 0 |
| ACCOUNT NO. | | | VALUE $ | | | | | |
| ACCOUNT NO. | | | VALUE $ | | | | | |
| ACCOUNT NO. | | | VALUE $ | | | | | |
| ACCOUNT NO. | | | VALUE $ | | | | | |

Sheet no. 1 of 1 continuation sheets attached to Schedule of Creditors Holding Secured Claims

| | | |
|---|---|---|
| Subtotal (s)➤ (Total(s) of this page) | $ 750,000 | $ 0 |
| Total(s)➤ (Use only on last page) | $ 2,675,000 | $ 1,700,000 |
| | (Report also on Summary of Schedules) | (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.) |

Bankruptcy2014 ©1991-2014, New Hope Software, Inc., ver. 4.7.7-810 - 31463-302Y-***** - PDF-XChange 3.0

B6E (Official Form 6E) (04/13)

In re Chad L. Monson, Debtor

Case No.______________________________ (if known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. § 112 and Fed.R.Bankr.P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether husband, wife, both of them or the marital community may be liable on each claim by placing an "H,""W,""J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts not entitled to priority listed on each sheet in the box labeled “Subtotals” on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled “Totals” on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☑ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS** (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic Support Obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $12,475* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

**Amount subject to adjustment on 4/01/16 and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

Bankruptcy2014 ©1991-2014, New Hope Software, Inc., ver. 4.7.7-810 - 31463-302Y-***** - PDF-XChange 3.0

CASE 0:26-cv-03632-NEB-EMB Doc. 13-1 Filed 09/16/24 Page 52 of 164

**B6E (Official Form 6E) (04/13) - Cont.**

In re Chad L. Monson, Debtor

Case No.________________ (if known)

☐ **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $6,150* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

Claims of individuals up to $2,775* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☐ **Taxes and Certain Other Debts Owed to Governmental Units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to Maintain the Capital of an Insured Depository Institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for Death or Personal Injury While Debtor Was Intoxicated**

Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

* Amounts are subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

0 **continuation sheets attached**

Bankruptcy2014 ©1991-2014, New Hope Software, Inc., ver. 4.7.7-810 - 31463-302Y-***** - PDF-XChange 3.0

**B6F (Official Form 6F) (12/07)**

**In re** Chad L. Monson, **Debtor**    **Case No.** ____________ **(If known)**

# SCHEDULE F- CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br>1st International Bank & Trust<br>PO Box 607, 100 N. Main<br>Watford City, ND 58854 | | | | | | | 340,000 |
| ACCOUNT NO.<br>ACMC Clinic<br>PO Box 1318<br>Willmar, MN 56201 | | | Business Debt | | | | 71 |
| ACCOUNT NO. 5637<br>Affiliated Community Medical Centers<br>PO Box 1318<br>Willmar, MN 56201 | | | | | | | 1,091 |
| ACCOUNT NO.<br>American Engineering Testing, Inc.<br>550 Cleveland Ave. N.<br>St. Paul, MN 55114 | | | Business Debt | | | | 370 |

33 continuation sheets attached

Subtotal ➤ $ 341,532

Total ➤ $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)

Bankruptcy2014 ©1991-2014, New Hope Software, Inc., ver. 4.7.7-810 - 31463-302Y-***** - PDF-XChange 3.0

**B6F (Official Form 6F) (12/07) - Cont.**

**In re** Chad L. Monson, **Debtor**

**Case No.** ____________ **(If known)**

# SCHEDULE F- CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br>American Express<br>PO Box 0001<br>Los Angeles, CA 90096-0001 | | | Business Debt | | | | 12,182 |
| ACCOUNT NO.<br>American Welding Supplies<br>P.O.Box 30778<br>Billings, MT 59107 | | | Business Debt | | | | 2,906 |
| ACCOUNT NO.<br>Anderson Crane<br>1213 Harmon Place<br>Minneapolis, MN 55403 | | | Business Debt | | | | 1,241 |
| ACCOUNT NO.<br>Anderson, Larson, Saunders &<br>Klaassen PLLP<br>331 3rd St. SW<br>P.O. Box 130<br>Willmar, MN 56201 | | | Business Debt | | | | 984 |
| ACCOUNT NO.<br>Anderson, Larson, Saunders &<br>Klaassen PLLP<br>331 Professional Plaza<br>331 Third Street SW<br>P.O. Box 130<br>Willmar, MN 56201 | | | Business Debt | | | | 4,358 |

Sheet no. 1 of 33 continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal ➤ $ 21,671

Total ➤ $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)

Bankruptcy2014 ©1991-2014, New Hope Software, Inc., ver. 4.7.7-810 - 31463-302Y-***** - PDF-XChange 3.0

B6F (Official Form 6F) (12/07) - Cont.

In re Chad L. Monson, Debtor    Case No. ________ (If known)

# SCHEDULE F- CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br>Anderson, Larson, Saunders and Klaassen<br>331 3rd St. SW<br>P.O. Box 130<br>Willmar, MN 56201 | | | Business Debt | | | | 1,177 |
| ACCOUNT NO.<br>Anderson, Larson, Saunders, Klaassen<br>P.O. Box 130<br>Willmar, MN 56201 | | | Business Debt | | | | 2,415 |
| ACCOUNT NO.<br>AP Truck Parts<br>1508 21st Street<br>Humboldt, IA 50548 | | | Business Debt | | | | 943 |
| ACCOUNT NO.<br>Arvig<br>PO Box 110<br>Perham, MN 56573-0110 | | | Business Debt | | | | 98 |
| ACCOUNT NO.<br>AUS Minneapolis<br>MC Lockbox 26466<br>Network Place<br>Chicago, IL 60673-1264 | | | Business Debt | | | | 2,515 |

Sheet no. 2 of 33 continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal ➤ $ 7,148

Total ➤ $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)

Bankruptcy2014 ©1991-2014, New Hope Software, Inc., ver. 4.7.7-810 - 31463-302Y-***** - PDF-XChange 3.0

**B6F (Official Form 6F) (12/07) - Cont.**

**In re** Chad L. Monson, **Case No.** ____________
**Debtor** **(If known)**

# SCHEDULE F- CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT ORCOMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br>Auto Value Willmar<br>1411 SE 1st Street<br>PO Box 350<br>Willmar, MN 56201 | | | Business Debt | | | | 1,741 |
| ACCOUNT NO.<br>Bauer Built Tire<br>PO Box 248<br>Durand, WI 54736-0248 | | | Business Debt | | | | 950 |
| ACCOUNT NO.<br>Benefits Design Group, Inc.<br>PO Box 370<br>Onalaska, WI 54650 | | | Business Debt | | | | 60 |
| ACCOUNT NO.<br>Bennett Office Technologies<br>PO Box 979<br>Willmar, MN 56201 | | | Business Debt | | | | 4,901 |
| ACCOUNT NO.<br>Bituminous Insurance Companies<br>320 18th Street<br>Rock Island, MN 61201-8744 | | | Business Debt | | | | 4,280 |

Sheet no. 3 of 33 continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal ➤ $ 11,932

Total ➤ $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)

Bankruptcy2014 ©1991-2014, New Hope Software, Inc., ver. 4.7.7-810 - 31463-302Y-***** - PDF-XChange 3.0

**B6F (Official Form 6F) (12/07) - Cont.**

**In re** Chad L. Monson, **Debtor** **Case No.** ______ **(If known)**

# SCHEDULE F- CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT ORCOMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br>Blomkest Oil<br>P.O. Box 77<br>Blomkest, MN 56216 | | | Business Debt | | | | 592 |
| ACCOUNT NO.<br>Border States Electric Supply<br>NW 7235<br>PO Box 1450<br>Minneapolis, MN 55485-7235 | | | Business Debt | | | | 2,046 |
| ACCOUNT NO.<br>Builders and Contractors Workers' Comp<br>7900 Xerxes Ave. South<br>Suite 300<br>Bloomington, MN 55431 | | | Business Debt | | | | -21,164 |
| ACCOUNT NO.<br>Cargill, Inc.<br>PO Box 1450<br>NW 9658<br>Minneapolis, MN 55485-9658 | | | Business Debt | | | | 1,758 |
| ACCOUNT NO.<br>Central Lakes Coop<br>16319 Hwy 12 E<br>PO Box 629<br>Atwater, MN 56209 | | | Business Debt | | | | 119,373 |

Sheet no. 4 of 33 continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal ➤ $ 102,605

Total ➤ $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)

Bankruptcy2014 ©1991-2014, New Hope Software, Inc., ver. 4.7.7-810 - 31463-302Y-***** - PDF-XChange 3.0

**B6F (Official Form 6F) (12/07) - Cont.**

**In re** Chad L. Monson, **Debtor** **Case No.** ______ **(If known)**

# SCHEDULE F- CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br>Central Lakes Cooperative<br>P.O. Box 629<br>Atwater, MN 56209-0629 | | | Business Debt | | | | 147,514 |
| ACCOUNT NO.<br>Central McGowen Inc.<br>PO Box 66<br>St. Cloud, MN 56302 | | | Business Debt | | | | 430 |
| ACCOUNT NO. 5400<br>Central Minnesota Pediatric Dentists, PA<br>Drs. Andree, Naomi, Gregg, Mike, Joe<br>1900 Centracare Circle, Suite 0350<br>St. Cloud, MN 56303-5000 | | | | | | | 154 |
| ACCOUNT NO.<br>CFI Sales, Inc.<br>2041 E. Walnut<br>Des Moines, IA 50317 | | | Business Debt | | | | 1,392 |
| ACCOUNT NO.<br>Chase Credit Card<br>PO Box 94014<br>Palatine, Il 60094-4014 | | | Business Debt | | | | 84,209 |

Sheet no. 5 of 33 continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal ➤ $ 233,699

Total ➤ $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)

Bankruptcy2014 ©1991-2014, New Hope Software, Inc., ver. 4.7.7-810 - 31463-302Y-***** - PDF-XChange 3.0

**B6F (Official Form 6F) (12/07) - Cont.**

**In re** Chad L. Monson, **Debtor** — **Case No.** ________ **(If known)**

# SCHEDULE F- CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT ORCOMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br>Christianson & Associates, PLLP<br>302 Fifth Street SW<br>Willmar, MN 56201 | | | Business Debt | | | | 111,946 |
| ACCOUNT NO.<br>CitiMortgage, Inc.<br>PO Box 790005<br>St. Louis, MO 63179-0005 | | | | | | | 100,660 |
| ACCOUNT NO.<br>Cloudnet<br>26 6th Ave. N., Suite 110<br>St. Cloud, MN 56303-4747 | | | Business Debt | | | | 124 |
| ACCOUNT NO.<br>CNA Surety<br>P.O. Box 802876<br>Chicago, IL 60680-2876 | | | Business Debt | | | | 200 |
| ACCOUNT NO.<br>Como Law Firm, P.A.<br>P.O. Box 130668<br>St. Paul, MN 55113-0006 | | | Collection agents for Trustone Financial | | | | Notice Only |

Sheet no. 6 of 33 continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal ➤ $ 212,930

Total ➤ $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)

Bankruptcy2014 ©1991-2014, New Hope Software, Inc., ver. 4.7.7-810 - 31463-302Y-***** - PDF-XChange 3.0

B6F (Official Form 6F) (12/07) - Cont.

**In re** Chad L. Monson, Debtor **Case No.** ______ (If known)

# SCHEDULE F- CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT ORCOMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br>Con- Way Freight Inc.<br>PO Box 5160<br>Portland OR 97208-5160 | | | Business Debt | | | | 614 |
| ACCOUNT NO.<br>Contech Construction Products, Inc.<br>9025 Centre Pointe Drive<br>Suite 400<br>West Chester, OH 45069 | | | Business Debt | | | | 172 |
| ACCOUNT NO.<br>Corporate Benefit Administrators, Inc.<br>37 28th Ave. North<br>St. Cloud, MN 56303 | | | Business Debt | | | | 2,500 |
| ACCOUNT NO.<br>County Materials Corp.<br>205 North St.<br>PO Box 100<br>Marathon, WI 54448 | | | Business Debt | | | | 5,470 |
| ACCOUNT NO.<br>Crosby Floral and Gifts<br>P.O. Box 728<br>Crosby, ND 58730-0728 | | | Business Debt | | | | 74 |

Sheet no. 7 of 33 continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal ➤ $ 8,830

Total ➤ $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)

Bankruptcy2014 ©1991-2014, New Hope Software, Inc., ver. 4.7.7-810 - 31463-302Y-***** - PDF-XChange 3.0

CASE 0:15-cv-03632-NEB-ECW Doc. 13-1 Filed 09/14/16 Page 61 of 164

B6F (Official Form 6F) (12/07) - Cont.

In re Chad L. Monson, Debtor

Case No. ______ (If known)

# SCHEDULE F- CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br>Crowley Fleck PLLP<br>Trust Account<br>PO Box 2798<br>Bismarck, ND 58502-2798 | | | Business Debt | | | | 1,402 |
| ACCOUNT NO.<br>Crown Gas of Sauk Centre Inc.<br>11644 County Road 51<br>Sauk Centre, MN 56378 | | | Business Debt | | | | 160 |
| ACCOUNT NO.<br>CT Corporation<br>PO Box 4349<br>Carol Stream, IL 60197-4349 | | | Business Debt | | | | 365 |
| ACCOUNT NO.<br>Dan Bruder's Septic Service LLC<br>18560 Elk Loop<br>Long Prairie, MN 56347 | | | Business Debt | | | | 125 |
| ACCOUNT NO. 9446<br>DCI Credit Services, Inc.<br>Drawer 1347<br>1409 W Villard<br>Dickinson, ND 58602 | | | Collection agent for Communications Coop | | | | Notice Only |

Sheet no. 8 of 33 continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal ➤ $ 2,052

Total ➤ $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)

Bankruptcy2014 ©1991-2014, New Hope Software, Inc., ver. 4.7.7-810 - 31463-302Y-***** - PDF-XChange 3.0

**B6F (Official Form 6F) (12/07) - Cont.**

**In re** Chad L. Monson, **Debtor** **Case No.** ______ **(If known)**

# SCHEDULE F- CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br>Dennis Kittleson<br>________________<br>Westby, Montana _______ | | | Suit for return of land | | X | | Unknown |
| ACCOUNT NO.<br>Divide/Burke Abstract Co., Inc.<br>101 South Main<br>P.O. Box<br>Crosby, ND 58730 | | | Business Debt | | | | 362 |
| ACCOUNT NO.<br>Dobmeier Trucking LLC<br>8690 15th St. SE<br>Willmar, MN 56201-8600 | | | Business Debt | | | | 10,000 |
| ACCOUNT NO.<br>Donnerite Alexandria<br>3181 Evergreen Lane SW<br>Alexandria, MN 56308 | | | | | | | 33,861 |
| ACCOUNT NO.<br>Ed's Service Center<br>919 Gorton Ave. NW<br>Willmar, MN 56201 | | | Business Debt | | | | 817 |

Sheet no. 9 of 33 continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal ➤ $ 45,040

Total ➤ $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)

Bankruptcy2014 ©1991-2014, New Hope Software, Inc., ver. 4.7.7-810 - 31463-302Y-***** - PDF-XChange 3.0

**B6F (Official Form 6F) (12/07) - Cont.**

**In re** Chad L. Monson, **Debtor**  **Case No.** ______ **(If known)**

# SCHEDULE F- CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT ORCOMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br>Edelmann & Associates, Inc.<br>PO Box 47129<br>Minneapolis, MN 55447-0129 | | | Business Debt | | | | 190 |
| ACCOUNT NO.<br>Eric Forsberg | | | | | | | |
| ACCOUNT NO.<br>Fastenal<br>PO Box 978<br>Winona, MN 55987 | | | Business Debt | | | | 726 |
| ACCOUNT NO.<br>Fastenal Company<br>P.O. Box. 978<br>Winona, MN 55987 | | | Business Debt | | | | 11 |
| ACCOUNT NO.<br>Fed Ex<br>PO Box 94515<br>Palatine, IL 60094-4515 | | | Business Debt | | | | 12 |

Sheet no. 10 of 33 continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal ➤ $ 939

Total ➤ $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)

Bankruptcy2014 ©1991-2014, New Hope Software, Inc., ver. 4.7.7-810 - 31463-302Y-***** - PDF-XChange 3.0

**B6F (Official Form 6F) (12/07) - Cont.**

**In re** Chad L. Monson, **Debtor**

**Case No.** ____________ **(If known)**

# SCHEDULE F- CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT ORCOMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br>Felling Trailers<br>1525 Main St. So.<br>Sauk Centre, MN 56378 | | | Business Debt | | | | 447 |
| ACCOUNT NO.<br>Ferguson Enterprises, Inc.<br>P.O. Box 60<br>Willmar,MN 56201 | | | Business Debt | | | | 914 |
| ACCOUNT NO.<br>FleetPride<br>P.O. Box 847118<br>Dallas, TX 75284 | | | Business Debt | | | | 8,854 |
| ACCOUNT NO.<br>Freightliner of St. Cloud<br>P.O. Box 1475<br>St. Cloud, MN 56302-1475 | | | Business Debt | | | | 478 |
| ACCOUNT NO.<br>Friedrichs Tire & Oil<br>200 Main Street South<br>Sauk Centre, MN 56378 | | | Business Debt | | | | 127 |

Sheet no. 11 of 33 continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal ➤ $ 10,820

Total ➤ $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)

Bankruptcy2014 ©1991-2014, New Hope Software, Inc., ver. 4.7.7-810 - 31463-302Y-***** - PDF-XChange 3.0

**B6F (Official Form 6F) (12/07) - Cont.**

**In re** Chad L. Monson, **Case No.** ______________
**Debtor** **(If known)**

# SCHEDULE F- CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br>Frontier<br>PO Box 20550<br>Rochester, NY 14602-0550 | | | Business Debt | | | | 1,767 |
| ACCOUNT NO.<br>General Equipment & Supplies<br>PO Box 2145<br>Fargo, ND 58107-2145 | | | Business Debt | | | | 339 |
| ACCOUNT NO. 7200<br>General Steel and Supply<br>P.O. Box 1034<br>Dickinson, ND 58601-1034 | | | | | | | 7,991 |
| ACCOUNT NO.<br>Gislason & Hunter<br>P.O Box 458<br>New Ulm, MN 56073 | | | Business Debt | | | | 9,017 |
| ACCOUNT NO.<br>Grey, Plant, Mooty Law Firm<br>1010 West St. Germain Street<br>St. Cloud, MN 56301 | | | Attorneys for Heritage Bank | | | | Notice Only |

Sheet no. 12 of 33 continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal ➤ $ 19,114

Total ➤ $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)

Bankruptcy2014 ©1991-2014, New Hope Software, Inc., ver. 4.7.7-810 - 31463-302Y-***** - PDF-XChange 3.0

**B6F (Official Form 6F) (12/07) - Cont.**

**In re** Chad L. Monson, **Debtor**

**Case No.** ____________ **(If known)**

# SCHEDULE F- CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT ORCOMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br>Hammer & Steel, Inc.<br>P.O. Box 66936<br>St. Louis, MO 63166-6936 | | | Business Debt | | | | 641 |
| ACCOUNT NO.<br>Harmon Glass<br>PO Box 506<br>Osseo, MN 55369 | | | Business Debt | | | | 150 |
| ACCOUNT NO.<br>Hedahls Inc.<br>PO Box 1038<br>100 E. Broadway<br>Bismarck, ND 58501 | | | Business Debt | | | | 3 |
| ACCOUNT NO. 1610<br>Hedahls Inc.<br>PO Box 1038<br>Bismarck, ND 58502 | | | | | | | 4 |
| ACCOUNT NO.<br>Heritage Bank<br>Visa Cardmember Service<br>PO Box 790408<br>St. Louis, MO 63179-0408 | | | Business Debt | | X | | 55,000 |

Sheet no. 13 of 33 continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal➤ $ 55,798

Total➤ $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)

Bankruptcy2014 ©1991-2014, New Hope Software, Inc., ver. 4.7.7-810 - 31463-302Y-***** - PDF-XChange 3.0

CASE 0:26-cv-03632-NEB-EMB Doc. 13-1 Filed 09/14/24 Page 67 of 164

**B6F (Official Form 6F) (12/07) - Cont.**

**In re** Chad L. Monson, **Case No.** ______________
**Debtor** **(If known)**

# SCHEDULE F- CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT ORCOMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br>Heritage Bank<br>________________<br>Willmar, MN _____ | | | Business Debt | | | | 1,900,000 |
| ACCOUNT NO.<br>Hibu<br>Attn: Customer Service<br>P.O. Box 660052<br>Dallas, TX 75266-0052 | | | Business Debt | | | | 12,510 |
| ACCOUNT NO.<br>Hillman Bros., Inc.<br>68393 430th St.<br>Odessa, MN 56276 | | | Business Debt | | | | 10 |
| ACCOUNT NO.<br>HireRight Solutions Inc.<br>PO Box 847783<br>Dallas,TX 75284-7783 | | | Business Debt | | | | 559 |
| ACCOUNT NO.<br>Homes Electric Co.<br>2626 Valley St.<br>P.O. Box 1367<br>Minot, ND 58702-1367 | | | Business Debt | | | | 47 |

Sheet no. 14 of 33 continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal ➤ $ 1,913,126

Total ➤ $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)

Bankruptcy2014 ©1991-2014, New Hope Software, Inc., ver. 4.7.7-810 - 31463-302Y-***** - PDF-XChange 3.0

CASE 0:21-cv-03632-NEB-ECW Doc. 13-1 Filed 09/14/21 Page 68 of 164

B6F (Official Form 6F) (12/07) - Cont.

In re Chad L. Monson, Debtor — Case No. ________ (If known)

# SCHEDULE F- CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT ORCOMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br>Independent Testing Technologies Inc.<br>337 31st Ave. S.<br>Waite Park, MN 56387 | | | Business Debt | | | | 7,339 |
| ACCOUNT NO.<br>Interstate Power Systems<br>NW 7244<br>PO Box 1450<br>Minneapolis, MN 55485-7244 | | | Business Debt | | | | 17,320 |
| ACCOUNT NO.<br>Iron Planet Corporation<br>4695 Chabot Drive<br>Suite 102<br>Pleasanton, CA 94588 | | | Business Debt | | | | 945 |
| ACCOUNT NO.<br>Jean Price<br>Redwood Co. Aud./Treas.<br>PO Box 130<br>Redwood Falls, MN 56283 | | | Business Debt | | | | 908 |
| ACCOUNT NO.<br>Jet Permit<br>P.O Box 349<br>Hales Corners, Wisconsin 53130-0349 | | | Business Debt | | | | 1,066 |

Sheet no. 15 of 33 continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal ➤ $ 27,578

Total ➤ $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)

Bankruptcy2014 ©1991-2014, New Hope Software, Inc., ver. 4.7.7-810 - 31463-302Y-***** - PDF-XChange 3.0

**B6F (Official Form 6F) (12/07) - Cont.**

**In re** Chad L. Monson, **Debtor** **Case No.** ______________ **(If known)**

# SCHEDULE F- CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br>Jo Ann Monson<br>6282 147th Street S.E.<br>Lake Lilian, MN 56253 | | | Amounts claimed due under divorce decree | | X | | 1,700,000 |
| ACCOUNT NO.<br>Kandiyohi Co. Auditor/Treasurer<br>PO Box 936<br>Willmar, MN 56201 | | | Business Debt | | | | 4,531 |
| ACCOUNT NO.<br>Kandiyohi County Treasurer<br>PO Box 936<br>Willmar, MN 56201 | | | Business Debt | | | | 23,531 |
| ACCOUNT NO.<br>Kandiyohi Power Cooperative<br>8605 47th St. NE<br>Spicer, MN 56288 | | | Business Debt | | | | 11,520 |
| ACCOUNT NO.<br>Kimble Mixer Company, Inc.<br>1951 Reiser Ave. SE<br>New Philadelphia, OH 44663 | | | Business Debt | | | | 302 |

Sheet no. 16 of 33 continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal ➤ $ 1,739,884

Total ➤ $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)

Bankruptcy2014 ©1991-2014, New Hope Software, Inc., ver. 4.7.7-810 - 31463-302Y-***** - PDF-XChange 3.0

**B6F (Official Form 6F) (12/07) - Cont.**

**In re** Chad L. Monson, **Case No.** ______________
**Debtor** **(If known)**

# SCHEDULE F- CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT ORCOMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br>Komatsu Financial<br>1701 W. Golf Road, Suite 300<br>P.O. Box 5050<br>Rolling Meadows, IL 60008 | | | | | | | Unknown |
| ACCOUNT NO.<br>Lake Country Scale Works, Inc.<br>2511 60th Street NW<br>Willmar, MN 56201-9736 | | | Business Debt | | | | 743 |
| ACCOUNT NO.<br>Lang's Automotive Center, Inc.<br>Box 125<br>Olivia, MN 56277 | | | Business Debt | | | | 13 |
| ACCOUNT NO.<br>Late Bloomers Floral & Gift<br>902 1st St. So.<br>Willmar, MN 56201 | | | Business Debt | | | | 57 |
| ACCOUNT NO.<br>Leuthner & Huether<br>218 3rd Avenue East<br>Suite 102<br>Alexandria, MN 56308 | | | Business Debt | | | | 545 |

Sheet no. 17 of 33 continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal ➤ $ 1,358

Total ➤ $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)

Bankruptcy2014 ©1991-2014, New Hope Software, Inc., ver. 4.7.7-810 - 31463-302Y-***** - PDF-XChange 3.0

B6F (Official Form 6F) (12/07) - Cont.

In re Chad L. Monson, Debtor — Case No. ________ (If known)

# SCHEDULE F- CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br>Lighthouse Management Group, Inc.<br>3900 Northwoods Drive<br>Suite 215<br>Arden Hills, MN 55112 | | | Business Debt | | | | 52,302 |
| ACCOUNT NO.<br>Lindquist & Vennum LLP<br>SDS-12-3077<br>P.O. Box 86<br>Minneapolis, MN 55486-3077 | | | Business Debt | | | | 17,828 |
| ACCOUNT NO.<br>Lube - Tech Lubrication Technologies, Inc.<br>858 Transfer Road<br>St. Paul, MN 55114 | | | Business Debt | | | | 8,103 |
| ACCOUNT NO.<br>Machinery Trader<br>P.O. Box 85673<br>Lincoln, NE 68501-5673 | | | Business Debt | | | | 1,785 |
| ACCOUNT NO.<br>Manders Diesel<br>11250 West 215th Street<br>Lakeville, MN 55044 | | | Business Debt | | | | 635 |

Sheet no. 18 of 33 continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal ➤ $ 80,653

Total ➤ $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)

Bankruptcy2014 ©1991-2014, New Hope Software, Inc., ver. 4.7.7-810 - 31463-302Y-***** - PDF-XChange 3.0

B6F (Official Form 6F) (12/07) - Cont.

In re Chad L. Monson, Debtor

Case No. ____________ (If known)

# SCHEDULE F- CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br>Marshall Concrete Products Inc.<br>2610 Marshall Street N.E.<br>Minneapolis, MN 55418 | | | Business Debt | | | | 1,189 |
| ACCOUNT NO.<br>Martin Marietta Aggregates<br>PO Box 93186<br>Chicago, IL 60673-3186 | | | Business Debt | | | | 31,698 |
| ACCOUNT NO.<br>Maverick<br>513 4th Ave. E.<br>Williston, ND 58801 | | | Business Debt | | | | 0 |
| ACCOUNT NO.<br>McNeilus Truck & Manufacturing Co.<br>14201 Collections Center Dr.<br>Chicago, IL 60693 | | | Business Debt | | | | 8,128 |
| ACCOUNT NO.<br>Mid-Minnesota Builders Exchange<br>2104 East Highway 12<br>Willmar, MN 56201 | | | Business Debt | | | | 310 |

Sheet no. 19 of 33 continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal ➤ $ 41,325

Total ➤ $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)

Bankruptcy2014 ©1991-2014, New Hope Software, Inc., ver. 4.7.7-810 - 31463-302Y-***** - PDF-XChange 3.0

CASE 0:21-cv-03632-NEB-ECW Doc. 13-1 Filed 09/14/24 Page 73 of 164

**B6F (Official Form 6F) (12/07) - Cont.**

**In re** Chad L. Monson, **Debtor** **Case No.** ____________ **(If known)**

# SCHEDULE F- CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br>Mike's Small Engine Center<br>1101 E. Hwy. 12<br>Willmar, MN 56201 | | | Business Debt | | | | 57 |
| ACCOUNT NO.<br>Minnesota Revenue (Sales Tax Only) | | | Business Debt | | | | -3 |
| ACCOUNT NO.<br>MMSA<br>10320 Balsam Lane<br>Eden Prairie, MN 55347 | | | Business Debt | | | | 100 |
| ACCOUNT NO.<br>Montana State Fund<br>PO Box 31477<br>Billings, MT 59107-1477 | | | Business Debt | | | | 5,421 |
| ACCOUNT NO.<br>MPCA<br>P.O. Box 64893<br>St. Paul, MN 55164-0893 | | | Business Debt | | | | 1,090 |

Sheet no. 20 of 33 continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal➤ $ 6,665

Total➤ $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)

Bankruptcy2014 ©1991-2014, New Hope Software, Inc., ver. 4.7.7-810 - 31463-302Y-***** - PDF-XChange 3.0

CASE 0:15-cv-03632-NEB-ECW    Doc. 13-1    Filed 09/14/16    Page 74 of 164

**B6F (Official Form 6F) (12/07) - Cont.**

**In re** Chad L. Monson, **Debtor** — **Case No.** ________ **(If known)**

# SCHEDULE F- CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT ORCOMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br>MVTV<br>P.O. Box A<br>Granite Falls, MN 56241 | | | Business Debt | | | | 92 |
| ACCOUNT NO.<br>North American State Bank<br>2800 1st Street South, #101<br>Willmar, MN 56201 | | | Business Debt | | | | |
| ACCOUNT NO.<br>North American State Bank<br>2800 First Street South<br>Willmar, MN 56201 | | | Business Debt | | | | 92,749 |
| ACCOUNT NO.<br>North Dakota Office of State Tax | | | Business Debt | | | | -143 |
| ACCOUNT NO.<br>Northern Dewatering Inc.<br>14405 Northdale Blvd.<br>Rogers, MN 55374 | | | Business Debt | | | | 1,737 |

Sheet no. 21 of 33 continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal ➤ $ 94,435

Total ➤ $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)

Bankruptcy2014 ©1991-2014, New Hope Software, Inc., ver. 4.7.7-810 - 31463-302Y-***** - PDF-XChange 3.0

**B6F (Official Form 6F) (12/07) - Cont.**

**In re** Chad L. Monson, **Debtor**

**Case No.** ____________ **(If known)**

# SCHEDULE F- CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT ORCOMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br>Nuss Truck Group Inc.<br>P.O. Box 6699<br>6500 U.S. Hwy. 63 So.<br>Rochester, MN 55903-6699 | | | Business Debt | | | | 1,081 |
| ACCOUNT NO.<br>OptumHealth<br>NW 6373<br>P.O. Box 1450<br>Minneapolis, MN 55485-6373 | | | Business Debt | | | | 75 |
| ACCOUNT NO.<br>Paument & Associates, Inc.<br>929 12th Street East<br>Suite 1<br>Glencoe, MN 55336 | | | Business Debt | | | | 600 |
| ACCOUNT NO.<br>Plentywood Clinic PC<br>448 West Laurel Ave.<br>Plentywood, MT 59254-1526 | | | Business Debt | | | | 540 |
| ACCOUNT NO.<br>Plentywood Sanitation Co.<br>212 Albert St.<br>Plentywood, MT 59254 | | | Business Debt | | | | 100 |

Sheet no. 22 of 33 continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal ➤ $ 2,396

Total ➤ $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)

Bankruptcy2014 ©1991-2014, New Hope Software, Inc., ver. 4.7.7-810 - 31463-302Y-***** - PDF-XChange 3.0

**B6F (Official Form 6F) (12/07) - Cont.**

**In re** Chad L. Monson, **Debtor** **Case No.** ______ **(If known)**

# SCHEDULE F- CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT ORCOMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br>Pope County Coop Oil<br>600 Washington Ave.<br>P.O. Box 6<br>Villard, MN 56385 | | | Business Debt | | | | 592 |
| ACCOUNT NO.<br>Prax Air<br>2912 2nd Avenue West<br>Williston, ND 58801 | | | Business Debt | | X | | Unknown |
| ACCOUNT NO.<br>Print Master<br>919 First Street S.<br>Willmar, MN 56201 | | | Business Debt | | | | 73 |
| ACCOUNT NO.<br>Pro Action Safety Sales<br>500 Industrial Drive SW<br>Willmar, MN 56201 | | | Business Debt | | | | 104 |
| ACCOUNT NO.<br>Q102<br>PO Box 838<br>Willmar, MN 56201-0838 | | | Business Debt | | | | 12,306 |

Sheet no. 23 of 33 continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal ➤ $ 13,075

Total ➤ $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)

Bankruptcy2014 ©1991-2014, New Hope Software, Inc., ver. 4.7.7-810 - 31463-302Y-***** - PDF-XChange 3.0

CASE 0:26-cv-03632-NEB-EMB Doc. 13-1 Filed 09/14/24 Page 77 of 164

**B6F (Official Form 6F) (12/07) - Cont.**

**In re** Chad L. Monson, **Debtor**

**Case No.** ____________ **(If known)**

# SCHEDULE F- CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT ORCOMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br>Rice Memorial Hospital<br>Attn: Business Office<br>301 Becker Ave. SW<br>Willmar, MN 56201 | | | Business Debt | | | | 32 |
| ACCOUNT NO.<br>Rihm Kenworth<br>2108 University Ave.<br>St. Paul, MN 55114 | | | Business Debt | | | | -93 |
| ACCOUNT NO.<br>Riverside Towing and Repair<br>PO Box 300170<br>De Borgia, MT 59830 | | | Business Debt | | | | 12,407 |
| ACCOUNT NO.<br>Road Milling Incorporated<br>P.O. Box 279<br>Maple Lake, MN 55358 | | | Business Debt | | | | 3,700 |
| ACCOUNT NO.<br>Rock & Dirt<br>P.O. Box 509<br>Crossville, TN 38557 | | | Business Debt | | | | 774 |

Sheet no. 24 of 33 continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal ➤ $ 16,820

Total ➤ $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)

Bankruptcy2014 ©1991-2014, New Hope Software, Inc., ver. 4.7.7-810 - 31463-302Y-***** - PDF-XChange 3.0

**B6F (Official Form 6F) (12/07) - Cont.**

**In re** Chad L. Monson, **Debtor**

**Case No.** ____________ **(If known)**

# SCHEDULE F- CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| **CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER** *(See instructions above.)* | **CODEBTOR** | **HUSBAND, WIFE, JOINT ORCOMMUNITY** | **DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF,** | **CONTINGENT** | **UNLIQUIDATED** | **DISPUTED** | **AMOUNT OF CLAIM** |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br>Rodd A. Hamman<br>Calton Hamman & Wolff, P.C.<br>2075 Central Avenue, Suite #4<br>Billings, MT 59102 | | | Attorneys for Tractor & Equipment Co. | | | | Notice Only |
| ACCOUNT NO.<br>Royal Tire<br>NW 7828<br>PO Box 1450<br>Minneapolis, MN 55484-7828 | | | Business Debt | | | | 2,496 |
| ACCOUNT NO.<br>SageQuest, LLC<br>PO Box 347744<br>Pittsburgh, PA 15251-4744 | | | Business Debt | | | | 1,571 |
| ACCOUNT NO.<br>Salvation Army<br>521 SW 4th St.<br>Willmar, MN 56201 | | | Business Debt | | | | 1,000 |
| ACCOUNT NO.<br>Sauk Centre Area Chamber of Commerce<br>PO Box 22<br>Sauk Centre, MN 56378 | | | Business Debt | | | | 17 |

Sheet no. 25 of 33 continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal ➤ $ 5,084

Total ➤ $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)

Bankruptcy2014 ©1991-2014, New Hope Software, Inc., ver. 4.7.7-810 - 31463-302Y-***** - PDF-XChange 3.0

**B6F (Official Form 6F) (12/07) - Cont.**

**In re** Chad L. Monson, **Debtor** **Case No.** ______ **(If known)**

# SCHEDULE F- CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| **CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER** *(See instructions above.)* | **CODEBTOR** | **HUSBAND, WIFE, JOINT ORCOMMUNITY** | **DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF,** | **CONTINGENT** | **UNLIQUIDATED** | **DISPUTED** | **AMOUNT OF CLAIM** |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br>Sauk Centre Fleet Supply<br>1050 Centre Street<br>PO Box 111<br>Sauk Centre, MN 56378 | | | Business Debt | | | | 260 |
| ACCOUNT NO.<br>SBA c/o Minn. Business Fin. Corp.<br>616 Roosevelt Road<br>Suite 200<br>St. Cloud, MN 56301 | | | Business Debt | | | | |
| ACCOUNT NO.<br>Sheridan Electric Co-op., Inc.<br>PO Box 227<br>Medicine Lake, MT 59247-0227 | | | Business Debt | | | | 1,745 |
| ACCOUNT NO.<br>Star Publications<br>522 Sinclair Lewis Ave.<br>Sauk Centre, MN 56378 | | | Business Debt | | | | 1,137 |
| ACCOUNT NO.<br>Stearns Electric Association<br>PO Box 40<br>Melrose, MN 56352-0040 | | | Business Debt | | | | 2,465 |

Sheet no. 26 of 33 continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal ➤ $ 5,607

Total ➤ $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)

Bankruptcy2014 ©1991-2014, New Hope Software, Inc., ver. 4.7.7-810 - 31463-302Y-***** - PDF-XChange 3.0

CASE 0:26-cv-03632-NEB-EMB Doc. 13-1 Filed 09/16/24 Page 80 of 164

B6F (Official Form 6F) (12/07) - Cont.

In re Chad L. Monson, Debtor — Case No. ______ (If known)

# SCHEDULE F- CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br>Stoen's Hydrostatic Service<br>16084 State Hwy. 29<br>Glenwood, MN 56334 | | | Business Debt | | | | 6,326 |
| ACCOUNT NO.<br>TDS Telecom<br>PO Box 94510<br>Palatine, IL 60094-4510 | | | Business Debt | | | | 234 |
| ACCOUNT NO.<br>Tibbits Engineering<br>923 12th Street<br>Suite 102<br>Glencoe, MN 55336 | | | Business Debt | | | | 600 |
| ACCOUNT NO.<br>Tractor & Equipment<br>P.O Box 58201<br>Tukwila, WA 98138-1201 | | | Business Debt | | | | 14,342 |
| ACCOUNT NO.<br>Tractor & Equipment Co.<br>PO Box 58201<br>Tukwila, WA 98138-1201 | | | Business Debt | | | | 5,000 |

Sheet no. 27 of 33 continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal ➤ $ 26,502

Total ➤ $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)

Bankruptcy2014 ©1991-2014, New Hope Software, Inc., ver. 4.7.7-810 - 31463-302Y-***** - PDF-XChange 3.0

**B6F (Official Form 6F) (12/07) - Cont.**

**In re** Chad L. Monson, **Debtor**    **Case No.** ________ **(If known)**

# SCHEDULE F- CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT ORCOMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br>Tri-State Pump & Control Inc.<br>20092 21st Avenue East<br>P.O. Box 7<br>Clearwater, MN 55320 | | | Business Debt | | | | 65 |
| ACCOUNT NO.<br>Triple Q | | | Business Debt | | | | 1,591 |
| ACCOUNT NO.<br>Truckers Inn - Sauk Centre<br>PO Box 48<br>Sauk Centre, MN 56378 | | | Business Debt | | | | 2,292 |
| ACCOUNT NO.<br>Trustone Financial<br>PO Box 1260<br>Minneapolis, MN 55440-1260 | | | Truck loan | | | | 4,000 |
| ACCOUNT NO.<br>Twin City Wire<br>PO Box 21068<br>Eagan, MN 55121 | | | Business Debt | | | | 1,510 |

Sheet no. 28 of 33 continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal ➤ $ 9,458

Total ➤ $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)

Bankruptcy2014 ©1991-2014, New Hope Software, Inc., ver. 4.7.7-810 - 31463-302Y-***** - PDF-XChange 3.0

**B6F (Official Form 6F) (12/07) - Cont.**

**In re** Chad L. Monson, **Debtor** **Case No.** ______ **(If known)**

# SCHEDULE F- CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT ORCOMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br>US Yellow<br>PO Box 3110<br>Jersey City, NJ 07303-3110 | | | Business Debt | | | | 1,215 |
| ACCOUNT NO.<br>USDA<br>1400 Independence Ave SW<br>Washington 20250 | X | | Business Debt | | X | | 2,064,065 |
| ACCOUNT NO.<br>Verizon Wireless<br>PO Box 25505<br>Lehigh Valley, PA 18002-5505 | | | Business Debt | | | | 2,834 |
| ACCOUNT NO.<br>Verizon Wireless<br>PO Box 25505<br>Lehigh Valley, PA 18002-5505 | | | Business Debt | | | | 2,387 |
| ACCOUNT NO.<br>Vision Systems & Consulting<br>104 So. 9th St.<br>Olivia, MN 56277 | | | Business Debt | | | | 364 |

Sheet no. 29 of 33 continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal ➤ $ 2,070,865

Total ➤ $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)

Bankruptcy2014 ©1991-2014, New Hope Software, Inc., ver. 4.7.7-810 - 31463-302Y-***** - PDF-XChange 3.0

**B6F (Official Form 6F) (12/07) - Cont.**

**In re** Chad L. Monson, **Debtor**  **Case No.** ____________ **(If known)**

# SCHEDULE F- CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT ORCOMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br>Vogel Law Firm<br>200 North 3rd Street, Suite 201<br>PO Box 2097<br>Bismarck, ND 58502-2097 | | | Business Debt | | | | 690 |
| ACCOUNT NO.<br>Vosika Toilet Rental and Sewere Service<br>P.O. Box 141<br>Olivia, MN 56277 | | | Business Debt | | | | 681 |
| ACCOUNT NO.<br>Wells Fargo<br>NW-8178<br>P.O. Box 1450<br>Minneapolis, MN 55485-8178 | | | Business Debt | | | | 69,742 |
| ACCOUNT NO.<br>Wells Fargo Equipment Finance<br>NW-8178<br>P.O. Box 1450<br>Minneapolis, MN 55485-5934 | | | Business Debt | | | | 31,176 |
| ACCOUNT NO.<br>Wells Fargo Equipment Finance<br>NW-8178<br>P.O. Box 1450<br>Minneapolis, MN 55485-5934 | | | Business Debt | | | | 16,808 |

Sheet no. 30 of 33 continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal ➤ $ 119,097

Total ➤ $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)

Bankruptcy2014 ©1991-2014, New Hope Software, Inc., ver. 4.7.7-810 - 31463-302Y-***** - PDF-XChange 3.0

CASE 0:26-cv-03632-NEB-EMB Doc. 13-1 Filed 09/14/26 Page 84 of 164

B6F (Official Form 6F) (12/07) - Cont.

In re Chad L. Monson, Debtor — Case No. ______ (If known)

# SCHEDULE F- CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br>Wells Fargo Equipment Finance<br>NW-8178<br>P.O. Box 1450<br>Minneapolis, MN 55485-5934 | | | Business Debt | | | | 38,498 |
| ACCOUNT NO.<br>Wells Fargo Equipment Finance<br>NW-8178<br>P.O. Box 1450<br>Minneapolis, MN 55485-5934 | | | Business Debt | | | | 18,229 |
| ACCOUNT NO. 8178<br>Wells Fargo Equipment Finance, Inc.<br>1801 Parkview Drive<br>Shoreview, MN 55126<br>Attention: Lindsay Mason | | | | | | | 500,000 |
| ACCOUNT NO.<br>West Central Communications<br>612 Industrial Drive<br>Willmar, MN 56201 | | | Business Debt | | | | 381 |
| ACCOUNT NO.<br>West Central Electric Supply<br>115 25th St. SE<br>Willmar, MN 56201 | | | Business Debt | | | | 349 |

Sheet no. 31 of 33 continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal ➤ $ 557,457

Total ➤ $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)

Bankruptcy2014 ©1991-2014, New Hope Software, Inc., ver. 4.7.7-810 - 31463-302Y-***** - PDF-XChange 3.0

**B6F (Official Form 6F) (12/07) - Cont.**

**In re** Chad L. Monson, **Case No.** ____________
**Debtor** **(If known)**

# SCHEDULE F- CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT ORCOMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br>West Central Industries<br>P.O. Box 813<br>Willmar, MN 56201 | | | Business Debt | | | | 127 |
| ACCOUNT NO.<br>Westman Freightliner<br>PO Box 699<br>Mankato, MN 56002-0699 | | | Business Debt | | | | 306 |
| ACCOUNT NO.<br>Westmor Industries, LLC<br>PO Box 6837<br>Industrial Blvd.<br>Morris, MN 56267 | | | Business Debt | | | | 1,076 |
| ACCOUNT NO.<br>Wheelco Truck & Trailer Parts<br>4904 West 12th Street<br>Sioux Falls, SD 57107-0596 | | | Business Debt | | | | 2,151 |
| ACCOUNT NO.<br>Whitmore Sales<br>3110 Maple Drive<br>Prior Lake, MN 55372 | | | Business Debt | | | | 0 |

Sheet no. 32 of 33 continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal ➤ $ 3,660

Total ➤ $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)

Bankruptcy2014 ©1991-2014, New Hope Software, Inc., ver. 4.7.7-810 - 31463-302Y-***** - PDF-XChange 3.0

**B6F (Official Form 6F) (12/07) - Cont.**

**In re** Chad L. Monson, **Debtor** **Case No.** ______ **(If known)**

# SCHEDULE F- CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br>Wireless World<br>527 So. 1st St.<br>Willmar, MN 56201 | | | Business Debt | | | | 293 |
| ACCOUNT NO.<br>Wm. D. Scepaniak, Inc.<br>Box 299<br>Holdingford, MN 56340 | | | Business Debt | | | | 345,168 |
| ACCOUNT NO.<br>Ziegler, Inc.<br>SDS 12-0436<br>PO Box 86<br>Minneapolis, MN 55486-0436 | | | Business Debt | | | | 250 |
| ACCOUNT NO.<br>Zwicker & Associates, P.C.<br>Richard J. Kruger<br>8400 Normandale Lake Blvd., Ste. 920<br>PO Box 390567<br>Minneapolis, MN 55439-0567 | | | Attorneys for American Express | | | | Notice Only |
| ACCOUNT NO. | | | | | | | |

Sheet no. 33 of 33 continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal ➤ $ 345,711

Total ➤ $ 8,154,866

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)

Bankruptcy2014 ©1991-2014, New Hope Software, Inc., ver. 4.7.7-810 - 31463-302Y-***** - PDF-XChange 3.0

**B6G (Official Form 6G) (12/07)**

**In re** Chad L. Monson
**Debtor**

**Case No.** ____________
**(if known)**

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m).

☑ Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| | |
| | |
| | |
| | |
| | |
| | |
| | |

Bankruptcy2014 ©1991-2014, New Hope Software, Inc., ver. 4.7.7-810 - 31463-302Y-***** - PDF-XChange 3.0

**B6H (Official Form 6H) (12/07)**

**In re** Chad L. Monson
**Debtor**

**Case No.** ______________
**(if known)**

# SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor’s spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. § 112 and Fed. Bankr. P. 1007(m).

☐ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| Monson Corporation | |
| Jo Ann Monson | |

Bankruptcy2014 ©1991-2014, New Hope Software, Inc., ver. 4.7.7-810 - 31463-302Y-***** - PDF-XChange 3.0

**Fill in this information to identify your case:**

Debtor 1: Chad L. Monson (First Name / Middle Name / Last Name)

Debtor 2 (Spouse, if filing): ____ (First Name / Middle Name / Last Name)

United States Bankruptcy Court for the: ____ District of MN

Case number (If known): ____

Check if this is:
- ☐ An amended filing
- ☐ A supplement showing post-petition chapter 13 income as of the following date: ____ MM / DD / YYYY

Official Form B 6I

# Schedule I: Your Income

12/13

**Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.**

## Part 1: Describe Employment

1. **Fill in your employment information.**

If you have more than one job, attach a separate page with information about additional employers.

Include part-time, seasonal, or self-employed work.

Occupation may Include student or homemaker, if it applies.

| | Debtor 1 | Debtor 2 or non-filing spouse |
|---|---|---|
| **Employment status** | ☐ Employed<br>☒ Not employed | ☐ Employed<br>☐ Not employed |
| **Occupation** | Unemployed | |
| **Employer's name** | | |
| **Employer's address** | Number Street<br><br>City State ZIP Code | Number Street<br><br>City State ZIP Code |
| **How long employed there?** | | |

## Part 2: Give Details About Monthly Income

**Estimate monthly income as of the date you file this form.** If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

| | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| 2. **List monthly gross wages, salary, and commissions** (before all payroll deductions). If not paid monthly, calculate what the monthly wage would be. | 2. | $ 0 | $ N.A. |
| 3. **Estimate and list monthly overtime pay.** | 3. | + $ 0 | + $ N.A. |
| 4. **Calculate gross income.** Add line 2 + line 3. | 4. | $ 0 | $ N.A. |



Bankruptcy2014 ©1991-2014, New Hope Software, Inc., ver. 4.7.7-810 - 31463-302Y-***** - PDF-XChange 3.0

Debtor 1 Chad L. Monson
First Name Middle Name Last Name

Case number (*if known*)

| | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| **Copy line 4 here** ➔ | 4. | $ 0 | $ N.A. |
| 5. **List all payroll deductions:** | | | |
| 5a. **Tax, Medicare, and Social Security deductions** | 5a. | $ 0 | $ N.A. |
| 5b. **Mandatory contributions for retirement plans** | 5b. | $ 0 | $ N.A. |
| 5c. **Voluntary contributions for retirement plans** | 5c. | $ 0 | $ N.A. |
| 5d. **Required repayments of retirement fund loans** | 5d. | $ 0 | $ N.A. |
| 5e. **Insurance** | 5e. | $ 0 | $ N.A. |
| 5f. **Domestic support obligations** | 5f. | $ 0 | $ N.A. |
| 5g. **Union dues** | 5g. | $ 0 | $ N.A. |
| 5h. **Other deductions.** Specify: ____________ | 5h. | + $ 0 | + $ N.A. |
| 6. **Add the payroll deductions**. Add lines 5a + 5b + 5c + 5d + 5e +5f + 5g +5h. | 6. | $ 0 | $ N.A. |
| 7. **Calculate total monthly take-home pay.** Subtract line 6 from line 4. | 7. | $ 0 | $ N.A. |
| 8. **List all other income regularly received:** | | | |
| 8a. **Net income from rental property and from operating a business, profession, or farm**<br>Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income. | 8a. | $ 0 | $ N.A. |
| 8b. **Interest and dividends** | 8b. | $ 0 | $ N.A. |
| 8c. **Family support payments that you, a non-filing spouse, or a dependent regularly receive**<br>Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement. | 8c. | $ 0 | $ N.A. |
| 8d. **Unemployment compensation** | 8d. | $ 0 | $ N.A. |
| 8e. **Social Security** | 8e. | $ 0 | $ N.A. |
| 8f. **Other government assistance that you regularly receive**<br>Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies.<br>Specify: ____________ | 8f. | $ 0 | $ N.A. |
| 8g. **Pension or retirement income** | 8g. | $ 0 | $ N.A. |
| 8h. **Other monthly income.** Specify: ____________ | 8h. | + $ 0 | + $ N.A. |
| 9. **Add all other income**. Add lines 8a + 8b + 8c + 8d + 8e + 8f +8g + 8h. | 9. | $ 0 | $ N.A. |
| 10. **Calculate monthly income.** Add line 7 + line 9.<br>Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse. | 10. | $ 0 + | $ N.A. = $ 0 |

11. **State all other regular contributions to the expenses that you list in *Schedule J*.**
Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives**.**
Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in *Schedule J*.
Specify: ____________ 11. + $ 0

12. **Add the amount in the last column of line 10 to the amount in line 11.** The result is the combined monthly income.
Write that amount on the *Summary of Schedules* and *Statistical Summary of Certain Liabilities and Related Data,* if it applies 12. $ 0
**Combined monthly income**

13. **Do you expect an increase or decrease within the year after you file this form?**
[X] No.
[ ] Yes. Explain:

**Fill in this information to identify your case:**

Debtor 1: Chad L. Monson
First Name / Middle Name / Last Name

Debtor 2 (Spouse, if filing): ____________________
First Name / Middle Name / Last Name

United States Bankruptcy Court for the: ____________ District of MN

Case number (If known): ____________________

Check if this is:

☐ An amended filing
☐ A supplement showing post-petition chapter 13 expenses as of the following date: ____________ MM / DD / YYYY
☐ A separate filing for Debtor 2 because Debtor 2 maintains a separate household

Official Form B 6J

# Schedule J: Your Expenses

**12/13**

**Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.**

## Part 1: Describe Your Household

1. **Is this a joint case?**

☒ No. Go to line 2.
☐ Yes. **Does Debtor 2 live in a separate household?**
  ☐ No
  ☐ Yes. Debtor 2 must file a separate Schedule J.

2. **Do you have dependents?**

Do not list Debtor 1 and Debtor 2.

Do not state the dependents' names.

☐ No
☒ Yes. Fill out this information for each dependent..........................

| Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
|---|---|---|
| Child | 8 | ☐ No ☒ Yes |
| Child | 11 | ☐ No ☒ Yes |
| | | ☐ No ☐ Yes |
| | | ☐ No ☐ Yes |
| | | ☐ No ☐ Yes |

3. **Do your expenses include expenses of people other than yourself and your dependents?**

☒ No
☐ Yes

## Part 2: Estimate Your Ongoing Monthly Expenses

**Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J*, check the box at the top of the form and fill in the applicable date.**

**Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* (Official Form B 6I.)**

| | | Your expenses |
|---|---|---|
| 4. **The rental or home ownership expenses for your residence.** Include first mortgage payments and any rent for the ground or lot. | 4. | $ 0 |
| **If not included in line 4:** | | |
| 4a. Real estate taxes | 4a. | $ 0 |
| 4b. Property, homeowner's, or renter's insurance | 4b. | $ 325 |
| 4c. Home maintenance, repair, and upkeep expenses | 4c. | $ 100 |
| 4d. Homeowner's association or condominium dues | 4d. | $ 0 |



Bankruptcy2014 ©1991-2014, New Hope Software, Inc., ver. 4.7.7-810 - 31463-302Y-***** - PDF-XChange 3.0

Debtor 1 Chad L. Monson
First Name Middle Name Last Name

Case number (*if known*)

| | | Your expenses |
|---|---|---|
| 5. **Additional mortgage payments for your residence**, such as home equity loans | 5. | $ 0 |
| 6. **Utilities:** | | |
| 6a. Electricity, heat, natural gas | 6a. | $ 200 |
| 6b. Water, sewer, garbage collection | 6b. | $ 0 |
| 6c. Telephone, cell phone, Internet, satellite, and cable services | 6c. | $ 0 |
| 6d. Other. Specify: | 6d. | $ 0 |
| 7. **Food and housekeeping supplies** | 7. | $ 300 |
| 8. **Childcare and children's education costs** | 8. | $ 0 |
| 9. **Clothing, laundry, and dry cleaning** | 9. | $ 75 |
| 10. **Personal care products and services** | 10. | $ 0 |
| 11. **Medical and dental expenses** | 11. | $ 100 |
| 12. **Transportation.** Include gas, maintenance, bus or train fare. Do not include car payments. | 12. | $ 250 |
| 13. **Entertainment, clubs, recreation, newspapers, magazines, and books** | 13. | $ 0 |
| 14. **Charitable contributions and religious donations** | 14. | $ 0 |
| 15. **Insurance.** Do not include insurance deducted from your pay or included in lines 4 or 20. | | |
| 15a. Life insurance | 15a. | $ 0 |
| 15b. Health insurance | 15b. | $ 0 |
| 15c. Vehicle insurance | 15c. | $ 0 |
| 15d. Other insurance. Specify: | 15d. | $ 0 |
| 16. **Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20. Specify: | 16. | $ 0 |
| 17. **Installment or lease payments:** | | |
| 17a. Car payments for Vehicle 1 | 17a. | $ 0 |
| 17b. Car payments for Vehicle 2 | 17b. | $ 0 |
| 17c. Other. Specify: | 17c. | $ 0 |
| 17d. Other. Specify: | 17d. | $ 0 |
| 18. **Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5, *Schedule I, Your Income* (Official Form B 6I).** | 18. | $ 400 |
| 19. **Other payments you make to support others who do not live with you.** Specify: | 19. | $ 0 |
| 20. **Other real property expenses not included in lines 4 or 5 of this form or on *Schedule I*: *Your Income.*** | | |
| 20a. Mortgages on other property | 20a. | $ 0 |
| 20b. Real estate taxes | 20b. | $ 0 |
| 20c. Property, homeowner's, or renter's insurance | 20c. | $ 0 |
| 20d. Maintenance, repair, and upkeep expenses | 20d. | $ 0 |
| 20e. Homeowner's association or condominium dues | 20e. | $ 0 |

Debtor 1 Chad L. Monson
First Name Middle Name Last Name

Case number *(if known)*

21. **Other**. Specify: ____________________ 21. + $ 0

22. **Your monthly expenses.** Add lines 4 through 21.
The result is your monthly expenses. 22. $ 1,750

23. **Calculate your monthly net income.**

23a. Copy line 12 (*your combined monthly income*) from *Schedule I.* 23a. $ 0

23b. Copy your monthly expenses from line 22 above. 23b. − $ 1,750

23c. Subtract your monthly expenses from your monthly income.
The result is your *monthly net income*. 23c. $ -1,750

24. **Do you expect an increase or decrease in your expenses within the year after you file this form?**

For example, do you expect to finish paying for your car loan within the year or do you expect your mortgage payment to increase or decrease because of a modification to the terms of your mortgage?

☒ No.
☐ Yes. Explain here:

B7 (Official Form 7) (04/13)

# UNITED STATES BANKRUPTCY COURT
## District of Minnesota

In Re Chad L. Monson

Case No. ______________________ (if known)

## STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. If the answer to an applicable question is "None," mark the box labeled "None." If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

*DEFINITIONS*

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be “in business” for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor’s primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any persons in control of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(2), (31).

---

**1. Income from employment or operation of business**

None ☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| | AMOUNT | SOURCE |
|---|---|---|
| 2014 | 16,000 | |
| 2013 | 65,000 | |
| 2012 | 67,000 | |

Bankruptcy2014 ©1991-2014, New Hope Software, Inc., ver. 4.7.7-810 - 31463-302Y-***** - PDF-XChange 3.0

---

**2. Income other than from employment or operation of business**

None ☒

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the two years immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|

---

**3. Payments to creditors**

None ☒

*Complete a. or b., as appropriate, and c.*

*a. Individual or joint debtor(s) with primarily consumer debts:* List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within 90 days immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and creditor counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

---

None ☒

*b. Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within 90 days immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $6,225*. If the debtor is an individual, indicate with an asterisk (*)any payments that were made to a creditor on account of a domestic support obligation or as part of an alternativerepayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after date of adjustment.*

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

Bankruptcy2014 ©1991-2014, New Hope Software, Inc., ver. 4.7.7-810 - 31463-302Y-***** - PDF-XChange 3.0

---

None
☒ *c. All debtors:* List all payments made within one year immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

---

**4. Suits and administrative proceedings, executions, garnishments and attachments**

None
☐ a. List all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| Minn. Labor v. Monson, et al. | Collection | US Federal Court, MN | Pending |
| Luminart Corp., et al. v. Monson, et al. | Collection | District Court, North Dakota | Pending |
| Scepaniak v. Monson, et al. | Collection | District Court, Stevens Cty., MN | Pending |
| American Express Bank v. Monson | Collection | District Court, Kandiyohi, MN | Pending |
| Tractor Equipment Co. v. Monson | Collection | District Court, Montana | Judgment entered |
| Jo Ann Monson v. Monson | Suit on divorce | District Court, Kandiyohi County | Judgment entered |
| Jo Ann Monson v. Monson | Foreclosure | District Court, Kandiyohi County | Pending |
| North American State Bank v. Monson | Foreclosure | District Court, Kandiyohi County | Pending |
| Dennis Kittleson v. Monson, et al. | Land dispute | District Court, North Dakota | Pending |

Bankruptcy2014 ©1991-2014, New Hope Software, Inc., ver. 4.7.7-810 - 31463-302Y-***** - PDF-XChange 3.0

---

None ☒

b. Describe all property that has been attached, garnished or seized under any legal or equitable process within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

---

**5. Repossessions, foreclosures and returns**

None ☐

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| Jo Ann Monson | Various | Bank accounts, personal property |

---

**6. Assignments and Receiverships**

None ☒

a. Describe any assignment of property for the benefit of creditors made within 120 days immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

---

None ☒

b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

Bankruptcy2014 ©1991-2014, New Hope Software, Inc., ver. 4.7.7-810 - 31463-302Y-***** - PDF-XChange 3.0

**7. Gifts**

None ☒

List all gifts or charitable contributions made within one year immediately preceding the commencement of this case, except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

**8. Losses**

None ☒

List all losses from fire, theft, other casualty or gambling within one year immediately preceding the commencement of this case or since the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES, AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

**9. Payments related to debt counseling or bankruptcy**

None ☐

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within one year immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| Larkin Hoffman Daly & Lindgren Ltd.<br>7900 Xerxes Avenue South<br>Suite 1500<br>Minneapolis, MN 55431 | 11-5/13<br><br>05/14/14 (Payor: Joshua Monson)<br>05/19/14 (Payor: Joshua Monson) | $2,700 (retainer, nonbky 00 file)<br>$300 (transfrd from 00 to 01 file)<br>$1,500 (retainer)<br>$1,500 (retainer) |

Bankruptcy2014 ©1991-2014, New Hope Software, Inc., ver. 4.7.7-810 - 31463-302Y-*****

**10. Other transfers**

None ☐

a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within two years immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|
| John Jacobson | Spring 2013 | 2006 Dodge Charger ($5,000)<br>1964 Harley Davidson ($5,500) |
| Private sales of guns and misc. other assets (i.e., Harley parts) | Various | $20,000 (approx.) |
| M&D Equipment | 3-13 | 30 guns, ammunition, accessories, etc. - $77,000 |

b. List all property transferred by the debtor within ten years immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

None ☒

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

**11. Closed financial accounts**

None ☐

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within one year immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|
| Stockman Bank<br>(Montana) | Checking<br>(negative balance) | 6-2013 |

Bankruptcy2014 ©1991-2014, New Hope Software, Inc., ver. 4.7.7-810 - 31463-302Y-***** - PDF-XChange 3.0

**12. Safe deposit boxes**

None ☒

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

**13. Setoffs**

None ☒

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within 90 days preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

**14. Property held for another person**

None ☒

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

**15. Prior address of debtor**

None ☐

If the debtor has moved within the three years immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|
| 7600 Highway 71 South<br>Willmar, MN | | August 2012 - June 2013 |
| 6282 147th S.E.<br>Lake Lilian, MN | | 2009 - 2012 |

Bankruptcy2014 ©1991-2014, New Hope Software, Inc., ver. 4.7.7-810 - 31463-302Y-***** - PDF-XChange 3.0

---

**16. Spouses and Former Spouses**

None ☒

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within eight years immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

---

**17. Environmental Sites**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law

---

None ☒

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

---

b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

None ☒

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

---

c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

None ☒

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

Bankruptcy2014 ©1991-2014, New Hope Software, Inc., ver. 4.7.7-810 - 31463-302Y-***** - PDF-XChange 3.0

**18. Nature, location and name of business**

None ☐

a. If the debtor is an individual, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partnership, sole proprietorship, or was self-employed in a trade, profession, or other activity either full- or part-time within six years immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within the six years immediately preceding the commencement of this case.

If the debtor is a partnership, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within the six years immediately preceding the commencement of this case.

If the debtor is a corporation, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within the six years immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|
| Monson Corporation | | Willmar, MN | Construction | 2001 - now in receivership |
| Monson Holdings, LLC | | Willmar, MN | Held land used in business | 2001 - now in receivership |
| MRK, LLC | | Spicer, MN | Land development | 2011 - present |

b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

None ☒

| NAME | ADDRESS |
|---|---|

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within the six years immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or otherwise self-employed.

*(An individual or joint debtor should complete this portion of the statement only if the debtor is or has been in business, as defined above, within the six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

Bankruptcy2014 ©1991-2014, New Hope Software, Inc., ver. 4.7.7-810 - 31463-302Y-***** - PDF-XChange 3.0

CASE 0:16-cv-03632-NEB-HB Doc. 13-1 Filed 01/09/17 Page 103 of 164


**19. Books, record and financial statements**

None ☒ a. List all bookkeepers and accountants who within the two years immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|---|---|

None ☒ b. List all firms or individuals who within the two years immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

| NAME | ADDRESS | DATES SERVICES RENDERED |
|---|---|---|

None ☒ c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

| NAME | ADDRESS |
|---|---|

None ☒ d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued within the two years immediately preceding the commencement of this case by the debtor.

| NAME AND ADDRESS | DATE ISSUED |
|---|---|

**20. Inventories**

None ☒ a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

| DATE OF INVENTORY | INVENTORY SUPERVISOR | DOLLAR AMOUNT OF INVENTORY (Specify cost, market or other basis) |
|---|---|---|

None ☒ b. List the name and address of the person having possession of the records of each of the two inventories reported in a., above.

| DATE OF INVENTORY | NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY RECORDS |
|---|---|

Bankruptcy2014 ©1991-2014, New Hope Software, Inc., ver. 4.7.7-810 - 31463-302Y-***** - PDF-XChange 3.0

CASE 0:16-cv-03632-NEB-HB Doc. 13-1 Filed 09/16/24 Page 104 of 164



**21. Current Partners, Officers, Directors and Shareholders**

None ☒ a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

| NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
|---|---|---|

None ☒ b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|

**22. Former partners, officers, directors and shareholders**

None ☒ a. If the debtor is a partnership, list each member who withdrew from the partnership within one year immediately preceding the commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |
|---|---|---|

None ☒ b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within one year immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|---|---|---|

**23. Withdrawals from a partnership or distribution by a corporation**

None ☒ If the debtor is a partnership or a corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during one year immediately preceding the commencement of this case.

| NAME & ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

Bankruptcy2014 ©1991-2014, New Hope Software, Inc., ver. 4.7.7-810 - 31463-302Y-***** - PDF-XChange 3.0

CASE 0:14-cv-03632-NEB-EMB Doc. 13-1 Filed 09/16/26 Page 105 of 164


**24. Tax Consolidation Group**

None ☒

If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within the six-year period immediately preceding the commencement of the case.

NAME OF PARENT CORPORATION    TAXPAYER IDENTIFICATION NUMBER (EIN)

**25. Pension Funds**

None ☒

If the debtor is not an individual, list the name and federal taxpayer identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within the six-year period immediately preceding the commencement of the case.

NAME OF PENSION FUND    TAXPAYER IDENTIFICATION NUMBER (EIN)

* * * * * *

*[If completed by an individual or individual and spouse]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date May 19, 2014    Signature of Debtor /e/Chad L. Monson
CHAD L. MONSON

Bankruptcy2014 ©1991-2014, New Hope Software, Inc., ver. 4.7.7-810 - 31463-302Y-***** - PDF-XChange 3.0

0 continuation sheets attached

***Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §152 and 3571***

---

**DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)**

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and required under 11U.S.C. §§ 110(b), 110(h), and 342(b); (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110 setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section.

Printed or Typed Name and Title, if any, of Bankruptcy Petition Preparer ____ Social Security No. (Required by 11 U.S.C. § 110(c).)

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social security number of the officer, principal, responsible person, or partner who signs this document.*

Address

X
Signature of Bankruptcy Petition Preparer ____ Date

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.

***A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 18 U.S.C. §156.***

Bankruptcy2014 ©1991-2014, New Hope Software, Inc., ver. 4.7.7-810 - 31463-302Y-***** - PDF-XChange 3.0

B6 (Official Form 6 - Declaration) (12/07)

In re Chad L. Monson
Debtor

Case No. ____________________
(If known)

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of 52 sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date May 19, 2014 Signature: /e/Chad L. Monson
Debtor

Date ____________________ Signature: Not Applicable
(Joint Debtor, if any)

[If joint case, both spouses must sign.]

---

**DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)**

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h) and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110 setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

____________________
Printed or Typed Name and Title, if any, of Bankruptcy Petition Preparer

____________________
Social Security No.
*(Required by 11 U.S.C. § 110.)*

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social security number of the officer, principal, responsible person, or partner who signs this document.*

____________________
____________________
____________________
Address

X ____________________
Signature of Bankruptcy Petition Preparer

____________________
Date

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document, unless the bankruptcy petition preparer is not an individual:

*If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.*

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

---

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF A CORPORATION OR PARTNERSHIP

I, the ____________________ [the president or other officer or an authorized agent of the corporation or a member or an authorized agent of the partnership ] of the ____________________ [corporation or partnership] named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _______sheets *(total shown on summary page plus 1)*,and that they are true and correct to the best of my knowledge, information, and belief.

Date ____________________ Signature: ____________________

____________________
[Print or type name of individual signing on behalf of debtor.]

*[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]*

---

*Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.

Bankruptcy2014 ©1991-2014, New Hope Software, Inc., ver. 4.7.7-810 - 31463-302Y-***** - PDF-XChange 3.0

CASE 0:16-cv-03632-NEB-HB   Doc. 13-1   Filed 05/09/16   Page 108 of 164

B8 (Official Form 8) (12/08)

# UNITED STATES BANKRUPTCY COURT
District of Minnesota

In re Chad L. Monson, Debtor

Case No. ______

Chapter 7

## CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

**PART A -** Debts secured by property of the estate. *(Part A must be fully completed for **EACH** debt which is secured by property of the estate. Attach additional pages if necessary.)*

Property No. 1

**Creditor's Name:**
Dennis Larson and Lori Larson
1006 Adam Avenue
Montevideo, MN 56265

**Describe Property Securing Debt:**
1. 1502 45th Ave. S.E., Willmar, MN 56201
Legal description: Section 25, TWP 119, Range 35 of Lot 6 of Sec. 25 in plat of Grass Lake in Sections 23, 24, 25 and 26

Property will be *(check one):*

☐ Surrendered ☑ Retained

If retaining the property, I intend to *(check at least one):*

☐ Redeem the property
☑ Reaffirm the debt
☐ Other. Explain ________________________________________(for example, avoid lien using 11 U.S.C. §522(f)).

Property is *(check one)*:

☑ Claimed as exempt ☐ Not claimed as exempt

Property No. 2 *(if necessary)*

**Creditor's Name:**

**Describe Property Securing Debt:**

Property will be *(check one):*

☐ Surrendered ☐ Retained

If retaining the property, I intend to *(check at least one):*

☐ Redeem the property
☐ Reaffirm the debt
☐ Other. Explain ________________________________________(for example, avoid lien using 11 U.S.C. §522(f)).

Property is *(check one)*:

☐ Claimed as exempt ☐ Not claimed as exempt

Bankruptcy2014 ©1991-2014, New Hope Software, Inc., ver. 4.7.7-810 - 31463-302Y-***** - PDF-XChange 3.0

CASE 0:14-cv-03632-NEB-LIB Doc. 13-1 Filed 05/19/14 Page 109 of 164



**PART B -** Personal property subject to unexpired leases. *(All three columns of Part B must be completed for Each unexpired lease. Attach additional pages if necessary.)*

| Property No. 1 NO Leased Property | | |
|---|---|---|
| **Lessor's Name:** | **Describe Leased Property:** | Lease will be Assumed pursuant to 11 U.S.C. §365(p)(2)): ❐ YES ❐ NO |

| Property No. 2 *(if necessary)* | | |
|---|---|---|
| **Lessor's Name:** | **Describe Leased Property:** | Lease will be Assumed pursuant to 11 U.S.C. §365(p)(2)): ❐ YES ❐ NO |

| Property No. 3 *(if necessary)* | | |
|---|---|---|
| **Lessor's Name:** | **Describe Leased Property:** | Lease will be Assumed pursuant to 11 U.S.C. §365(p)(2)): ❐ YES ❐ NO |

0 continuation sheets attached *(if any)*

**I declare under penalty of perjury that the above indicates my intention as to any property of my Estate securing debt and/or personal property subject to an unexpired lease.**

Date: May 19, 2014

/e/Chad L. Monson
Signature of Debtor

Signature of Joint Debtor

Bankruptcy2014 ©1991-2014, New Hope Software, Inc., ver. 4.7.7-810 - 31463-302Y-***** - PDF-XChange 3.0

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

---

In re:

Chad L. Monson,

Debtor.

Case No. BKY: ____________________
Chapter 7 Case

**STATEMENT OF COMPENSATION BY ATTORNEY FOR DEBTOR**

---

The undersigned, pursuant to Local Rule 1007-1, Bankruptcy Rule 2016(b) and § 329(a) of the Bankruptcy Code, states that:

1. The undersigned is the attorney for the debtor in this case and files this statement as required by applicable rules.

2. (a) The filing fee paid by the undersigned to the clerk for the debtor in this case is: $ 306.00

   (b) The compensation paid or agreed to be paid by the debtor to the undersigned is: (retainer) $ 300.00

   (c) The compensation paid or agreed to be paid by the debtor's 2nd cousin to the undersigned is: (retainer) $3,000.00

   (d) Prior to filing this statement, the debtor and his 2nd cousin paid to the undersigned: $ 3,300.00

   (f) The unpaid balance due and payable by the debtors to the undersigned is: the hourly rate charged for post-filing work to the extent not covered by retainer.

3. The services rendered or to be rendered include the following: (a) analysis of the financial situation and rendering advice and assistance to the debtor in determining whether to file a petition under Title 11 of the United States Code; (b) preparation and filing of the petition, exhibits, attachments, schedules, statements and lists and other documents required by the court; (c) representation of the debtor(s) at the meeting of creditors; (d) negotiations with creditors; and (e) other services reasonably necessary to represent the debtor(s) in this case.

4. The source of all payments by the debtors to the undersigned was or will be from earnings or other current compensation of the debtors, and the undersigned has not received and will not receive any transfer of property other than such payments by the debtors, except as follows: None.

5. The undersigned has not shared or agreed to share with any other person other than with members of undersigned’s law firm any compensation paid or to be paid.

6. Pursuant to Local Rules 1007-1 and 1007-3-1, I have advised the debtor of the requirements of paragraph 9 of the Statement of Financial Affairs of the duty to disclose all payments made, or property transferred, by or on behalf of the debtor to any person, including attorneys, for consultation concerning debt consolidation or reorganization, relief under bankruptcy law, or preparation of a petition in bankruptcy. I have reviewed the debtor's disclosures and they are accurate and complete to the best of my knowledge.

Dated: May 19, 2014

Signed: /e/ Thomas J. Flynn
Attorney for Debtor
Thomas J. Flynn
Larkin Hoffman Daly & Lindgren Ltd.
1500 Wells Fargo Plaza
7900 Xerxes Avenue South
Minneapolis, MN 55431
952-835-3800
Attorney License No. 30570

4821-7478-4539, v. 1

In re Chad L. Monson
Debtor(s)

Case Number: ____________________
(If known)

According to the information required to be entered on this statement (check one box as directed in Part I, III, or VI of this statement):
- ☐ **The presumption arises.**
- ☑ **The presumption does not arise.**
- ☐ **The presumption is temporarily inapplicable.**

# CHAPTER 7 STATEMENT OF CURRENT MONTHLY INCOME AND MEANS-TEST CALCULATION

In addition to Schedules I and J, this statement must be completed by every individual chapter 7 debtor. If none of the exclusions in Part I applies, joint debtors may complete one statement only. If any of the exclusions in Part I applies, joint debtors should complete separate statements if they believe this is required by §707(b)(2)(C).

## Part I. MILITARY AND NON-CONSUMER DEBTORS

**1A**

**Disabled Veterans.** If you are a disabled veteran described in the Declaration in this Part IA, (1) check the box at the beginning of the Declaration, (2) check the box for "The presumption does not arise" at the top of this statement, and (3) complete the verification in Part VIII. Do not complete any of the remaining parts of this statement.

☐ **Declaration of Disabled Veteran.** By checking this box, I declare under penalty of perjury that I am a disabled veteran (as defined in 38 U.S.C. § 3741(1)) whose indebtedness occurred primarily during a period in which I was on active duty (as defined in 10 U.S.C. § 101(d)(1)) or while I was performing a homeland defense activity (as defined in 32 U.S.C. §901(1)).

**1B**

**Non-consumer Debtors.** If your debts are not primarily consumer debts, check the box below and complete the verification in Part VIII. Do not complete any of the remaining parts of this statement.

☑ **Declaration of non-consumer debts.** By checking this box, I declare that my debts are not primarily consumer debts.

**1C**

**Reservists and National Guard Members; active duty or homeland defense activity.** Members of a reserve component of the Armed Forces and members of the National Guard who were called to active duty (as defined in 10 U.S.C. § 101(d)(1)) after September 11, 2001, for a period of at least 90 days, or who have performed homeland defense activity (as defined in 32 U.S.C. § 901(1)) for a period of at least 90 days, are excluded from all forms of means testing during the time of active duty or homeland defense activity and for 540 days thereafter (the "exclusion period"). If you qualify for this temporary exclusion, (1) check the appropriate boxes and complete any required information in the Declaration of Reservists and National Guard Members below, (2) check the box for "The presumption is temporarily inapplicable" at the top of this statement, and (3) complete the verification in Part VIII. **During your exclusion period you are not required to complete the balance of this form, but you must complete the form no later than 14 days after the date on which your exclusion period ends, unless the time for filing a motion raising the means test presumption expires in your case before your exclusion period ends.**

☐ **Declaration of Reservists and National Guard Members.** By checking this box and making the appropriate entries below, I declare that I am eligible for a temporary exclusion from means testing because, as a member of a reserve component of the Armed Forces or the National Guard

a. ☐ I was called to active duty after September 11, 2001, for a period of at least 90 days and
- ☐ I remain on active duty /or/
- ☐ I was released from active duty on ________________, which is less than 540 days before this bankruptcy case was filed;

OR

b. ☐ I am performing homeland defense activity for a period of at least 90 days /or/
☐ I performed homeland defense activity for a period of at least 90 days, terminating on ________________, which is less than 540 days before this bankruptcy case was filed.

Bankruptcy2014 ©1991-2014, New Hope Software, Inc., ver. 4.7.7-810 - 31463-302Y-***** - PDF-XChange 3.0

Bankruptcy2014 ©1991-2014, New Hope Software, Inc., ver. 4.7.7-810 - 31463-302Y-***** - PDF-XChange 3.0

## Part II. CALCULATION OF MONTHLY INCOME FOR § 707(b)(7) EXCLUSION

| Line | Description | Column A Debtor's Income | Column B Spouse's Income |
|---|---|---|---|
| 2 | **Marital/filing status.** Check the box that applies and complete the balance of this part of this statement as directed.<br>a. ☑ Unmarried. **Complete only Column A ("Debtor's Income") for Lines 3-11.**<br>b. ☐ Married, not filing jointly, with declaration of separate households. By checking this box, debtor declares under penalty of perjury: "My spouse and I are legally separated under applicable non-bankruptcy law or my spouse and I are living apart other than for the purpose of evading the requirements of § 707(b)(2)(A) of the Bankruptcy Code." **Complete only Column A ("Debtor's Income") for Lines 3-11.**<br>c. ☐ Married, not filing jointly, without the declaration of separate households set out in Line 2.b above. **Complete both Column A ("Debtor's Income") and Column B (Spouse's Income) for Lines 3-11.**<br>d. ☐ Married, filing jointly. **Complete both Column A ("Debtor's Income") and Column B ("Spouse's Income") for Lines 3-11.** | | |
| | All figures must reflect average monthly income received from all sources, derived during the six calendar months prior to filing the bankruptcy case, ending on the last day of the month before the filing. If the amount of monthly income varied during the six months, you must divide the six-month total by six, and enter the result on the appropriate line. | **Column A Debtor's Income** | **Column B Spouse's Income** |
| 3 | **Gross wages, salary, tips, bonuses, overtime, commissions.** | $ 0 | $ N.A. |
| 4 | **Income from the operation of a business, profession or farm.** Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 4. If you operate more than one business, profession or farm, enter aggregate numbers and provide details on an attachment. Do not enter a number less than zero. **Do not include any part of the business expenses entered on Line b as a deduction in Part V.**<br>a. Gross receipts — $ 0<br>b. Ordinary and necessary business expenses — $ 0<br>c. Business income — Subtract Line b from Line a | $ 0 | $ N.A. |
| 5 | **Rent and other real property income.** Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 5. Do not enter a number less than zero. **Do not include any part of the operating expenses entered on Line b as a deduction in Part V.**<br>a. Gross receipts — $ 0<br>b. Ordinary and necessary operating expenses — $ 0<br>c. Rent and other real property income — Subtract Line b from Line a | $ 0 | $ N.A. |
| 6 | **Interest, dividends and royalties.** | $ 0 | $ N.A. |
| 7 | **Pension and retirement income.** | $ 0 | $ N.A. |
| 8 | **Any amounts paid by another person or entity, on a regular basis, for the household expenses of the debtor or the debtor's dependents, including child support paid for that purpose.** Do not include alimony or separate maintenance payments or amounts paid by your spouse if Column B is completed. Each regular payment should be reported in only one column; If a payment is listged in Column A, do not report that payment in Column B. | $ 0 | $ N.A. |
| 9 | **Unemployment compensation.** Enter the amount in the appropriate column(s) of Line 9. However, if you contend that unemployment compensation received by you or your spouse was a benefit under the Social Security Act, do not list the amount of such compensation in Column A or B, but instead state the amount in the space below:<br>Unemployment compensation claimed to be a benefit under the Social Security Act — Debtor $ 0 — Spouse $ N.A. | $ 0 | $ N.A. |

| | | | |
|---|---|---|---|
| 10 | **Income from all other sources.** Specify source and amount. If necessary, list additional sources on a separate page. **Do not include alimony or separate maintenance payments paid by your spouse if Column B is completed, but include all other payments of alimony or separate maintenance.** Do not include any benefits received under the Social Security Act or payments received as a victim of a war crime, crime against humanity, or as a victim of international or domestic terrorism.<br>a. \| \| $ 0<br>b. \| \| $ 0<br>Total and enter on Line 10 | $ 0 | $ N.A. |
| 11 | **Subtotal of Current Monthly Income for § 707(b)(7).** Add Lines 3 thru 10 in Column A, and, if Column B is completed, add Lines 3 through 10 in Column B. Enter the total(s). | $ 0 | $ N.A. |
| 12 | **Total Current Monthly Income for § 707(b)(7).** If Column B has been completed, add Line 11, Column A to Line 11, Column B, and enter the total. If Column B has not been completed, enter the amount from Line 11, Column A. | $ 0 | |

| | | |
|---|---|---|
| | **Part III. APPLICATION OF § 707(b)(7) EXCLUSION** | |
| 13 | **Annualized Current Monthly Income for § 707(b)(7).** Multiply the amount from Line 12 by the number 12 and enter the result. | $ 0 |
| 14 | **Applicable median family income.** Enter the median family income for the applicable state and household size. (This information is available by family size at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.)<br>a. Enter debtor's state of residence: Minnesota b. Enter debtor's household size: 1 | $ 49,592 |
| 15 | **Application of Section 707(b)(7).** Check the applicable box and proceed as directed.<br>☑ **The amount on Line 13 is less than or equal to the amount on Line 14.** Check the "The presumption does not arise" box at the top of page 1 of this statement, and complete Part VIII; do not complete Parts IV, V, VI or VII.<br>☐ **The amount on Line 13 is more than the amount on Line 14.** Complete the remaining parts of this statement. | |

**Complete Parts IV, V, VI and VII of this statement only if required. (See Line 15).**

| | | |
|---|---|---|
| | **Part IV. CALCULATION OF CURRENT MONTHLY INCOME FOR § 707(b)(2)** | |
| 16 | **Enter the amount from Line 12.** | $ N.A. |
| 17 | **Marital adjustment**. If you checked the box at Line 2.c, enter on Line 17 the total of any income listed in Line 11, Column B that was NOT paid on a regular basis for the household expenses of the debtor or the debtor's dependents. Specify in the lines below the basis for excluding the Column B income (such as payment of the spouse's tax liability or the spouse's support of persons other than the debtor or the debtor's dependents) and the amount of income devoted to each purpose. If necessary, list additional adjustments on a separate page. If you did not check box at Line 2.c, enter zero.<br>a. \| \| $<br>b. \| \| $<br>c. \| \| $<br>Total and enter on Line 17. | $ N.A. |
| 18 | **Current monthly income for § 707(b)(2).** Subtract Line 17 from Line 16 and enter the result. | $ N.A. |

Bankruptcy2014 ©1991-2014, New Hope Software, Inc., ver. 4.7.7-810 - 31463-302Y-***** - PDF-XChange 3.0

| Part V. CALCULATION OF DEDUCTIONS FROM INCOME | | |
|---|---|---|
| **Subpart A: Deductions under Standards of the Internal Revenue Service (IRS)** | | |
| 19A | **National Standards: food, clothing and other items.** Enter in Line 19A the "Total" amount from IRS National Standards for Food, Clothing and Other Items for the applicable number of persons. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) The applicable number of person is the number that would currently be allowed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support. | $ N.A. |
| 19B | **National Standards: health care.** Enter in Line a1 below the amount from IRS National Standards for Out-of-Pocket Health Care for persons under 65 years of age, and in Line a2 the IRS National Standards for Out-of-Pocket Health Care for persons 65 years of age or older. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) Enter in Line b1 the applicable number of persons who are under 65 years of age, and enter in Line b2 the applicable number of persons who are 65 years of age or older. (The applicable number of persons in each age category is the number in that category that would currently be allowed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support.) Multiply line a1 by Line b1 to obtain a total amount for persons under 65, and enter the result in Line c1. Multiply Line a2 by Line b2 to obtain a total amount for persons 65 and older, and enter the result in Line c2. Add Lines c1 and c2 to obtain a total health care amount, and enter the result in Line 19B. | $ N.A. |

| Persons under 65 years of age | | | Persons 65 years of age or older | | |
|---|---|---|---|---|---|
| a1. | Allowance per person | N.A. | a2. | Allowance per person | N.A. |
| b1. | Number of persons | N.A. | b2. | Number of persons | |
| c1. | Subtotal | N.A. | c2. | Subtotal | N.A. |

| | | |
|---|---|---|
| 20A | **Local Standards: housing and utilities; non-mortgage expenses.** Enter the amount of the IRS Housing and Utilities Standards; non-mortgage expenses for the applicable county and family size. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) The applicable family size consists of the number that would currently be allowed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support. | $ N.A. |
| 20B | **Local Standards: housing and utilities; mortgage/rent expense.** Enter, in Line a below, the amount of the IRS Housing and Utilities Standards; mortgage/rent expense for your county and family size (this information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court) (the applicable family size consists of the number that would currently be allowed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support); enter on Line b the total of the Average Monthly Payments for any debts secured by your home, as stated in Line 42; subtract Line b from Line a and enter the result in Line 20B. **Do not enter an amount less than zero.** | $ N.A. |

| | | |
|---|---|---|
| a. | IRS Housing and Utilities Standards; mortgage/rental expense | $ N.A. |
| b. | Average Monthly Payment for any debts secured by your home, if any, as stated in Line 42 | $ N.A. |
| c. | Net mortgage/rental expense | Subtract Line b from Line a |

| | | |
|---|---|---|
| 21 | **Local Standards: housing and utilities; adjustment.** If you contend that the process set out in Lines 20A and 20B does not accurately compute the allowance to which you are entitled under the IRS Housing and Utilities Standards, enter any additional amount to which you contend you are entitled, and state the basis for your contention in the space below:<br>__________<br>__________<br>__________ | $ N.A. |

Bankruptcy2014 ©1991-2014, New Hope Software, Inc., ver. 4.7.7-810 - 31463-302Y-***** - PDF-XChange 3.0

| | | |
|---|---|---|
| 22A | **Local Standards: transportation; vehicle operation/public transportation expense.** You are entitled to an expense allowance in this category regardless of whether you pay the expenses of operating a vehicle and regardless of whether you use public transportation.<br>Check the number of vehicles for which you pay the operating expenses or for which the operating expenses are included as a contribution to your household expenses in Line 8.<br>☐ 0 ☐ 1 ☐ 2 or more.<br>If you checked 0, enter on Line 22A the "Public Transportation" amount from IRS Local Standards: Transportation. If you checked 1 or 2 or more, enter on Line 22A the "Operating Costs" amount from IRS Local Standards: Transportation for the applicable number of vehicles in the applicable Metropolitan Statistical Area or Census Region. (These amounts are available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $ N.A. |
| 22B | **Local Standards: transportation; additional public transportation expense.** If you pay the operating expenses for a vehicle and also use public transportation, and you contend that you are entitled to an additional deduction for your public transportation expenses, enter on Line 22B the "Public Transportation" amount from IRS Local Standards: Transportation. (This amount is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $ N.A. |
| 23 | **Local Standards: transportation ownership/lease expense; Vehicle 1.** Check the number of vehicles for which you claim an ownership/lease expense. (You may not claim an ownership/lease expense for more than two vehicles.)<br>☐ 1 ☐ 2 or more.<br>Enter, in Line a below, the "Ownership Costs" for "One Car" from the IRS Local Standards: Transportation (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 1, as stated in Line 42; subtract Line b from Line a and enter the result in Line 23. **Do not enter an amount less than zero.**<br>a. IRS Transportation Standards, Ownership Costs — $ N.A.<br>b. Average Monthly Payment for any debts secured by Vehicle 1, as stated in Line 42 — $ N.A.<br>c. Net ownership/lease expense for Vehicle 1 — Subtract Line b from Line a. | $ N.A. |
| 24 | **Local Standards: transportation ownership/lease expense; Vehicle 2.** Complete this Line only if you checked the "2 or more" Box in Line 23.<br>Enter, in Line a below, the "Ownership Costs" for "One Car" from the IRS Local Standards: Transportation (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 2, as stated in Line 42; subtract Line b from Line a and enter the result in Line 24. **Do not enter an amount less than zero.**<br>a. IRS Transportation Standards, Ownership Costs — $ N.A.<br>b. Average Monthly Payment for any debts secured by Vehicle 2, as stated in Line 42 — $ N.A.<br>c. Net ownership/lease expense for Vehicle 2 — Subtract Line b from Line a. | $ N.A. |
| 25 | **Other Necessary Expenses: taxes.** Enter the total average monthly expense that you actually incur for all federal, state and local taxes, other than real estate and sales taxes, such as income taxes, self employment taxes, social security taxes, and Medicare taxes. **Do not include real estate or sales taxes.** | $ N.A. |
| 26 | **Other Necessary Expenses: involuntary deductions for employment.** Enter the total average monthly payroll deductions that are required for your employment, such as retirement contributions, union dues, and uniform costs. **Do not include discretionary amounts, such as voluntary 401(k) contributions.** | $ N.A. |
| 27 | **Other Necessary Expenses: life insurance.** Enter total average monthly premiums that you actually pay for term life insurance for yourself. **Do not include premiums for insurance on your dependents, for whole life or for any other form of insurance.** | $ N.A. |
| 28 | **Other Necessary Expenses: court-ordered payments.** Enter the total monthly amount that you are required to pay pursuant to the order of a court or administrative agency, such as spousal or child support payments. **Do not include payments on past due obligations included in Line 44.** | $ N.A. |

Bankruptcy2014 ©1991-2014, New Hope Software, Inc., ver. 4.7.7-810 - 31463-302Y-***** - PDF-XChange 3.0

| | | |
|---|---|---|
| 29 | **Other Necessary Expenses: education for employment or for a physically or mentally challenged child.** Enter the total average monthly amount that you actually expend for education that is a condition of employment and for education that is required for a physically or mentally challenged dependent child for whom no public education providing similar services is available. | $ N.A. |
| 30 | **Other Necessary Expenses: childcare.** Enter the total average monthly amount that you actually expend on childcare—such as baby-sitting, day care, nursery and preschool. **Do not include other educational payments.** | $ N.A. |
| 31 | **Other Necessary Expenses: health care.** Enter the total average monthly amount that you actually expend on health care that is required for the health and welfare of yourself or your dependents, that is not reimbursed by insurance or paid by a health savings account, and that is in excess of the amount entered in Line 19B. **Do not include payments for health insurance or health savings accounts listed in Line 34.** | $ N.A. |
| 32 | **Other Necessary Expenses: telecommunication services.** Enter the total average monthly amount that you actually pay for telecommunication services other than your basic home telephone and cell phone service—such as pagers, call waiting, caller id, special long distance, or internet service—to the extent necessary for your health and welfare or that of your dependents. **Do not include any amount previously deducted.** | $ N.A. |
| 33 | **Total Expenses Allowed under IRS Standards.** Enter the total of Lines 19 through 32 | $ N.A. |

**Subpart B: Additional Living Expense Deductions**
**Note: Do not include any expenses that you have listed in Lines 19-32.**

| | | |
|---|---|---|
| 34 | **Health Insurance, Disability Insurance and Health Savings Account Expenses.** List the monthly expenses in the categories set out in lines a-c below that are reasonably necessary for yourself, your spouse, or your dependents.<br>a. Health Insurance $ N.A.<br>b. Disability Insurance $ N.A.<br>c. Health Savings Account $ N.A.<br>Total and enter on Line 34.<br>**If you do not actually expend this total amount,** state your actual average expenditures in the space below:<br>$ N.A. | $ N.A. |
| 35 | **Continued contributions to the care of household or family members.** Enter the total average actual monthly expenses that you will continue to pay for the reasonable and necessary care and support of an elderly, chronically ill, or disabled member of your household or member of your immediate family who is unable to pay for such expenses. | $ N.A. |
| 36 | **Protection against family violence.** Enter the total average reasonably necessary monthly expenses that you actually incurred to maintain the safety of your family under the Family Violence Prevention and Services Act or other applicable federal law. The nature of these expenses is required to be kept confidential by the court. | $ N.A. |
| 37 | **Home energy costs** Enter the total average monthly amount, in excess of the allowance specified by IRS Local Standards for Housing and Utilities that you actually expend for home energy costs. **You must provide your case trustee with documentation of your actual expenses, and you must demonstrate that the additional amount claimed is reasonable and necessary.** | $ N.A. |
| 38 | **Education expenses for dependent children less than 18.** Enter the total average monthly expenses that you actually incur, not to exceed $156.25* per child, for attendance at a private or public elementary or secondary school by your dependent children less than 18 years of age. **You must provide your case trustee with documentation of your actual expenses and you must explain why the amount claimed is reasonable and necessary and not already accounted for in the IRS Standards.** | $ N.A. |

**Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

Bankruptcy2014 ©1991-2014, New Hope Software, Inc., ver. 4.7.7-810 - 31463-302Y-***** - PDF-XChange 3.0

| | | |
|---|---|---|
| 39 | **Additional food and clothing expense.** Enter the total average monthly amount by which your food and clothing expenses exceed the combined allowances for food and clothing (apparel and services) in the IRS National Standards, not to exceed 5% of those combined allowances. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) **You must demonstrate that the additional amount claimed is reasonable and necessary.** | $ N.A. |
| 40 | **Continued charitable contributions.** Enter the amount that you will continue to contribute in the form of cash or financial instruments to a charitable organization as defined in 26 U.S.C. § 170 (c)(1)-(2) | $ N.A. |
| 41 | **Total Additional Expense Deductions under § 707(b).** Enter the total of Lines 34 through 40. | $ N.A. |

## Subpart C: Deductions for Debt Payment

**42** **Future payments on secured claims.** For each of your debts that is secured by an interest in property that you own, list the name of creditor, identify the property securing the debt, state the Average Monthly Payment, and check whether the payment includes taxes or insurance. The Average Monthly Payment is the total of all amounts scheduled as contractually due to each Secured Creditor in the 60 months following the filing of the bankruptcy case, divided by 60. If necessary, list additional entries on a separate page. Enter the total Average Monthly payments on Line 42.

| | Name of Creditor | Property Securing the Debt | Average Monthly Payment | Does payment include taxes or insurance? |
|---|---|---|---|---|
| a. | | | $ | ☐ yes ☐ no |
| b. | | | $ | ☐ yes ☐ no |
| c. | | | $ | ☐ yes ☐ no |
| | | | Total: Add Lines a, b and c | |

$ N.A.

**43** **Other payments on secured claims.** If any of the debts listed in Line 42 are secured by your primary residence, a motor vehicle, or other property necessary for your support or the support of your dependents, you may include in your deduction 1/60th of any amount (the "cure amount") that you must pay the creditor in addition to the payments listed in Line 42, in order to maintain possession of the property. The cure amount would include any sums in default that must be paid in order to avoid repossession or foreclosure. List and total any such amounts in the following chart. If necessary, list additional entries on a separate page.

| | Name of Creditor | Property Securing the Debt | 1/60th of the Cure Amount |
|---|---|---|---|
| a. | | | $ |
| b. | | | $ |
| c. | | | $ |
| | | | |

$ N.A.

| | | |
|---|---|---|
| 44 | **Payments on prepetition priority claims.** Enter the total amount, divided by 60, of all priority claims, such as priority tax, child support and alimony claims, for which you were liable at the time of your bankruptcy filing. **Do not include current obligations, such as those set out in Line 28.** | $ N.A. |

Bankruptcy2014 ©1991-2014, New Hope Software, Inc., ver. 4.7.7-810 - 31463-302Y-***** - PDF-XChange 3.0

| | | |
|---|---|---|
| 45 | **Chapter 13 administrative expenses.** If you are eligible to file a case under Chapter 13, complete the following chart, multiply the amount in line a by the amount in line b, and enter the resulting administrative expense.<br>a. Projected average monthly Chapter 13 plan payment. — $ N.A.<br>b. Current multiplier for your district as determined under schedules issued by the Executive Office for United States Trustees. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) — x N.A.<br>c. Average monthly administrative expense of Chapter 13 case — Total: Multiply Lines a and b | $ N.A. |
| 46 | **Total Deductions for Debt Payment.** Enter the total of Lines 42 through 45. | $ N.A. |

## Subpart D: Total Deductions from Income

| | | |
|---|---|---|
| 47 | **Total of all deductions allowed under § 707(b)(2).** Enter the total of Lines 33, 41, and 46. | $ N.A. |

## Part VI. DETERMINATION OF § 707(b)(2) PRESUMPTION

| | | |
|---|---|---|
| 48 | **Enter the amount from Line 18 (Current monthly income for § 707(b)(2))** | $ N.A. |
| 49 | **Enter the amount from Line 47 (Total of all deductions allowed under § 707(b)(2))** | $ N.A. |
| 50 | **Monthly disposable income under § 707(b)(2).** Subtract Line 49 from Line 48 and enter the result. | $ N.A. |
| 51 | **60-month disposable income under § 707(b)(2).** Multiply the amount in Line 50 by the number 60 and enter the result. | $ N.A. |
| 52 | **Initial presumption determination.** Check the applicable box and proceed as directed.<br>☑ **The amount on Line 51 is less than $7,475*.** Check the box for "The presumption does not arise" at the top of page 1 of this statement, and complete the verification in Part VIII. Do not complete the remainder of Part VI.<br>☐ **The amount set forth on Line 51 is more than $12,475*.** Check the "Presumption arises" box at the top of page 1 of this statement, and complete the verification in Part VIII. You may also complete Part VII. Do not complete the remainder of Part VI.<br>☐ **The amount on Line 51 is at least $7,475*, but not more than $12,475*.** Complete the remainder of Part VI (Lines 53 through 55). | |
| 53 | **Enter the amount of your total non-priority unsecured debt** | $ N.A. |
| 54 | **Threshold debt payment amount.** Multiply the amount in Line 53 by the number 0.25 and enter the result. | $ N.A. |
| 55 | **Secondary presumption determination.** Check the applicable box and proceed as directed.<br>☐ **The amount on Line 51 is less than the amount on Line 54.** Check the box for "The presumption does not arise" at the top of page 1 of this statement, and complete the verification in Part VIII.<br>☐ **The amount on Line 51 is equal to or greater than the amount on Line 54.** Check the box for "The presumption arises" at the top of page 1 of this statement, and complete the verification in Part VIII. You may also complete Part VII. | |

## Part VII: ADDITIONAL EXPENSE CLAIMS

56 **Other Expenses.** List and describe any monthly expenses, not otherwise stated in this form, that are required for the health and welfare of you and your family and that you contend should be an additional deduction from your current monthly income under § 707(b)(2)(A)(ii)(I). If necessary, list additional sources on a separate page. All figures should reflect your average monthly expense for each item. Total the expenses.

| | Expense Description | Monthly Amount |
|---|---|---|
| a. | | $ N.A. |
| b. | | $ N.A. |
| c. | | $ N.A. |
| | Total: Add Lines a, b and c | N.A. |

*Amounts are subject to adjustment on 4/1/2016, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

Bankruptcy2014 ©1991-2014, New Hope Software, Inc., ver. 4.7.7-810 - 31463-302Y-***** - PDF-XChange 3.0

| Part VIII: VERIFICATION | |
|---|---|
| 57 | I declare under penalty of perjury that the information provided in this statement is true and correct. *(If this a joint case, both debtors must sign.)*<br>Date: May 19, 2014 Signature: /e/Chad L. Monson *(Debtor)*<br>Date: ______ Signature: ______ *(Joint Debtor, if any)* |

Bankruptcy2014 ©1991-2014, New Hope Software, Inc., ver. 4.7.7-810 - 31463-302Y-***** - PDF-XChange 3.0

# Form 22 Continuation Sheet

**Income Month 1**

| | | |
|---|---|---|
| Gross wages, salary, tips... | 0 | 0 |
| Income from business... | 0 | 0 |
| Rents and real property income... | 0 | 0 |
| Interest, dividends... | 0 | 0 |
| Pension, retirement... | 0 | 0 |
| Contributions to HH Exp... | 0 | 0 |
| Unemployment... | 0 | 0 |
| Other Income... | 0 | 0 |

**Income Month 2**

| | | |
|---|---|---|
| Gross wages, salary, tips... | 0 | 0 |
| Income from business... | 0 | 0 |
| Rents and real property income... | 0 | 0 |
| Interest, dividends... | 0 | 0 |
| Pension, retirement... | 0 | 0 |
| Contributions to HH Exp... | 0 | 0 |
| Unemployment... | 0 | 0 |
| Other Income... | 0 | 0 |

**Income Month 3**

| | | |
|---|---|---|
| Gross wages, salary, tips... | 0 | 0 |
| Income from business... | 0 | 0 |
| Rents and real property income... | 0 | 0 |
| Interest, dividends... | 0 | 0 |
| Pension, retirement... | 0 | 0 |
| Contributions to HH Exp... | 0 | 0 |
| Unemployment... | 0 | 0 |
| Other Income... | 0 | 0 |

**Income Month 4**

| | | |
|---|---|---|
| Gross wages, salary, tips... | 0 | 0 |
| Income from business... | 0 | 0 |
| Rents and real property income... | 0 | 0 |
| Interest, dividends... | 0 | 0 |
| Pension, retirement... | 0 | 0 |
| Contributions to HH Exp... | 0 | 0 |
| Unemployment... | 0 | 0 |
| Other Income... | 0 | 0 |

**Income Month 5**

| | | |
|---|---|---|
| Gross wages, salary, tips... | 0 | 0 |
| Income from business... | 0 | 0 |
| Rents and real property income... | 0 | 0 |
| Interest, dividends... | 0 | 0 |
| Pension, retirement... | 0 | 0 |
| Contributions to HH Exp... | 0 | 0 |
| Unemployment... | 0 | 0 |
| Other Income... | 0 | 0 |

**Income Month 6**

| | | |
|---|---|---|
| Gross wages, salary, tips... | 0 | 0 |
| Income from business... | 0 | 0 |
| Rents and real property income... | 0 | 0 |
| Interest, dividends... | 0 | 0 |
| Pension, retirement... | 0 | 0 |
| Contributions to HH Exp... | 0 | 0 |
| Unemployment... | 0 | 0 |
| Other Income... | 0 | 0 |

## Additional Items as Designated, if any

## Remarks

Bankruptcy2014 ©1991-2014, New Hope Software, Inc., ver. 4.7.7-810 - 31463-302Y-***** - PDF-XChange 3.0

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

---

In re: Case No. ____________________

Chad L. Monson,

Debtor(s).

**SIGNATURE DECLARATION**

---

_X_ PETITION, SCHEDULES & STATEMENTS
_____ CHAPTER 13 PLAN
_____ SCHEDULES AND STATEMENTS ACCOMPANYING VERIFIED CONVERSION
_____ AMENDMENT TO PETITION, SCHEDULES & STATEMENTS
_____ MODIFIED CHAPTER 13 PLAN
_____ OTHER (Please describe: ________________________________)

I [We], the undersigned debtor(s) or authorized representative of the debtor, ***make the following declarations under penalty of perjury:***

- The information I have given my attorney and provided in the electronically filed petition, statements, schedules, amendments, and/or chapter 13 plan, as indicated above, is true and correct;
- The information provided in the "Debtor Information Pages" submitted as a part of the electronic commencement of the above-referenced case is true and correct;
- **[individual debtors only]** If no Social Security Number is included in the "Debtor Information Pages" submitted as a part of the electronic commencement of the above-referenced case, it is because I do not have a Social Security Number;
- I consent to my attorney electronically filing with the United States Bankruptcy Court my petition, statements and schedules, amendments, and/or chapter 13 plan, as indicated above, together with a scanned image of this Signature Declaration and the completed "Debtor Information Pages," if applicable; and
- **[corporate and partnership debtors only]** I have been authorized to file this petition on behalf of the debtor.

Date: 5-19-14

× [signature]
Signature of Debtor or Authorized Representative

× ____________________
Signature of Joint Debtor

Chad L. Monson
Printed Name of Debtor or Authorized Representative

____________________
Printed Name of Joint Debtor

Form ERRS 1 (Rev. 10/03)

4853-2220-9563, v. 1

# EXHIBIT 4

**B9A (Official Form 9A)** (Chapter 7 Individual or Joint Debtor No Asset Case) (12/12) Case Number **14−42151 − KHS**

UNITED STATES BANKRUPTCY COURT District of Minnesota

# Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines

A chapter 7 bankruptcy case concerning the debtor(s) listed below was filed on 5/19/14.
You may be a creditor of the debtor. **This notice lists important deadlines.** You may want to consult an attorney to protect your rights. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below. NOTE: The staff of the bankruptcy clerk's office cannot give legal advice.

**Creditors −− Do not file this notice in connection with any proof of claim you submit to the court.**

## See Reverse Side For Important Explanations

Debtor(s) (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):
Chad L. Monson
1502 45th Avenue SE
Willmar, Mn 56201

| | |
|---|---|
| Case Number: 14−42151 − KHS | Social Security / Individual Taxpayer ID / Employer Tax ID / Other nos:<br>xxx−xx−2790 |
| Attorney for Debtor(s) (name and address):<br>Thomas Flynn<br>Larkin Hoffman Daly & Lindgren<br>7900 Xerxes Ave South<br>Suite1500<br>Bloomington, MN 55431<br>Telephone number: 952−896−3362 | Bankruptcy Trustee (name and address):<br>J. Richard Stermer<br>Stermer Law Firm PLLC<br>202 N First St Ste 200<br>P O Box 445<br>Montevideo, MN 56265<br>Telephone number: 320−321−1288 |

## Meeting of Creditors

Date: **July 9, 2014** Time: **01:00 PM**
Location: **Room 112, American Red Cross, 1301 W St Germain St, St Cloud, MN 56301**

## Presumption of Abuse under 11 U.S.C. § 707(b) *(See "Presumption of Abuse" on reverse side.)*

The presumption of abuse does not arise.

## Deadlines:

Papers must be *received* by the bankruptcy clerk's office by the following deadlines:
**Deadline to Object to Debtor's Discharge or to Challenge Dischargeability of Certain Debts: 9/8/14**
**Certificate of Completion of Financial Management Course due: 9/8/14**
Credit Counseling and Debtor Education Information can be found at http://www.usdoj.gov/ust/eo/bapcpa/ccde/index.htm

## Deadline to Object to Exemptions:

Thirty (30) days after the *conclusion* of the meeting of creditors.

## Creditors May Not Take Certain Actions:

In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions against the debtor and the debtor's property. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized. Consult a lawyer to determine your rights in this case.

If you would like to view the bankruptcy petition and other documents filed by the debtor, they are available for a fee through Pacer (http://pacer.psc.uscourts.gov) or at the Clerk's Office, 301 United States Courthouse, 300 South 4th Street, Minneapolis, MN 55415.

## Please Do Not File a Proof of Claim Unless You Receive a Notice To Do So.

## Creditor with a Foreign Address:

A creditor to whom this notice is sent at a foreign address should read the information under "Do Not File a Proof of Claim at This Time" on the reverse side.

| | |
|---|---|
| **Bankruptcy Clerk's Office** *( Monday − Friday: 8:00am − 5:00pm )*<br>301 U.S. Courthouse<br>300 South Fourth Street<br>Minneapolis, MN 55415<br>Telephone number: (612)−664−5200<br>Web address: www.mnb.uscourts.gov | **For the Court:**<br>Clerk of the Bankruptcy Court:<br>Lori Vosejpka<br>Date: 5/20/14 |

CASE 0:16-cv-03632-NEB-LIB Doc. 13-1 Filed 09/16/16 Page 125 of 164

## EXPLANATIONS

**B9A (Official Form 9A) (12/12)**

| | |
|---|---|
| Filing of Chapter 7 Bankruptcy Case | A bankruptcy case under Chapter 7 of the Bankruptcy Code (title 11, United States Code) has been filed in this court by or against the debtor(s) listed on the front side, and an order for relief has been entered. |
| **Legal Advice** | The staff of the bankruptcy clerk's office cannot give legal advice. Consult a lawyer to determine your rights in this case. |
| Creditors Generally May Not Take Certain Actions | Prohibited collection actions are listed in Bankruptcy Code §362. Common examples of prohibited actions include contacting the debtor by telephone, mail or otherwise to demand repayment; taking actions to collect money or obtain property from the debtor; repossessing the debtor's property; starting or continuing lawsuits or foreclosures; and garnishing or deducting from the debtor's wages. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. |
| Presumption of Abuse | If the presumption of abuse arises, creditors may have the right to file a motion to dismiss the case under § 707(b) of the Bankruptcy Code. The debtor may rebut the presumption by showing special circumstances. |
| Meeting of Creditors | A meeting of creditors is scheduled for the date, time and location listed on the front side. *The debtor (both spouses in a joint case) must be present at the meeting to be questioned under oath by the trustee and by creditors.* Creditors are welcome to attend, but are not required to do so. The meeting may be continued and concluded at a later date specified in a notice filed with the court. |
| Do Not File a Proof of Claim at This Time | There does not appear to be any property available to the trustee to pay creditors. *You therefore should not file a proof of claim at this time.* If it later appears that assets are available to pay creditors, you will be sent another notice telling you that you may file a proof of claim, and telling you the deadline for filing your proof of claim. If this notice is mailed to a creditor at a foreign address, the creditor may file a motion requesting the court to extend the deadline.<br>*Do not include this notice with any filing you make with the court.* |
| Discharge of Debts | The debtor is seeking a discharge of most debts, which may include your debt. A discharge means that you may never try to collect the debt from the debtor. If you believe that the debtor is not entitled to receive a discharge under Bankruptcy Code §727(a) *or* that a debt owed to you is not dischargeable under Bankruptcy Code §523(a)(2), (4), or (6), you must file a complaint −− or a motion if you assert the discharge should be denied under §727(a)(8) or (a)(9) −− in the bankruptcy clerk's office by the "Deadline to Object to Debtor's Discharge or to Challenge the Dischargeability of Certain Debts" listed on the front of this form. The bankruptcy clerk's office must receive the complaint or motion and any required filing fee by that deadline. |
| Exempt Property | The debtor is permitted by law to keep certain property as exempt. Exempt property will not be sold and distributed to creditors. The debtor must file a list of all property claimed as exempt. You may inspect that list at the bankruptcy clerk's office. If you believe that an exemption claimed by the debtor is not authorized by law, you may file an objection to that exemption. The bankruptcy clerk's office must receive the objections by the "Deadline to Object to Exemptions" listed on the front side. |
| Bankruptcy Clerk's Office | Any paper that you file in this bankruptcy case should be filed at the bankruptcy clerk's office at the address listed on the front side. You may inspect all papers filed, including the list of the debtor's property and debts and the list of the property claimed as exempt, at the bankruptcy clerk's office. |
| Creditor with a Foreign Address | Consult a lawyer familiar with United States bankruptcy law if you have any questions regarding your rights in this case. |

Refer to Other Side for Important Deadlines and Notices

# EXHIBIT 5

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | Chapter 7 |
| CHAD L. MONSON, Debtor. | BKY Case Number: 14-42151 (KHS) |

---

**APPLICATION FOR APPROVAL OF EMPLOYMENT OF ATTORNEY**

---

1. Applicant is the trustee in this case.

2. Applicant believes that the employment of an attorney is necessary to represent or assist the trustee in carrying out the trustee's duties as follows: To review and represent the estate in connection with pursuing any avoidance actions; commencing an adversary proceeding and if necessary conduct discovery and Rule 2004 Examination of the debtor and other parties; the turnover and/or pursuit of collection of assets; to appear in Court and defend the motion; to file any necessary objections to claims; and such other matters as may be necessary for the administration of the estate.

3. J. Richard Stermer of Stermer Law Firm, PLLC, 202 N. 1st Street, Suite 200, P.O. Box 445, Montevideo, MN 56265, is qualified by reason of practice and experience to render such representation or assistance.

4. Proposed compensation and reimbursement of expenses is as follows: $225.00 per hour for J. Richard Stermer, $200.00 per hour for Krystal M. Lynne, plus all out-of-pocket expenses. In addition, said compensation rates are subject to periodic adjustments.

5. Said professional has disclosed the following connections with the debtor, creditors, any other party-in-interest, their respective attorneys and accountants, the United States Trustee or any person employed in the Office of the United States Trustee: None, except that J. Richard Stermer is the trustee in this case.

6. The trustee has made the following efforts prior to submitting this Application: The Trustee has reviewed the debtor's petition and schedules, reviewed case documents, prepared correspondence, and made inquiries as to the matters of concern. The matter remains unresolved and legal services are necessary to accomplish resolution.

WHEREFORE, applicant prays that the Court approve such employment by the Trustee.

Dated: June 11, 2014.

*/e/ J. Richard Stermer*
J. Richard Stermer, Trustee
P.O. Box 445
Montevideo, MN 56265
(320) 321-1288

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re: Chapter 7

CHAD L. MONSON, BKY Case Number: 14-42151 (KHS)
Debtor.

---

**VERIFIED STATEMENT PURSUANT TO FEDERAL RULE 2014(a)**

---

I, J. Richard Stermer, of Stermer Law Firm, PLLC, the professional named in the application for employment on behalf of the above named bankruptcy estate, declare under penalty of perjury the following:

1. I do not hold or represent any interest adverse to the estate and am disinterested as required by 11 U.S.C. § 327.
2. I do not have any connections to the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the offices of the United States Trustee, except for the following: None, except that J. Richard Stermer is the trustee in this case.

Dated: June 11, 2014.

*/e/ J. Richard Stermer*

J. Richard Stermer
Attorney ID # 216811
P.O. Box 445
Montevideo, MN 56265
(320) 321-1288

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re: Chapter 7

CHAD L. MONSON, BKY Case Number: 14-42151 (KHS)
Debtor.

---

**ORDER**

---

The trustee's application to employ Stermer Law Firm, PLLC, as attorneys for the trustee came before the court. Based on the application, the recommendation of the United States Trustee and 11 United States Code § 327,

IT IS ORDERED: The employment is approved.

Dated:

________________________________
Kathleen H. Sanberg
United States Bankruptcy Judge

# EXHIBIT 6

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA
## MINNEAPOLIS DIVISION

| | | |
|---|---|---|
| In re: MONSON, CHAD L. | § | Case No. 14-42151-KHS |
| | § | |
| | § | |
| Debtor(s) | § | |

## CHAPTER 7 TRUSTEE'S FINAL ACCOUNT AND DISTRIBUTION REPORT CERTIFICATION THAT THE ESTATE HAS BEEN FULLY ADMINISTERED AND APPLICATION TO BE DISCHARGED (TDR)

J. Richard Stermer, chapter 7 trustee, submits this Final Account, Certification that the Estate has been Fully Administered and Application to be Discharged.

1) All funds on hand have been distributed in accordance with the Trustee's Final Report and, if applicable, any order of the Court modifying the Final Report. The case is fully administered and all assets and funds which have come under the trustee's control in this case have been properly accounted for as provided by law. The trustee hereby requests to be discharged from further duties as a trustee.

2) A summary of assets abandoned, assets exempt, total distributions to claimants, claims discharged without payment, and expenses of administration is provided below:

| | |
|---|---|
| Assets Abandoned: $760,960.00<br>*(without deducting any secured claims)* | Assets Exempt: $10,919.00 |
| Total Distribution to Claimants: $221,342.60 | Claims Discharged Without Payment: $12,409,487.97 |
| Total Expenses of Administration: $205,152.40 | |

3) Total gross receipts of $ 426,495.00 (see **Exhibit 1** ), minus funds paid to the debtor and third parties of $ 0.00 (see **Exhibit 2** ), yielded net receipts of $426,495.00 from the liquidation of the property of the estate, which was distributed as follows:

| | CLAIMS SCHEDULED | CLAIMS ASSERTED | CLAIMS ALLOWED | CLAIMS PAID |
|---|---|---|---|---|
| SECURED CLAIMS (from **Exhibit 3**) | $225,000.00 | $189,431.20 | $189,431.20 | $189,431.20 |
| PRIORITY CLAIMS: | | | | |
| CHAPTER 7 ADMIN. FEES AND CHARGES (from **Exhibit 4**) | 0.00 | 205,152.40 | 205,152.40 | 205,152.40 |
| PRIOR CHAPTER ADMIN. FEES AND CHARGES (from **Exhibit 5**) | 0.00 | 0.00 | 0.00 | 0.00 |
| PRIORITY UNSECURED CLAIMS (from **Exhibit 6**) | 0.00 | 1,928.33 | 0.00 | 0.00 |
| GENERAL UNSECURED CLAIMS (from **Exhibit 7**) | 10,600,290.00 | 6,301,485.90 | 6,236,013.37 | 31,911.40 |
| **TOTAL DISBURSEMENTS** | $10,825,290.00 | $6,697,997.83 | $6,630,596.97 | $426,495.00 |

4) This case was originally filed under Chapter 7 on May 19, 2014. The case was pending for 39 months.

5) All estate bank statements, deposit slips, and canceled checks have been submitted to the United States Trustee.

6) An individual estate property record and report showing the final accounting of the assets of the estate is attached as **Exhibit 8**. The cash receipts and disbursements records for each estate bank account, showing the final accounting of the receipts and disbursements of estate funds is attached as **Exhibit 9**.

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Dated: 08/23/2017 By: /s/J. Richard Stermer
Trustee

**STATEMENT:** This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

# EXHIBITS TO FINAL ACCOUNT

## EXHIBIT 1 –GROSS RECEIPTS

| DESCRIPTION | UNIFORM TRAN. CODE [1] | $ AMOUNT RECEIVED |
|---|---|---|
| 1502 45th Ave. S.E., Willmar, MN 56201 | 1210-000 | 150,000.00 |
| 2783 45th Ave. S.E., Willmar, MN 56201 | 1210-000 | 160,000.00 |
| 204 acres, Divide Cty., N.D. | 1210-000 | 40,000.00 |
| FRAUDULENT TRANSFER | 1241-000 | 5,000.00 |
| RENT - 33 ACRES | 1222-000 | 4,995.00 |
| FRAUDULENT TRANSFER | 1241-000 | 5,000.00 |
| Cash | 1241-000 | 1,500.00 |
| FRAUDULENT TRANSFER | 1241-000 | 40,000.00 |
| Cash | 1241-000 | 10,000.00 |
| FRAUDULENT TRANSFER CLAIM | 1241-000 | 4,000.00 |
| FRAUDULENT TRANSFER CLAIM | 1241-000 | 6,000.00 |
| **TOTAL GROSS RECEIPTS** | | $426,495.00 |

[1] The Uniform Transaction Code is an accounting code assigned by the trustee for statistical reporting purposes.

## EXHIBIT 2 –FUNDS PAID TO DEBTOR & THIRD PARTIES

| PAYEE | DESCRIPTION | UNIFORM TRAN. CODE | $ AMOUNT PAID |
|---|---|---|---|
| | None | | |
| **TOTAL FUNDS PAID TO DEBTOR AND THIRD PARTIES** | | | $0.00 |

## EXHIBIT 3 –SECURED CLAIMS

| CLAIM NO. | CLAIMANT | UNIFORM TRAN. CODE | CLAIMS SCHEDULED (from Form 6D) | CLAIMS ASSERTED | CLAIMS ALLOWED | CLAIMS PAID |
|---|---|---|---|---|---|---|
| NOTFILED | Gary L. Monson | 4110-000 | 75,000.00 | N/A | N/A | 0.00 |
| NOTFILED | Dennis Larson Lori Larson | 4110-000 | 150,000.00 | N/A | N/A | 0.00 |

| | | | | | | |
|---|---|---|---|---|---|---|
| JO ANN MONSON | 4120-000 | N/A | | 2,000.00 | 2,000.00 | 2,000.00 |
| Erik Ahlgren Trustee | 4120-000 | N/A | | 89,931.20 | 89,931.20 | 89,931.20 |
| Erik Ahlgren, Trustee of JoAnn Monson BKY estate | 4120-000 | N/A | | 97,500.00 | 97,500.00 | 97,500.00 |
| **TOTAL SECURED CLAIMS** | | | $225,000.00 | $189,431.20 | $189,431.20 | $189,431.20 |

## EXHIBIT 4 –CHAPTER 7 ADMINISTRATIVE FEES and CHARGES

| PAYEE | UNIFORM TRAN. CODE | CLAIMS SCHEDULED | CLAIMS ASSERTED | CLAIMS ALLOWED | CLAIMS PAID |
|---|---|---|---|---|---|
| Trustee Compensation - J. Richard Stermer | 2100-000 | N/A | 24,574.75 | 24,574.75 | 24,574.75 |
| Trustee Expenses - J. Richard Stermer | 2200-000 | N/A | 924.43 | 924.43 | 924.43 |
| Clerk of the Court Costs (includes adversary and other filing fees) - CLERK | 2700-000 | N/A | 2,450.00 | 2,450.00 | 2,450.00 |
| Attorney for Trustee Fees (Trustee Firm) - J. RICHARD STERMER | 3110-000 | N/A | 1,417.50 | 1,417.50 | 1,417.50 |
| Attorney for Trustee Expenses (Trustee Firm) - J. RICHARD STERMER | 3120-000 | N/A | 86.80 | 86.80 | 86.80 |
| Other - LEONARD, O'BRIEN, SPENCER, GALE & SAYRE, LTD | 3210-000 | N/A | 145,880.00 | 145,880.00 | 145,880.00 |
| Other - LEONARD, O'BRIEN, SPENCER, GALE & SAYRE, LTD | 3220-000 | N/A | 131.68 | 131.68 | 131.68 |
| Other - CONSTANCE J. PAIEMENT | 3410-000 | N/A | 2,115.00 | 2,115.00 | 2,115.00 |
| Other - Patrick Flanders Realty | 3510-000 | N/A | 16,000.00 | 16,000.00 | 16,000.00 |
| Other - Patrick Flanders Realty | 3520-000 | N/A | 263.00 | 263.00 | 263.00 |
| Other - Rabobank, N.A. | 2600-000 | N/A | 19.17 | 19.17 | 19.17 |
| Other - Rabobank, N.A. | 2600-000 | N/A | 53.28 | 53.28 | 53.28 |
| Clerk of the Court Costs (includes adversary and other filing fees) - CLERK | 2700-000 | N/A | 350.00 | 350.00 | 350.00 |
| Other - Rabobank, N.A. | 2600-000 | N/A | 65.54 | 65.54 | 65.54 |
| Clerk of the Court Costs (includes adversary and other filing fees) - CLERK | 2700-000 | N/A | 350.00 | 350.00 | 350.00 |
| Clerk of the Court Costs (includes adversary and other filing fees) - CLERK | 2700-000 | N/A | 350.00 | 350.00 | 350.00 |
| Other - Rabobank, N.A. | 2600-000 | N/A | 64.69 | 64.69 | 64.69 |
| Other - INTERNATIONAL SURETIES, LTD. | 2300-000 | N/A | 40.10 | 40.10 | 40.10 |
| Other - Rabobank, N.A. | 2600-000 | N/A | 64.98 | 64.98 | 64.98 |
| Other - Rabobank, N.A. | 2600-000 | N/A | 71.55 | 71.55 | 71.55 |
| Other - Rabobank, N.A. | 2600-000 | N/A | 70.88 | 70.88 | 70.88 |
| Other - Rabobank, N.A. | 2600-000 | N/A | 124.40 | 124.40 | 124.40 |
| Other - Rabobank, N.A. | 2600-000 | N/A | 155.42 | 155.42 | 155.42 |
| Other - Rabobank, N.A. | 2600-000 | N/A | 145.47 | 145.47 | 145.47 |
| Other - Johnson Law Office | 2500-000 | N/A | 200.00 | 200.00 | 200.00 |

| | | | | | |
|---|---|---|---|---|---|
| Other - Kandiyohi Abstract & Title | 2500-000 | N/A | 448.00 | 448.00 | 448.00 |
| Other - Kandiyohi County Recorder | 2500-000 | N/A | 460.00 | 460.00 | 460.00 |
| Other - Kandiyohi County Treasurer | 2820-000 | N/A | 502.95 | 502.95 | 502.95 |
| Other - Kandiyohi County Treasurer | 2820-000 | N/A | 79.83 | 79.83 | 79.83 |
| Other - Kandiyohi Cty Treasurer | 2820-000 | N/A | 2,109.59 | 2,109.59 | 2,109.59 |
| Other - Kandiyohi County Treasurer | 2820-000 | N/A | 1,580.94 | 1,580.94 | 1,580.94 |
| Other - Rabobank, N.A. | 2600-000 | N/A | 245.89 | 245.89 | 245.89 |
| Other - Rabobank, N.A. | 2600-000 | N/A | 365.59 | 365.59 | 365.59 |
| Clerk of the Court Costs (includes adversary and other filing fees) - CLERK | 2700-000 | N/A | 350.00 | 350.00 | 350.00 |
| Clerk of the Court Costs (includes adversary and other filing fees) - CLERK | 2700-000 | N/A | 350.00 | 350.00 | 350.00 |
| Other - Rabobank, N.A. | 2600-000 | N/A | 416.01 | 416.01 | 416.01 |
| Other - Rabobank, N.A. | 2600-000 | N/A | 247.80 | 247.80 | 247.80 |
| Other - Rabobank, N.A. | 2600-000 | N/A | 261.27 | 261.27 | 261.27 |
| Other - Rabobank, N.A. | 2600-000 | N/A | 234.00 | 234.00 | 234.00 |
| Other - INTERNATIONAL SURETIES, LTD. | 2300-000 | N/A | 56.08 | 56.08 | 56.08 |
| Other - Rabobank, N.A. | 2600-000 | N/A | 233.67 | 233.67 | 233.67 |
| Other - Rabobank, N.A. | 2600-000 | N/A | 265.49 | 265.49 | 265.49 |
| Other - Rabobank, N.A. | 2600-000 | N/A | 232.90 | 232.90 | 232.90 |
| Other - Rabobank, N.A. | 2600-000 | N/A | 138.79 | 138.79 | 138.79 |
| Other - Rabobank, N.A. | 2600-000 | N/A | 100.54 | 100.54 | 100.54 |
| Other - Rabobank, N.A. | 2600-000 | N/A | 97.05 | 97.05 | 97.05 |
| Other - Rabobank, N.A. | 2600-000 | N/A | 106.95 | 106.95 | 106.95 |
| Other - Rabobank, N.A. | 2600-000 | N/A | 100.11 | 100.11 | 100.11 |
| Other - Rabobank, N.A. | 2600-000 | N/A | 106.90 | 106.90 | 106.90 |
| Other - Rabobank, N.A. | 2600-000 | N/A | 93.41 | 93.41 | 93.41 |
| **TOTAL CHAPTER 7 ADMIN. FEES AND CHARGES** | | N/A | $205,152.40 | $205,152.40 | $205,152.40 |

## EXHIBIT 5 –PRIOR CHAPTER ADMINISTRATIVE FEES and CHARGES

| PAYEE | UNIFORM TRAN. CODE | CLAIMS SCHEDULED | CLAIMS ASSERTED | CLAIMS ALLOWED | CLAIMS PAID |
|---|---|---|---|---|---|
| | None | | | | |
| **TOTAL PRIOR CHAPTER ADMIN. FEES AND CHARGES** | | N/A | $0.00 | $0.00 | $0.00 |

## EXHIBIT 6 –PRIORITY UNSECURED CLAIMS

| CLAIM NO. | CLAIMANT | UNIFORM TRAN. CODE | CLAIMS SCHEDULED (from Form 6E) | CLAIMS ASSERTED (from Proofs of Claim) | CLAIMS ALLOWED | CLAIMS PAID |
|---|---|---|---|---|---|---|
| 8 | KANDIYOHI COUNTY AUDITOR/TREASURER | 5800-000 | N/A | 1,928.33 | 0.00 | 0.00 |
| TOTAL PRIORITY UNSECURED CLAIMS | | | $0.00 | $1,928.33 | $0.00 | $0.00 |

## EXHIBIT 7 –GENERAL UNSECURED CLAIMS

| CLAIM NO. | CLAIMANT | UNIFORM TRAN. CODE | CLAIMS SCHEDULED (from Form 6F) | CLAIMS ASSERTED (from Proofs of Claim) | CLAIMS ALLOWED | CLAIMS PAID |
|---|---|---|---|---|---|---|
| 1 | Hibu Inc f/k/a Yellowbook Inc | 7100-000 | 12,510.00 | 12,510.98 | 0.00 | 0.00 |
| 2 | Trustone Financial | 7100-000 | 4,000.00 | 4,557.70 | 4,557.70 | 23.32 |
| 3 | Trustone Financial | 7100-000 | N/A | 322.38 | 322.38 | 1.65 |
| 4 | Crown Gas of Sauk Centre Inc. | 7100-000 | 160.00 | 357.82 | 357.82 | 1.83 |
| 5 | Truckers Inn - Sauk Centre | 7100-000 | 2,292.00 | 1,201.24 | 0.00 | 0.00 |
| 6 | SANDHILLS PUBLISHING COMPANY | 7100-000 | N/A | N/A | 0.00 | 0.00 |
| 7 | West Central Electric Supply | 7100-000 | 349.00 | 406.57 | 0.00 | 0.00 |
| 9 | NORTHWEST COMMUNICATIONS | 7100-000 | unknown | 1,071.00 | 1,071.00 | 5.48 |
| 10 | TRACTOR & EQUIPMENT COMPANY | 7100-000 | 19,342.00 | 23,559.14 | 23,559.14 | 120.56 |
| 11 | West Central Industries | 7100-000 | 127.00 | 127.29 | 0.00 | 0.00 |
| 12 | Anderson, Larson, Saunders, Klaassen | 7100-000 | 4,358.00 | 8,934.00 | 0.00 | 0.00 |
| 13 | PLENTYWOOD CLINIC PC | 7100-000 | 540.00 | 593.63 | 0.00 | 0.00 |
| 14 | General Equipment & Supplies | 7100-000 | 339.00 | 375.32 | 0.00 | 0.00 |
| 15 | Harmon Glass | 7100-000 | 150.00 | 150.99 | 0.00 | 0.00 |
| 16 | WHITMORE SALES INC | 7100-000 | 0.00 | 23,802.18 | 0.00 | 0.00 |
| 17 | DIVIDE BURKE ABSTRACT CO INC | 7100-000 | 362.00 | 401.83 | 0.00 | 0.00 |
| 18 | UNIFIED SCREENING & CRUSHING MN | 7100-000 | N/A | 1,828.57 | 0.00 | 0.00 |
| 19 -2 | Jo Ann Monson Bankruptcy Estate | 7100-000 | 1,700,000.00 | 1,417,174.35 | 1,417,174.35 | 7,252.07 |
| 20 | Trustees of the Minnesota Laborers Fringe Benefit | 7100-000 | N/A | 5,286.61 | 5,286.61 | 27.05 |
| 21 | PayPal Inc | 7100-000 | N/A | 368.45 | 368.45 | 1.89 |
| 22 | American Welding Supplies | 7100-000 | 2,906.00 | 7,073.49 | 0.00 | 0.00 |
| 23 | Heritage Bank, National Association | 7100-000 | 1,900,000.00 | 2,897,155.05 | 2,897,155.05 | 14,825.54 |

| | | | | | | |
|---|---|---|---|---|---|---|
| 24 | American Express Bank FSB | 7100-000 | 12,182.00 | 12,152.94 | 12,152.94 | 62.19 |
| 25 | Stoen's Hydrostatic Service | 7100-000 | 6,326.00 | 7,611.78 | 0.00 | 0.00 |
| 26 | North American State Bank | 7100-000 | 750,000.00 | 572,014.32 | 572,014.32 | 2,927.16 |
| 27 | Vision Systems & Consulting | 7100-000 | 364.00 | 454.66 | 0.00 | 0.00 |
| 28 | Komatsu Financial Limited Partnership | 7100-000 | unknown | 201,993.61 | 201,993.61 | 1,033.66 |
| 29 | LUMINART CORP | 7100-000 | N/A | 1,100,000.00 | 1,100,000.00 | 5,629.00 |
| NOTFILED | Mid-Minnesota Builders Exchange | 7100-000 | 310.00 | N/A | N/A | 0.00 |
| NOTFILED | Mike's Small Engine Center | 7100-000 | 57.00 | N/A | N/A | 0.00 |
| NOTFILED | Minnesota Revenue (Sales Tax Only) | 7100-000 | -3.00 | N/A | N/A | 0.00 |
| NOTFILED | MPCA | 7100-000 | 1,090.00 | N/A | N/A | 0.00 |
| NOTFILED | Paument & Associates, Inc. | 7100-000 | 600.00 | N/A | N/A | 0.00 |
| NOTFILED | OptumHealth | 7100-000 | 75.00 | N/A | N/A | 0.00 |
| NOTFILED | Plentywood Sanitation Co. | 7100-000 | 100.00 | N/A | N/A | 0.00 |
| NOTFILED | Nuss Truck Group Inc. | 7100-000 | 1,081.00 | N/A | N/A | 0.00 |
| NOTFILED | Pope County Coop Oil | 7100-000 | 592.00 | N/A | N/A | 0.00 |
| NOTFILED | North Dakota Office of State Tax | 7100-000 | -143.00 | N/A | N/A | 0.00 |
| NOTFILED | Northern Dewatering Inc. | 7100-000 | 1,737.00 | N/A | N/A | 0.00 |
| NOTFILED | MVTV P.O. Box A | 7100-000 | 92.00 | N/A | N/A | 0.00 |
| NOTFILED | Montana State Fund | 7100-000 | 5,421.00 | N/A | N/A | 0.00 |
| NOTFILED | North American State Bank | 7100-000 | unknown | N/A | N/A | 0.00 |
| NOTFILED | MMSA | 7100-000 | 100.00 | N/A | N/A | 0.00 |
| NOTFILED | North American State Bank | 7100-000 | 92,749.00 | N/A | N/A | 0.00 |
| NOTFILED | Maverick | 7100-000 | 0.00 | N/A | N/A | 0.00 |
| NOTFILED | Kandiyohi Co. Auditor/Treasurer | 7100-000 | 4,531.00 | N/A | N/A | 0.00 |
| NOTFILED | Jo Ann Monson | 7100-000 | 1,700,000.00 | N/A | N/A | 0.00 |
| NOTFILED | Kandiyohi County Treasurer | 7100-000 | 23,531.00 | N/A | N/A | 0.00 |
| NOTFILED | Jet Permit | 7100-000 | 1,066.00 | N/A | N/A | 0.00 |
| NOTFILED | Kandiyohi Power Cooperative | 7100-000 | 11,520.00 | N/A | N/A | 0.00 |
| NOTFILED | Jean Price Redwood Co. Aud./Treas. | 7100-000 | 908.00 | N/A | N/A | 0.00 |
| NOTFILED | Independent Testing Technologies Inc. | 7100-000 | 7,339.00 | N/A | N/A | 0.00 |
| NOTFILED | Homes Electric Co. | 7100-000 | 47.00 | N/A | N/A | 0.00 |
| NOTFILED | Interstate Power Systems | 7100-000 | 17,320.00 | N/A | N/A | 0.00 |
| NOTFILED | Kimble Mixer Company, Inc. | 7100-000 | 302.00 | N/A | N/A | 0.00 |
| NOTFILED | Iron Planet Corporation | 7100-000 | 945.00 | N/A | N/A | 0.00 |

| | | | | | | |
|---|---|---|---|---|---|---|
| NOTFILED | Lang's Automotive Center, Inc. | 7100-000 | 13.00 | N/A | N/A | 0.00 |
| NOTFILED | Lake Country Scale Works, Inc. | 7100-000 | 743.00 | N/A | N/A | 0.00 |
| NOTFILED | Marshall Concrete Products Inc. | 7100-000 | 1,189.00 | N/A | N/A | 0.00 |
| NOTFILED | Manders Diesel | 7100-000 | 635.00 | N/A | N/A | 0.00 |
| NOTFILED | Martin Marietta Aggregates | 7100-000 | 31,698.00 | N/A | N/A | 0.00 |
| NOTFILED | Machinery Trader | 7100-000 | 1,785.00 | N/A | N/A | 0.00 |
| NOTFILED | Prax Air | 7100-000 | unknown | N/A | N/A | 0.00 |
| NOTFILED | Lube - Tech Lubrication Technologies, Inc. | 7100-000 | 8,103.00 | N/A | N/A | 0.00 |
| NOTFILED | Leuthner & Huether | 7100-000 | 545.00 | N/A | N/A | 0.00 |
| NOTFILED | Late Bloomers Floral & Gift | 7100-000 | 57.00 | N/A | N/A | 0.00 |
| NOTFILED | Lighthouse Management Group, Inc. | 7100-000 | 52,302.00 | N/A | N/A | 0.00 |
| NOTFILED | McNeilus Truck & Manufacturing Co. | 7100-000 | 8,128.00 | N/A | N/A | 0.00 |
| NOTFILED | Lindquist & Vennum LLP | 7100-000 | 17,828.00 | N/A | N/A | 0.00 |
| NOTFILED | Rock & Dirt | 7100-000 | 774.00 | N/A | N/A | 0.00 |
| NOTFILED | Print Master | 7100-000 | 73.00 | N/A | N/A | 0.00 |
| NOTFILED | Wells Fargo | 7100-000 | 69,742.00 | N/A | N/A | 0.00 |
| NOTFILED | Wells Fargo Equipment Finance | 7100-000 | 16,808.00 | N/A | N/A | 0.00 |
| NOTFILED | Wells Fargo Equipment Finance | 7100-000 | 31,176.00 | N/A | N/A | 0.00 |
| NOTFILED | Vosika Toilet Rental and Sewere Service | 7100-000 | 681.00 | N/A | N/A | 0.00 |
| NOTFILED | Vogel Law Firm | 7100-000 | 690.00 | N/A | N/A | 0.00 |
| NOTFILED | USDA | 7100-000 | 2,064,065.00 | N/A | N/A | 0.00 |
| NOTFILED | Verizon Wireless | 7100-000 | 2,387.00 | N/A | N/A | 0.00 |
| NOTFILED | Verizon Wireless | 7100-000 | 2,834.00 | N/A | N/A | 0.00 |
| NOTFILED | Wells Fargo Equipment Finance | 7100-000 | 38,498.00 | N/A | N/A | 0.00 |
| NOTFILED | Wells Fargo Equipment Finance, Inc. | 7100-000 | 500,000.00 | N/A | N/A | 0.00 |
| NOTFILED | Wells Fargo Equipment Finance | 7100-000 | 18,229.00 | N/A | N/A | 0.00 |
| NOTFILED | Wm. D. Scepaniak, Inc. | 7100-000 | 345,168.00 | N/A | N/A | 0.00 |
| NOTFILED | Zwicker & Associates, P.C. Richard J. Kruger | 7100-000 | unknown | N/A | N/A | 0.00 |
| NOTFILED | Ziegler, Inc. | 7100-000 | 250.00 | N/A | N/A | 0.00 |
| NOTFILED | Wireless World | 7100-000 | 293.00 | N/A | N/A | 0.00 |
| NOTFILED | Wheelco Truck & Trailer Parts | 7100-000 | 2,151.00 | N/A | N/A | 0.00 |
| NOTFILED | West Central Communications | 7100-000 | 381.00 | N/A | N/A | 0.00 |
| NOTFILED | Westmor Industries, LLC | 7100-000 | 1,076.00 | N/A | N/A | 0.00 |
| NOTFILED | Westman Freightliner | 7100-000 | 306.00 | N/A | N/A | 0.00 |

| | | | | | | |
|---|---|---|---|---|---|---|
| NOTFILED | US Yellow | 7100-000 | 1,215.00 | N/A | N/A | 0.00 |
| NOTFILED | Triple Q | 7100-000 | 1,591.00 | N/A | N/A | 0.00 |
| NOTFILED | Twin City Wire | 7100-000 | 1,510.00 | N/A | N/A | 0.00 |
| NOTFILED | HireRight Solutions Inc. | 7100-000 | 559.00 | N/A | N/A | 0.00 |
| NOTFILED | Royal Tire | 7100-000 | 2,496.00 | N/A | N/A | 0.00 |
| NOTFILED | Rodd A. Hamman Calton Hamman & Wolff, P.C. | 7100-000 | unknown | N/A | N/A | 0.00 |
| NOTFILED | Road Milling Incorporated | 7100-000 | 3,700.00 | N/A | N/A | 0.00 |
| NOTFILED | Riverside Towing and Repair | 7100-000 | 12,407.00 | N/A | N/A | 0.00 |
| NOTFILED | Q102 | 7100-000 | 12,306.00 | N/A | N/A | 0.00 |
| NOTFILED | Rihm Kenworth | 7100-000 | -93.00 | N/A | N/A | 0.00 |
| NOTFILED | Rice Memorial Hospital | 7100-000 | 32.00 | N/A | N/A | 0.00 |
| NOTFILED | SageQuest, LLC | 7100-000 | 1,571.00 | N/A | N/A | 0.00 |
| NOTFILED | Sauk Centre Area Chamber of Commerce | 7100-000 | 17.00 | N/A | N/A | 0.00 |
| NOTFILED | Salvation Army | 7100-000 | 1,000.00 | N/A | N/A | 0.00 |
| NOTFILED | TDS Telecom | 7100-000 | 234.00 | N/A | N/A | 0.00 |
| NOTFILED | Tri-State Pump & Control Inc. | 7100-000 | 65.00 | N/A | N/A | 0.00 |
| NOTFILED | Tibbits Engineering | 7100-000 | 600.00 | N/A | N/A | 0.00 |
| NOTFILED | Stearns Electric Association | 7100-000 | 2,465.00 | N/A | N/A | 0.00 |
| NOTFILED | Star Publications | 7100-000 | 1,137.00 | N/A | N/A | 0.00 |
| NOTFILED | Sauk Centre Fleet Supply | 7100-000 | 260.00 | N/A | N/A | 0.00 |
| NOTFILED | Sheridan Electric Co-op., Inc. | 7100-000 | 1,745.00 | N/A | N/A | 0.00 |
| NOTFILED | SBA c/o Minn. Business Fin. Corp. | 7100-000 | unknown | N/A | N/A | 0.00 |
| NOTFILED | Pro Action Safety Sales | 7100-000 | 104.00 | N/A | N/A | 0.00 |
| NOTFILED | General Steel and Supply | 7100-000 | 7,991.00 | N/A | N/A | 0.00 |
| NOTFILED | Hillman Bros., Inc. | 7100-000 | 10.00 | N/A | N/A | 0.00 |
| NOTFILED | ACMC Clinic | 7100-000 | 71.00 | N/A | N/A | 0.00 |
| NOTFILED | 1st International Bank & Trust | 7100-000 | 340,000.00 | N/A | N/A | 0.00 |
| NOTFILED | Affiliated Community Medical Centers | 7100-000 | 1,091.00 | N/A | N/A | 0.00 |
| NOTFILED | Anderson Crane | 7100-000 | 1,241.00 | N/A | N/A | 0.00 |
| NOTFILED | American Engineering Testing, Inc. | 7100-000 | 370.00 | N/A | N/A | 0.00 |
| NOTFILED | Benefits Design Group, Inc. | 7100-000 | 60.00 | N/A | N/A | 0.00 |
| NOTFILED | Bituminous Insurance Companies | 7100-000 | 4,280.00 | N/A | N/A | 0.00 |
| NOTFILED | Bennett Office Technologies | 7100-000 | 4,901.00 | N/A | N/A | 0.00 |
| NOTFILED | Bauer Built Tire | 7100-000 | 950.00 | N/A | N/A | 0.00 |

| | | | | | | |
|---|---|---|---|---|---|---|
| NOTFILED | Auto Value Willmar | 7100-000 | 1,741.00 | N/A | N/A | 0.00 |
| NOTFILED | AP Truck Parts | 7100-000 | 943.00 | N/A | N/A | 0.00 |
| NOTFILED | AUS Minneapolis | 7100-000 | 2,515.00 | N/A | N/A | 0.00 |
| NOTFILED | Arvig | 7100-000 | 98.00 | N/A | N/A | 0.00 |
| NOTFILED | Blomkest Oil | 7100-000 | 592.00 | N/A | N/A | 0.00 |
| NOTFILED | Border States Electric Supply | 7100-000 | 2,046.00 | N/A | N/A | 0.00 |
| NOTFILED | Fastenal | 7100-000 | 726.00 | N/A | N/A | 0.00 |
| NOTFILED | Fed Ex | 7100-000 | 12.00 | N/A | N/A | 0.00 |
| NOTFILED | Fastenal Company | 7100-000 | 11.00 | N/A | N/A | 0.00 |
| NOTFILED | Eric Forsberg | 7100-000 | unknown | N/A | N/A | 0.00 |
| NOTFILED | Edelmann & Associates, Inc. | 7100-000 | 190.00 | N/A | N/A | 0.00 |
| NOTFILED | Dobmeier Trucking LLC | 7100-000 | 10,000.00 | N/A | N/A | 0.00 |
| NOTFILED | Ed's Service Center | 7100-000 | 817.00 | N/A | N/A | 0.00 |
| NOTFILED | Donnerite Alexandria | 7100-000 | 33,861.00 | N/A | N/A | 0.00 |
| NOTFILED | Felling Trailers | 7100-000 | 447.00 | N/A | N/A | 0.00 |
| NOTFILED | FleetPride | 7100-000 | 8,854.00 | N/A | N/A | 0.00 |
| NOTFILED | Ferguson Enterprises, Inc. | 7100-000 | 914.00 | N/A | N/A | 0.00 |
| NOTFILED | Hammer & Steel, Inc. | 7100-000 | 641.00 | N/A | N/A | 0.00 |
| NOTFILED | Hedahls Inc. | 7100-000 | 4.00 | N/A | N/A | 0.00 |
| NOTFILED | Hedahls Inc. | 7100-000 | 3.00 | N/A | N/A | 0.00 |
| NOTFILED | Grey, Plant, Mooty Law Firm | 7100-000 | unknown | N/A | N/A | 0.00 |
| NOTFILED | Gislason & Hunter | 7100-000 | 9,017.00 | N/A | N/A | 0.00 |
| NOTFILED | Freightliner of St. Cloud | 7100-000 | 478.00 | N/A | N/A | 0.00 |
| NOTFILED | Frontier | 7100-000 | 1,767.00 | N/A | N/A | 0.00 |
| NOTFILED | Friedrichs Tire & Oil | 7100-000 | 127.00 | N/A | N/A | 0.00 |
| NOTFILED | Dennis Kittleson Westby, Montana ________ | 7100-000 | unknown | N/A | N/A | 0.00 |
| NOTFILED | CT Corporation | 7100-000 | 365.00 | N/A | N/A | 0.00 |
| NOTFILED | Dan Bruder's Septic Service LLC | 7100-000 | 125.00 | N/A | N/A | 0.00 |
| NOTFILED | Central Minnesota Pediatric Dentists, PA | 7100-000 | 154.00 | N/A | N/A | 0.00 |
| NOTFILED | Chase Credit Card | 7100-000 | 84,209.00 | N/A | N/A | 0.00 |
| NOTFILED | CFI Sales, Inc. | 7100-000 | 1,392.00 | N/A | N/A | 0.00 |
| NOTFILED | Central McGowen Inc. | 7100-000 | 430.00 | N/A | N/A | 0.00 |
| NOTFILED | Central Lakes Cooperative | 7100-000 | 147,514.00 | N/A | N/A | 0.00 |
| NOTFILED | Builders and Contractors Workers' Comp | 7100-000 | -21,164.00 | N/A | N/A | 0.00 |

| | | | | | | |
|---|---|---|---|---|---|---|
| NOTFILED | Central Lakes Coop | 7100-000 | 119,373.00 | N/A | N/A | 0.00 |
| NOTFILED | Cargill, Inc. | 7100-000 | 1,758.00 | N/A | N/A | 0.00 |
| NOTFILED | Christianson & Associates, PLLP | 7100-000 | 111,946.00 | N/A | N/A | 0.00 |
| NOTFILED | Cloudnet | 7100-000 | 124.00 | N/A | N/A | 0.00 |
| NOTFILED | CitiMortgage, Inc. | 7100-000 | 100,660.00 | N/A | N/A | 0.00 |
| NOTFILED | County Materials Corp. | 7100-000 | 5,470.00 | N/A | N/A | 0.00 |
| NOTFILED | Crowley Fleck PLLP Trust Account | 7100-000 | 1,402.00 | N/A | N/A | 0.00 |
| NOTFILED | Crosby Floral and Gifts | 7100-000 | 74.00 | N/A | N/A | 0.00 |
| NOTFILED | Corporate Benefit Administrators, Inc. | 7100-000 | 2,500.00 | N/A | N/A | 0.00 |
| NOTFILED | Contech Construction Products, Inc. | 7100-000 | 172.00 | N/A | N/A | 0.00 |
| NOTFILED | CNA Surety | 7100-000 | 200.00 | N/A | N/A | 0.00 |
| NOTFILED | Con- Way Freight Inc. | 7100-000 | 614.00 | N/A | N/A | 0.00 |
| NOTFILED | Como Law Firm, P.A. | 7100-000 | unknown | N/A | N/A | 0.00 |
| NOTFILED | Heritage Bank Visa Cardmember Service | 7100-000 | 55,000.00 | N/A | N/A | 0.00 |
| **TOTAL GENERAL UNSECURED CLAIMS** | | | $10,600,290.00 | $6,301,485.90 | $6,236,013.37 | $31,911.40 |

Exhibit 8



# Form 1
## Individual Estate Property Record and Report
## Asset Cases

**Case Number:** 14-42151-KHS
**Case Name:** MONSON, CHAD L.
**Period Ending:** 08/23/17

**Trustee:** (430200) J. Richard Stermer
**Filed (f) or Converted (c):** 05/19/14 (f)
**§341(a) Meeting Date:** 07/09/14
**Claims Bar Date:** 10/14/14

| Ref. # | 1<br>Asset Description<br>(Scheduled And Unscheduled (u) Property) | 2<br>Petition/<br>Unscheduled<br>Values | 3<br>Estimated Net Value<br>(Value Determined By Trustee,<br>Less Liens, Exemptions,<br>and Other Costs) | 4<br>Property<br>Abandoned<br>OA=§554(a) | 5<br>Sale/Funds<br>Received by<br>the Estate | 6<br>Asset Fully<br>Administered (FA)/<br>Gross Value of<br>Remaining Assets |
|---|---|---|---|---|---|---|
| 1 | Cash | 20.00 | 0.00 | | 0.00 | FA |
| 2 | Heritage Bank, Willmar, MN Checking HSA | 15.00 | 0.00 | | 0.00 | FA |
| 3 | Bremer Bank, Willmar, MN checking account | 5.00 | 0.00 | | 0.00 | FA |
| 4 | Minnwest Bank, Montevideo, MN checking account | 1.00 | 0.00 | | 0.00 | FA |
| 5 | Household goods and furnishings, usual items, no one item worth more than $575, one computer | 1,000.00 | 0.00 | | 0.00 | FA |
| 6 | Included in #4 - books, pictures, others | 50.00 | 0.00 | | 0.00 | FA |
| 7 | Wearing Apparel, usual items, no one item worth more than $575. | 1,000.00 | 0.00 | | 0.00 | FA |
| 8 | 401(k) | 8,869.00 | 0.00 | | 0.00 | FA |
| 9 | Monson Corporation (in receivership) | 0.00 | 0.00 | | 0.00 | FA |
| 10 | MRK Property, LLC | 0.00 | 0.00 | | 0.00 | FA |
| 11 | Monson Holdings, LLC (in receivership) | 0.00 | 0.00 | | 0.00 | FA |
| 12 | 1502 45th Ave. S.E., Willmar, MN 56201 (u)<br>Homestead - Imported from Amended Doc#: 17 - See Notice of Settlement, Doc #109. | 448,200.00 | 100,000.00 | | 150,000.00 | FA |
| 13 | 2783 45th Ave. S.E., Willmar, MN 56201 (u)<br>33 acres - Legal Description attached to Schedule A. Imported from Amended Doc#: 17 - See Notice of Sale, Doc #71 | 201,000.00 | 75,000.00 | | 160,000.00 | FA |
| 14 | 204 acres, Divide Cty., N.D. (u)<br>Legal Description: See attachment on Schedule A. ID Number: 3- 162-103L 05-06. Imported from Amended Doc#: 17 - See Notice of Settlement Doc # 40 | Unknown | 40,000.00 | | 40,000.00 | FA |
| 15 | 7600 Highway 71 South, Willmar, MN 56201 (u)<br>Legal Description: See attachment to Schedule A Imported from Amended Doc#: 17 | 750,000.00 | 0.00 | | 0.00 | FA |
| 16 | FRAUDULENT TRANSFER (u)<br>Central Lakes Cooperative, Atwater, MN - transfer claim in connection with ADV No. 14-04236. (Notice of Settlement, Doc #62) | 5,000.00 | 5,000.00 | | 5,000.00 | FA |

Exhibit 8

# Form 1



## Individual Estate Property Record and Report
## Asset Cases

**Case Number:** 14-42151-KHS
**Case Name:** MONSON, CHAD L.
**Period Ending:** 08/23/17

**Trustee:** (430200) J. Richard Stermer
**Filed (f) or Converted (c):** 05/19/14 (f)
**§341(a) Meeting Date:** 07/09/14
**Claims Bar Date:** 10/14/14

| Ref. # | 1<br>Asset Description<br>(Scheduled And Unscheduled (u) Property) | 2<br>Petition/<br>Unscheduled<br>Values | 3<br>Estimated Net Value<br>(Value Determined By Trustee,<br>Less Liens, Exemptions,<br>and Other Costs) | 4<br>Property<br>Abandoned<br>OA=§554(a) | 5<br>Sale/Funds<br>Received by<br>the Estate | 6<br>Asset Fully<br>Administered (FA)/<br>Gross Value of<br>Remaining Assets |
|---|---|---|---|---|---|---|
| 17 | RENT - 33 ACRES (u)<br>Payment from Donavon Monson 27 acres $185/acre | 4,995.00 | 4,995.00 | | 4,995.00 | FA |
| 18 | FRAUDULENT TRANSFER (u)<br>Claim against Honda Financial Services re Adv. 15-4078.<br>See Notice of Settlement Doc 99 | 5,262.90 | 5,262.90 | | 5,000.00 | FA |
| 19 | Cash (u)<br>GARY MONSON EXCAVATING - DISCOVERY SANCTIONS $1500 - | 1,500.00 | 1,500.00 | | 1,500.00 | FA |
| 20 | FRAUDULENT TRANSFER (u)<br>SETTLEMENT ON ADV. NO. 14-4233 - STERMER v. GARY L. MONSON, GARY MONSON EXCAVATING LLC, AND GARY MONSON EXCAVATING II, LLC $40,000.00.<br>See Notice of Settlement Doc. #109 | 40,000.00 | 40,000.00 | | 40,000.00 | FA |
| 21 | Cash (u)<br>SETTLEMENT OF ADV NO. 14-4243 STERMER V. JOHN R. JACOBSON, GARY LEE MONSON, CHAD L. MONSON AND DENNIS JACOBSON<br>See Notice of Settlement, Doc #109 | 10,000.00 | 10,000.00 | | 10,000.00 | FA |
| 22 | FRAUDULENT TRANSFER CLAIM (u)<br>Relating to Adv. No. 16-4001<br>Stermer, Trustee v Allen Boecker dba North Central Services<br>See Notice of Settlement, Doc #117. | 4,000.00 | 4,000.00 | | 4,000.00 | FA |
| 23 | FRAUDULENT TRANSFER CLAIM (u)<br>Re Adversary - Stermer v. IronPlanet, Inc. Adv #16-4002<br>See Notice of Settlement, Doc #118 | 10,420.31 | 6,000.00 | | 6,000.00 | FA |
| **23** | **Assets** **Totals** (Excluding unknown values) | **$1,491,338.21** | **$291,757.90** | | **$426,495.00** | **$0.00** |

**Major Activities Affecting Case Closing:**

02/09/17 Bky estate tax return completed and filed.
04/12/16 Work on review of claims and a tax return for the bky estate.
10/15/15 Settlement for $200,000 with Chad Monson - two payments - last due 12/15/15 - includes 4 adversary cases 14-4221 - 14-4233 - 14-4243 - and 15-4058.

Exhibit 8



# Form 1
## Individual Estate Property Record and Report
## Asset Cases

**Case Number:** 14-42151-KHS
**Case Name:** MONSON, CHAD L.
**Period Ending:** 08/23/17

**Trustee:** (430200) J. Richard Stermer
**Filed (f) or Converted (c):** 05/19/14 (f)
**§341(a) Meeting Date:** 07/09/14
**Claims Bar Date:** 10/14/14

| 1<br>Asset Description<br>(Scheduled And Unscheduled (u) Property)<br>Ref. # | 2<br>Petition/<br>Unscheduled<br>Values | 3<br>Estimated Net Value<br>(Value Determined By Trustee,<br>Less Liens, Exemptions,<br>and Other Costs) | 4<br>Property<br>Abandoned<br>OA=§554(a) | 5<br>Sale/Funds<br>Received by<br>the Estate | 6<br>Asset Fully<br>Administered (FA)/<br>Gross Value of<br>Remaining Assets |
|---|---|---|---|---|---|

06/12/15 Will settle adv claim with Honda Financial for $5,000.

02/24/15 Payment of $5000 for fraudulent transfer recd and deposited today

11/07/14 Depos of Chad Monson at Paynesville, MN.

**Initial Projected Date Of Final Report (TFR):** July 9, 2016

**Current Projected Date Of Final Report (TFR):** March 6, 2017 (Actual)

Exhibit 9

# Form 2



## Cash Receipts And Disbursements Record

**Case Number:** 14-42151-KHS
**Case Name:** MONSON, CHAD L.
**Taxpayer ID #:** **-***3231
**Period Ending:** 08/23/17

**Trustee:** J. Richard Stermer (430200)
**Bank Name:** Rabobank, N.A.
**Account:** ******3966 - Checking Account
**Blanket Bond:** $15,662,000.00 (per case limit)
**Separate Bond:** N/A

| 1<br>Trans. Date | 2<br>{Ref #} / Check # | 3<br>Paid To / Received From | 4<br>Description of Transaction | T-Code | 5<br>Receipts $ | 6<br>Disbursements $ | 7<br>Checking Account Balance |
|---|---|---|---|---|---|---|---|
| 01/19/15 | {14} | Farm Credit Services of North Dakota | Settlement of Adversary with Dennis Kittleson ($2,000 to go to Jo Ann Monson to settle her claim in the settlement, See Doc # 55) | 1210-000 | 40,000.00 | | 40,000.00 |
| 01/30/15 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 19.17 | 39,980.83 |
| 02/09/15 | 101 | JO ANN MONSON | Payment to debtor's ex spouse per Notice of Settlement Doc #55 | 4120-000 | | 2,000.00 | 37,980.83 |
| 02/24/15 | {16} | Central Lakes Cooperative | Payment on settlement of preference | 1241-000 | 5,000.00 | | 42,980.83 |
| 02/27/15 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 53.28 | 42,927.55 |
| 03/05/15 | 102 | CLERK OF U. S. BANKRUPTCY COURT | ADV #15-04048 Adversary Complaint filing fee | 2700-000 | | 350.00 | 42,577.55 |
| 03/31/15 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 65.54 | 42,512.01 |
| 04/07/15 | 103 | CLERK OF U. S. BANKRUPTCY COURT | ADV #15-4078 Adversary Complaint filing fee | 2700-000 | | 350.00 | 42,162.01 |
| 04/09/15 | 104 | CLERK OF U. S. BANKRUPTCY COURT | ADV #15-4079 Adversary filing fee | 2700-000 | | 350.00 | 41,812.01 |
| 04/10/15 | {17} | Donavon C. Monson | Rent for 33A - Kandiyohi Farm Land | 1222-000 | 4,995.00 | | 46,807.01 |
| 04/30/15 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 64.69 | 46,742.32 |
| 05/22/15 | 105 | INTERNATIONAL SURETIES, LTD. | BOND PREMIUM PAYMENT ON LEDGER BALANCE AS OF 05/22/2015 FOR CASE #14-42151, Bond # 016018054 to 06/01/16 | 2300-000 | | 40.10 | 46,702.22 |
| 05/29/15 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 64.98 | 46,637.24 |
| 06/30/15 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 71.55 | 46,565.69 |
| 07/23/15 | {18} | American Honda Finance Corp | Payment on fraudulent transfer settlement | 1241-000 | 5,000.00 | | 51,565.69 |
| 07/31/15 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 70.88 | 51,494.81 |
| 08/03/15 | {19} | Gary Monson Excavating, LLC | Payment of discovery sanction in Adversary proceeding | 1241-000 | 500.00 | | 51,994.81 |
| 08/03/15 | {19} | Gary Monson Excavating, LLC | Payment of discovery sanction in Adversary proceeding | 1241-000 | 500.00 | | 52,494.81 |
| 08/06/15 | | Johnston Law Office, P.A. | Estate's share of net sale proceeds (Notice of Sale Doc #71) | | 48,424.49 | | 100,919.30 |
| | {13} | Johnston Law Office, P.A. | Gross sale to Gary J. Zacher 160,000.00 | 1210-000 | | | 100,919.30 |
| | | Patrick Flanders Realty | Real estate commission - Patrick Flanders Realty -16,000.00 | 3510-000 | | | 100,919.30 |
| | | Erik Ahlgren Trustee | Erik Ahlgren for JoAnn Monson BKY Case -89,931.20 | 4120-000 | | | 100,919.30 |
| | | Patrick Flanders Realty | Mileage Expenses - Patrick Flanders Realty -263.00 | 3520-000 | | | 100,919.30 |

Subtotals : $104,419.49 $3,500.19

Exhibit 9

# Form 2

Page: 2

## Cash Receipts And Disbursements Record

**Case Number:** 14-42151-KHS
**Case Name:** MONSON, CHAD L.
**Taxpayer ID #:** **-***3231
**Period Ending:** 08/23/17

**Trustee:** J. Richard Stermer (430200)
**Bank Name:** Rabobank, N.A.
**Account:** ******3966 - Checking Account
**Blanket Bond:** $15,662,000.00 (per case limit)
**Separate Bond:** N/A

| 1<br>Trans. Date | 2<br>{Ref #} / Check # | 3<br>Paid To / Received From | 4<br>Description of Transaction | | T-Code | 5<br>Receipts $ | 6<br>Disbursements $ | 7<br>Checking Account Balance |
|---|---|---|---|---|---|---|---|---|
| | | Johnson Law Office | Attorneys fees to Johnston Law Office re closing | -200.00 | 2500-000 | | | 100,919.30 |
| | | Kandiyohi Abstract & Title | Abstract & Title Services - Kandiyohi | -448.00 | 2500-000 | | | 100,919.30 |
| | | Kandiyohi County Recorder | Recording fees - several documents | -460.00 | 2500-000 | | | 100,919.30 |
| | | Kandiyohi County Treasurer | County Taxes 1/1/2015 to 6/30/2015 | -502.95 | 2820-000 | | | 100,919.30 |
| | | Kandiyohi County Treasurer | Assessments, July 2015 Kandiyohi Cty Treasurer | -79.83 | 2820-000 | | | 100,919.30 |
| | | Kandiyohi Cty Treasurer | Assessments (2013) Kandiyohi Cty Treasurer | -2,109.59 | 2820-000 | | | 100,919.30 |
| | | Kandiyohi County Treasurer | Assessments (2014) Kandiyohi Cty Treasurer | -1,580.94 | 2820-000 | | | 100,919.30 |
| 08/06/15 | {19} | Chad L. Monson | Partial payment for discovery sanctions | | 1241-000 | 400.00 | | 101,319.30 |
| 08/06/15 | {19} | Matthew R. Burton | payment for discovery sanctions from Chad Monson | | 1241-000 | 100.00 | | 101,419.30 |
| 08/31/15 | | Rabobank, N.A. | Bank and Technology Services Fee | | 2600-000 | | 124.40 | 101,294.90 |
| 09/30/15 | | Rabobank, N.A. | Bank and Technology Services Fee | | 2600-000 | | 155.42 | 101,139.48 |
| 10/30/15 | | Rabobank, N.A. | Bank and Technology Services Fee | | 2600-000 | | 145.47 | 100,994.01 |
| 11/05/15 | {12} | Chad Monson | 1st payment on settlement | | 1210-000 | 100,000.00 | | 200,994.01 |
| 11/30/15 | | Rabobank, N.A. | Bank and Technology Services Fee | | 2600-000 | | 245.89 | 200,748.12 |
| 12/17/15 | {20} | Steven & Kathleen Quam | Payment on settlement of adversary | | 1241-000 | 6,000.00 | | 206,748.12 |
| 12/17/15 | {20} | Olson Farms | Payment on settlement of adversary | | 1241-000 | 17,500.00 | | 224,248.12 |
| 12/17/15 | {12} | Gary Monson Excavating LLC | Payment on settlement of adversay | | 1210-000 | 25,000.00 | | 249,248.12 |
| 12/17/15 | | Gary Monson Excavating LLC | Payment on settlement of adversay | | | 51,500.00 | | 300,748.12 |
| | {12} | | Homestead at 1502 - 45th Ave Willmar, MN | 25,000.00 | 1210-000 | | | 300,748.12 |
| | {20} | | fraudulent transfer claim - adv no 14-4233 | 16,500.00 | 1241-000 | | | 300,748.12 |
| | {21} | | fraudulent transfer claim Adv No. 14-4243 | 10,000.00 | 1241-000 | | | 300,748.12 |
| 12/31/15 | | Rabobank, N.A. | Bank and Technology Services Fee | | 2600-000 | | 365.59 | 300,382.53 |
| 01/07/16 | 106 | CLERK OF U. S. BANKRUPTCY COURT | ADV #16-04001 Adversary filing fee - Stermer v. Boecker | | 2700-000 | | 350.00 | 300,032.53 |
| 01/07/16 | 107 | CLERK OF U. S. BANKRUPTCY COURT | ADV #16-04002 Adversary filing fee - Stermer vs. Ironplanet, Inc. | | 2700-000 | | 350.00 | 299,682.53 |

Subtotals : $200,500.00 $1,736.77

{} Asset reference(s)

Exhibit 9

# Form 2



## Cash Receipts And Disbursements Record

**Case Number:** 14-42151-KHS
**Case Name:** MONSON, CHAD L.
**Taxpayer ID #:** **-***3231
**Period Ending:** 08/23/17

**Trustee:** J. Richard Stermer (430200)
**Bank Name:** Rabobank, N.A.
**Account:** ******3966 - Checking Account
**Blanket Bond:** $15,662,000.00 (per case limit)
**Separate Bond:** N/A

| 1<br>Trans. Date | 2<br>{Ref #} / Check # | 3<br>Paid To / Received From | 4<br>Description of Transaction | T-Code | 5<br>Receipts $ | 6<br>Disbursements $ | 7<br>Checking Account Balance |
|---|---|---|---|---|---|---|---|
| 01/27/16 | 108 | LEONARD, O'BRIEN, SPENCER, GALE & SAYRE, LTD | Atty Fees paid per ORDER dtd 1/27/2016 Docket #116 | 3210-000 | | 140,000.00 | 159,682.53 |
| 01/29/16 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 416.01 | 159,266.52 |
| 02/25/16 | {22} | North Central Services | Payment on Settlement of Adversary based on preference/fraudulent transfer.~ | 1241-000 | 4,000.00 | | 163,266.52 |
| 03/01/16 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 247.80 | 163,018.72 |
| 03/16/16 | {23} | IronPlanet, Inc. | Payment in full on settlement of adversary regarding preference | 1241-000 | 6,000.00 | | 169,018.72 |
| 03/31/16 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 261.27 | 168,757.45 |
| 04/29/16 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 234.00 | 168,523.45 |
| 05/26/16 | 109 | INTERNATIONAL SURETIES, LTD. | BOND PREMIUM PAYMENT ON LEDGER BALANCE AS OF 05/25/2016 FOR CASE #14-42151, Bond # 016018054 | 2300-000 | | 56.08 | 168,467.37 |
| 05/31/16 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 233.67 | 168,233.70 |
| 06/30/16 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 265.49 | 167,968.21 |
| 07/27/16 | 110 | Erik Ahlgren, Trustee of JoAnn Monson BKY estate | PaidJoAnn Monson's secured claim per Settlement - Doc #53 and #109 | 4120-000 | | 97,500.00 | 70,468.21 |
| 07/29/16 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 232.90 | 70,235.31 |
| 08/31/16 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 138.79 | 70,096.52 |
| 09/30/16 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 100.54 | 69,995.98 |
| 10/31/16 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 97.05 | 69,898.93 |
| 11/30/16 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 106.95 | 69,791.98 |
| 12/30/16 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 100.11 | 69,691.87 |
| 01/31/17 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 106.90 | 69,584.97 |
| 02/28/17 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 93.41 | 69,491.56 |
| 04/27/17 | 111 | J. Richard Stermer | Dividend paid 100.00% on $24,574.75, Trustee Compensation; Reference: | 2100-000 | | 24,574.75 | 44,916.81 |
| 04/27/17 | 112 | J. Richard Stermer | Dividend paid 100.00% on $924.43, Trustee Expenses; Reference: | 2200-000 | | 924.43 | 43,992.38 |
| 04/27/17 | 113 | LEONARD, O'BRIEN, SPENCER, GALE & SAYRE, LTD | Dividend paid 100.00% on $145,880.00, Attorney for Trustee Fees (Other Firm); Reference: | 3210-000 | | 5,880.00 | 38,112.38 |
| 04/27/17 | 114 | J. RICHARD STERMER | Dividend paid 100.00% on $1,417.50, Attorney for Trustee Fees (Trustee Firm); Reference: | 3110-000 | | 1,417.50 | 36,694.88 |
| 04/27/17 | 115 | J. RICHARD STERMER | Dividend paid 100.00% on $86.80, Attorney for Trustee Expenses (Trustee Firm); Reference: | 3120-000 | | 86.80 | 36,608.08 |
| 04/27/17 | 116 | LEONARD, O'BRIEN, SPENCER, GALE & SAYRE, LTD | Dividend paid 100.00% on $131.68, Attorney for Trustee Expenses (Other Firm); Reference: | 3220-000 | | 131.68 | 36,476.40 |
| | | | Subtotals : | | $10,000.00 | $273,206.13 | |

{} Asset reference(s)

Exhibit 9

# Form 2



## Cash Receipts And Disbursements Record

**Case Number:** 14-42151-KHS
**Case Name:** MONSON, CHAD L.

**Taxpayer ID #:** **-***3231
**Period Ending:** 08/23/17

**Trustee:** J. Richard Stermer (430200)
**Bank Name:** Rabobank, N.A.
**Account:** ******3966 - Checking Account
**Blanket Bond:** $15,662,000.00 (per case limit)
**Separate Bond:** N/A

| 1<br>Trans. Date | 2<br>{Ref #} / Check # | 3<br>Paid To / Received From | 4<br>Description of Transaction | T-Code | 5<br>Receipts $ | 6<br>Disbursements $ | 7<br>Checking Account Balance |
|---|---|---|---|---|---|---|---|
| 04/27/17 | 117 | CONSTANCE J. PAIEMENT | Dividend paid 100.00% on $2,115.00, Accountant for Trustee Fees (Other Firm); Reference: | 3410-000 | | 2,115.00 | 34,361.40 |
| 04/27/17 | 118 | CLERK OF U. S. BANKRUPTCY COURT | Dividend paid 100.00% on $2,450.00, Clerk of the Court Costs (includes adversary and other filing fees); Reference: | 2700-000 | | 2,450.00 | 31,911.40 |
| 04/27/17 | 119 | Trustone Financial | Dividend paid 0.51% on $4,557.70; Claim# 2; Filed: $4,557.70; Reference: 8544 | 7100-000 | | 23.32 | 31,888.08 |
| 04/27/17 | 120 | NORTHWEST COMMUNICATIONS | Dividend paid 0.51% on $1,071.00; Claim# 9; Filed: $1,071.00; Reference: | 7100-000 | | 5.48 | 31,882.60 |
| 04/27/17 | 121 | TRACTOR & EQUIPMENT COMPANY | Dividend paid 0.51% on $23,559.14; Claim# 10; Filed: $23,559.14; Reference: | 7100-000 | | 120.56 | 31,762.04 |
| 04/27/17 | 122 | Jo Ann Monson Bankruptcy Estate | Dividend paid 0.51% on $1,417,174.35; Claim# 19 -2; Filed: $1,417,174.35; Reference: | 7100-000 | | 7,252.07 | 24,509.97 |
| 04/27/17 | 123 | Trustees of the Minnesota Laborers Fringe Benefit | Dividend paid 0.51% on $5,286.61; Claim# 20; Filed: $5,286.61; Reference: | 7100-000 | | 27.05 | 24,482.92 |
| 04/27/17 | 124 | Heritage Bank, National Association | Dividend paid 0.51% on $2,897,155.05; Claim# 23; Filed: $2,897,155.05; Reference: | 7100-000 | | 14,825.54 | 9,657.38 |
| 04/27/17 | 125 | American Express Bank FSB | Dividend paid 0.51% on $12,152.94; Claim# 24; Filed: $12,152.94; Reference: | 7100-000 | | 62.19 | 9,595.19 |
| 04/27/17 | 126 | North American State Bank | Dividend paid 0.51% on $572,014.32; Claim# 26; Filed: $572,014.32; Reference: | 7100-000 | | 2,927.16 | 6,668.03 |
| 04/27/17 | 127 | Komatsu Financial Limited Partnership | Dividend paid 0.51% on $201,993.61; Claim# 28; Filed: $201,993.61; Reference: | 7100-000 | | 1,033.66 | 5,634.37 |
| 04/27/17 | 128 | LUMINART CORP | Dividend paid 0.51% on $1,100,000.00; Claim# 29; Filed: $1,100,000.00; Reference: | 7100-000 | | 5,629.00 | 5.37 |
| 04/27/17 | 129 | U.S. Bankruptcy Court | COMBINED SMALL CHECK | | | 5.37 | 0.00 |
| | | | Dividend paid 0.51% on $322.38; Claim# 3; Filed: $322.38; Reference: 8544 — 1.65 | 7100-000 | | | 0.00 |
| | | | Dividend paid 0.51% on $357.82; Claim# 4; Filed: $357.82 — 1.83 | 7100-000 | | | 0.00 |
| | | | Dividend paid 0.51% on $368.45; Claim# 21; Filed: $368.45 — 1.89 | 7100-000 | | | 0.00 |

Subtotals : $0.00 $36,476.40

Exhibit 9

# Form 2



## Cash Receipts And Disbursements Record

**Case Number:** 14-42151-KHS
**Case Name:** MONSON, CHAD L.

**Taxpayer ID #:** **-***3231
**Period Ending:** 08/23/17

**Trustee:** J. Richard Stermer (430200)
**Bank Name:** Rabobank, N.A.
**Account:** ******3966 - Checking Account
**Blanket Bond:** $15,662,000.00 (per case limit)
**Separate Bond:** N/A

| 1<br>Trans. Date | 2<br>{Ref #} / Check # | 3<br>Paid To / Received From | 4<br>Description of Transaction | T-Code | 5<br>Receipts $ | 6<br>Disbursements $ | 7<br>Checking Account Balance |
|---|---|---|---|---|---|---|---|
| | | | **ACCOUNT TOTALS** | | **314,919.49** | **314,919.49** | **$0.00** |
| | | | Less: Bank Transfers | | 0.00 | 0.00 | |
| | | | **Subtotal** | | **314,919.49** | **314,919.49** | |
| | | | Less: Payments to Debtors | | | 0.00 | |
| | | | **NET Receipts / Disbursements** | | **$314,919.49** | **$314,919.49** | |

| | |
|---|---|
| Net Receipts : | 314,919.49 |
| Plus Gross Adjustments : | 111,575.51 |
| Net Estate : | $426,495.00 |

| **TOTAL - ALL ACCOUNTS** | **Net Receipts** | **Net Disbursements** | **Account Balances** |
|---|---|---|---|
| **Checking # ******3966** | **314,919.49** | **314,919.49** | **0.00** |
| | **$314,919.49** | **$314,919.49** | **$0.00** |

{} Asset reference(s)

# EXHIBIT 7

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

**In re:**

**Chad L. Monson,** **Chapter 7**

**Debtor.** **BK 14-42151**

**APPLICATION BY UNITED STATES TRUSTEE TO REOPEN CHAPTER 7 CASE AND FOR AUTHORITY TO APPOINT A CHAPTER 7 TRUSTEE**

COMES NOW the Acting United States Trustee ("UST") to apply to reopen the above-named chapter 7 case and for authority to appoint a chapter 7 trustee. In support of his application, he states the following:

1. This application is filed pursuant to 11 U.S.C. § 350(b), Fed. R. Bankr. P. 5010, and Local Bankruptcy Rule 5010-1(b). The Acting United States Trustee has standing to bring this application pursuant to 11 U.S.C. § 307 and 28 U.S.C. § 586. This matter is a core proceeding arising under 28 U.S.C. § 157(b)(2)(A). The bankruptcy court has jurisdiction pursuant to 28 U.S.C. § 1334.
2. An application to reopen a bankruptcy case may be ruled upon by the Bankruptcy Court without conducting a hearing. Local Rule 5010-1(c).

CASE 0:21-cv-03632-NEB-EMB Doc. 13-1 Filed 09/06/23 Page 152 of 164

3. This chapter 7 case was filed on May 19, 2014. J. Richard Stermer was appointed as the chapter 7 trustee. The Court closed the case and discharged Mr. Stermer on January 8, 2019.

4. The UST recently received information indicating that the debtor has commenced a lawsuit. The debtor's claim may be property of the bankruptcy estate.

5. It is necessary to reopen this case and reappoint a trustee for the purpose of administering the potential claim.

WHEREFORE, the UST requests that the Court reopen this chapter 7 bankruptcy case and authorize the United States Trustee to appoint a chapter 7 trustee to administer this case.

Dated: December 19, 2022

MARY R. JENSEN
ACTING UNITED
STATES TRUSTEE
Region 12

/e/ Colin Kreuziger
Colin Kreuziger
MN Atty. No. 0386834
Trial Attorney
United States Department of Justice
1015 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 334-1350
Colin.Kreuziger@usdoj.gov

# VERIFICATION

I, Colin Kreuziger, trial attorney for the United States Trustee, named in the foregoing pleading declare under penalty of perjury that the foregoing is true and correct according to the best of my knowledge, information and belief.

Executed on:December 19, 2022

/e/ Colin Kreuziger
Colin Kreuziger
MN Atty. No. 0386834
Trial Attorney
United States Department of Justice
1015 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 334-1350
Colin.Kreuziger@usdoj.gov

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

---

**In re:**

**Chad L. Monson,** **Chapter 7**

**Debtor.** **BK 14-42151**

---

# MEMORANDUM OF LAW

---

## Statutory Authority

The authority under the Bankruptcy Code to reopen a closed bankruptcy case is located at Section 350(b), which provides:

> A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause.

11 U.S.C. § 350(b). Fed. R. Bankr. P. 5010 states that a party in interest may reopen a case by motion:

> A case may be reopened on motion of the debtor or other party in interest pursuant to § 350(b) of the Code. In a chapter 7, 12, or 13 case a trustee shall not be appointed by the United States trustee unless the court determines that a trustee is necessary to protect the interests of creditors and the debtor or to insure efficient administration of the estate.

Fed. R. Bankr. P. 5010. An application to reopen a bankruptcy case may be ruled upon by the Bankruptcy Court without conducting a hearing. Local Rule 5010-1(c).

**Standing of the United States Trustee**

The Court has previously held that when the United States Trustee moves to reopen a case, he is "acting in her official capacity as a representative of the United States and is therefore exempted by the Judicial Conference Schedule of Fees from paying a filing fee." *In re Pomaville*, 183 B.R. 187, 189 (Bankr. D. Minn. 1995). The Court concluded that as a representative of the United States, a United States Trustee is exempted from paying the filing fee required by 28 U.S.C. § 1930 ("No fees are to be charged for services rendered on behalf of the United States"). *Id.* at 188.

The United States Trustee requests that the bankruptcy court reopen this case so that a trustee may be appointed to administer the potential claim referenced in the motion.

Dated: December 19, 2022

MARY R. JENSEN
ACTING UNITED
STATES TRUSTEE
Region 12

/e/ Colin Kreuziger

Colin Kreuziger
MN Atty. No. 0386834
Trial Attorney
United States Department of Justice
1015 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 334-1350
Colin.Kreuziger@usdoj.gov

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

---

**In re:**

| | |
|---|---|
| **Chad L. Monson,** | **Chapter 7** |
| **Debtor.** | **BK 14-42151** |

---

## UNSWORN CERTIFICATE OF SERVICE

---

I, Lilia Serna de Coronado, declare under penalty of perjury that on December 19, 2022, I mailed copies of the foregoing Application to Reopen, Verification, Memorandum of Law, and proposed Order by first class mail postage prepaid to: (1) the debtor at the address on file with the bankruptcy court; (2) the debtor at the updated address for the debtor obtained through a background search; (3) the former chapter 7 trustee. I also filed the foregoing documents with the bankruptcy court, thereby generating electronic service upon all entities registered as CM/ECF users in this case.

**Debtor (Docket Address):**
Chad L. Monson
1502 45th Avenue SE
Willmar, MN 56201

**Debtor (Updated Address):**
Chad L Monson
15186 49th Ave NE
Apartment 1
Atwater MN 56209

**Former chapter 7 trustee**:
J. Richard Stermer
Stermer & Sellner, Chtd.
102 Parkway Drive, PO Box 514
Montevideo, MN 56265

/e/ Lilia Serna de Coronado
**Lilia Serna de Coronado**
**Office of the United States Trustee**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

---

**In re:**

| | |
|---|---|
| **Chad L. Monson,** | **Chapter 7** |
| **Debtor.** | **BK 14-42151** |

---

# ORDER TO REOPEN CASE

---

An application to reopen this case has been filed and appears to show cause for such reopening under Fed. R. Bankr. P. 5010 and 11 U.S.C. § 350(b).

IT IS THEREFORE ORDERED:

1. This case is reopened.
2. The United States Trustee may serve as trustee if authorized, or shall appoint a trustee if appropriate.

Dated:

__________________________________

United States Bankruptcy Judge

# EXHIBIT 8

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re: | Chapter 7

CHAD L. MONSON,
Debtor.

BKY Case: 14-42151 (KAC)

---

**ORDER**

---

The trustee's amended application to approve the employment of Stermer & Sellner, Chartered, as the trustee's attorneys came before the court. Based on the amended application, the recommendation of the United States Trustee and 11 United States Code § 327,

IT IS ORDERED: The employment is approved.

Dated:

*January 12, 2023*

/e/ Katherine A. Constantine
Katherine A. Constantine
Chief Bankruptcy Court Judge

# EXHIBIT 9

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

CHAD L. MONSON,
Debtor.

Chapter 7

BKY Case Number: 14-42151

---

**NOTICE OF WITHDRAWAL OF APPLICATION TO EMPLOY ATTORNEYS**

---

PLEASE TAKE NOTICE THAT due to a connection with a party to pending litigation involving the debtor, Chad L. Monson, J. Richard Stermer has resigned as the case trustee in this re-opened case, and now withdraws the Application to Employ Attorneys, Docket #150 and the Amended Application to Employ, Docket #152 based on this connection.

Dated: January 17, 2023

*/e/ J. Richard Stermer*

J. Richard Stermer, Trustee
P.O. Box 514
Montevideo, MN 56265
(320) 269-6491

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re: Chapter 7

CHAD L. MONSON, BKY Case Number: 14-42151 (KHS)
Debtor.

---

**VERIFIED STATEMENT PURSUANT TO FEDERAL RULE 2014(a)**

---

I, J. Richard Stermer, of Stermer Law Firm, PLLC, the professional named in the application for employment on behalf of the above named bankruptcy estate, declare under penalty of perjury the following:

1. I do not hold or represent any interest adverse to the estate and am disinterested as required by 11 U.S.C. § 327.
2. I do not have any connections to the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the offices of the United States Trustee, except for the following: None, except that J. Richard Stermer is the trustee in this case.

Dated: June 11, 2014.

*/e/ J. Richard Stermer*

J. Richard Stermer
Attorney ID # 216811
P.O. Box 445
Montevideo, MN 56265
(320) 321-1288

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | Chapter 7 |
| CHAD L. MONSON,<br>Debtor. | BKY Case Number: 14-42151 (KHS) |

**ORDER**

The trustee's application to employ Stermer Law Firm, PLLC, as attorneys for the trustee came before the court. Based on the application, the recommendation of the United States Trustee and 11 United States Code § 327,

IT IS ORDERED: The employment is approved.

Dated:

______________________________
Kathleen H. Sanberg
United States Bankruptcy Judge